IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICKS & LEWIS, PLLC,

Plaintiff,

v.

GEORGE CLINTON,

Defendant.

No. 2:12-mc-00076-JPD

The Honorable James P. Donohue

**CLINTON'S MOTION TO STAY PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OR, ALTERNATIVELY, TO DISMISS THIS ACTION AND RELIEVE HIM FROM THE APRIL 30, 2012 ORDER FOR LACK OF SERVICE UNDER RULE 12(B)(4), RULE 12(B)(5), AND/OR RULE 60(B)(1) AS INADVERTENCE OR SURPRISE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 1

ARGUMENT ......................................................................................................... 2

I.     A STAY WILL PROMOTE JUDICIAL ECONOMY BY AVOIDING DUPLICATIVE
       LITIGATION AND INCONSISTENT RULINGS ............................................... 3

II.    THE BALANCE OF HARDSHIPS FAVORS A STAY ...................................... 4

CONCLUSION ....................................................................................................... 6

1

## TABLE OF AUTHORITIES

2

Page(s)

**CASES**

3

4

*Blalock v. Depuy Orthopedics, Inc.*,
   No. C-11-04746-SBA, 2011 WL 6217540 (N.D. Cal. Dec. 14, 2011) ............................ 2, 4

5

*Eggart v. A.L.S. Enterprises, Inc.*,
6      No. CV-09-0107-FVS, 2009 WL 1587904 (E.D. Wash. June 2, 2009) ............................... 3

7

*Emerson v. Lincoln Elec. Holdings, Inc.*,
8      No. 09-6004-CV-SJ-GAF, 2009 WL 690181 (W.D. Mo. Mar. 12, 2009) ....................... 4, 5

9

*Freisthler v. DePuy Orthopaedics, Inc.*,
10      No. CV 11-6580 DSF, 2011 WL 4469532 (C.D. Cal. Sept. 21, 2011) ................................ 5

11

*Fuller v. Amerigas Propane, Inc.*,
      Nos. 09-2493, 09-2616, 2009 WL 2390358 (N.D. Cal. Aug. 3, 2009) ................................ 4

12

*Gonzalez v. Merck & Co., Inc.*,
13      No. CV-07-3034-LRS, 2007 WL 2220286 (E.D. Wash. Aug. 2, 2007) .............................. 3

14

*Good v. Prudential Ins. Co. Am.*,
15      5 F. Supp. 2d 804 (N.D. Cal. 1998) ................................................................................. 2, 3

16

*In re Aetna, Inc.*,
      609 F. Supp. 2d 1370 (J.P.M.L. 2009) ................................................................................. 2

17

*In re First Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*,
18      451 F. Supp. 995 (J.P.M.L. 1978) ........................................................................................ 2

19

*In re Payless ShoeSource, Inc.*,
20      609 F. Supp. 2d 1372 (J.P.M.L. 2009) ................................................................................. 2

21

*Jones v. Deutsche Bank AG*,
22      No. C 04-5357 JW (RS), 2007 WL 951811 (N.D. Cal. Mar. 28, 2007) ............................. 5

23

*Landis v. N. Am. Co.*,
      299 U.S. 248 (1936) .............................................................................................................. 2

24

*Lopez v. Tyson Foods, Inc.*,
25      8:06-CV-459, 2008 WL 4186242 (D. Neb. Sept. 8, 2008) ................................................... 5

26

*Mailblocks, Inc. v. Spam Arrest, LLC*,
27      No. CV-03-0077, 2003 WL 22319080 (W.D. Wash. June 9, 2003) ............................ 4, 5, 6

28

*Mathis v. Bristol-Myers Squib Co.*,
   No. Civ. A. 03-0308, 2003 WL 1193668 (E.D. La. Mar. 12, 2003) ...................................... 5

*In re Okun*,
   609 F. Supp. 2d 1380 (J.P.M.L. 2009) .................................................................................. 2

*In re Food Lion, Inc.*,
   73 F.3d 528, 531-32 (4th Cir. 1996)..................................................................................... 3

*Rivers v. The Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997)................................................................................. 2, 3

*Walker v. Merck & Co., Inc.*,
   No. 05-630, 2005 WL 1565839 (S.D. Ill. June 22, 2005) .................................................. 3, 6

**STATUTES**

28 U.S.C. § 1407......................................................................................................................... 1

1

2          **INTRODUCTION**

3          Defendant George Clinton ("Clinton") respectfully moves this Court to temporarily stay

4  further proceedings in this action pending resolution of Clinton's motion before the Judicial

5  Panel on Multidistrict Litigation (the "Panel") seeking centralization and transfer of this action

6  and six related actions pursuant to 28 U.S.C. § 1407.   As set forth below, courts typically

7  impose stays while motions are pending before the Panel.  Moreover, a stay of proceedings in

8  this case is warranted here because the prejudice to Clinton without a stay, coupled with

9  considerations of judicial economy and the risk of inconsistent rulings, far outweighs the

10 possibility of any minimal prejudice to Plaintiff Hendricks & Lewis, PLLC ("H&L").

11         **BACKGROUND**

12         H&L instituted this action on April 20, 2012[1], requesting an order directing Clinton to

13 appear for a Judgment Debtor Exam.  On April 30, 2012, this Court directed Clinton to appear

14 to answer concerning certain judgments entered against him in *Hendricks & Lewis, PLLC v.*

15 *Clinton*, No. 2:10-cv-00253-JCC (W.D. Wash).

16

17         On May 14, 2012, Clinton petitioned the Panel to centralize and transfer this action

18 coupled with six others that are now pending in four different federal courts around the country.

19 A Notice of the Panel Motion is filed contemporaneously herewith.  Like this action, the other

20 six actions arise out of H&L's efforts to enforce the judgments against Clinton in *Hendricks &*

21 *Lewis, PLLC v. Clinton*, No. 2:10-cv-00253-JCC (W.D. Wash).

22

23         Pursuant to 28 U.S.C. § 1407, the Panel may transfer multiple actions involving "one or

24 more common questions of fact" to a single district for coordinated or consolidated pretrial

25 proceedings when doing so will serve the "convenience of parties and witnesses and will

26

27 _____
[1] I, George Clinton, state that I was not served with, or had notice of these events until May 6, 2012 when papers
28 were delivered to a New York, New York venue where I was performing.  H&L's filing is an initial pleading that
should have been served according to the provisions of Fed. R. Civ. 4.  Even if it was proper to file the motion in
this matter and serve it pursuant to Fed. R. Civ. P. 5, H&L's service was ineffective as I was never personally
served.  Accordingly, this action should be dismissed for improper service.

1

1    promote the just and efficient conduct of such motions."  On prior occasions, where, as here,

2    the issues involved are sufficiently complex and centralization would further judicial economy,

3    the Panel has ordered centralization and transfer even if there are as few as two cases.  *See, e.g.,*

4    *In re First Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F.

5    Supp. 995, 997 (J.P.M.L. 1978) (centralization was "necessary, even though only two actions

6    are involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility

7    of inconsistent pretrial rulings."); *see also In re Okun*, 609 F. Supp. 2d 1380 (J.P.M.L. 2009)

8    (centralizing two actions); *In re Payless ShoeSource, Inc.*, 609 F. Supp. 2d 1372 (J.P.M.L.

9    2009) (same); *In re Aetna, Inc.*, 609 F. Supp. 2d 1370 (J.P.M.L. 2009) (same).

10

11                                          **ARGUMENT**

12           It is axiomatic that an Article III Court may stay litigation as part of its inherent power

13   to "control the disposition of the causes on its docket with economy of time and effort for itself,

14   for counsel and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).    Courts

15   routinely exercise this power pending a decision by the Panel.  *See, e.g. Good v. Prudential*

16   *Ins. Co. Am.,* 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (noting courts "frequently grant stays

17   pending a decision by the" Panel); *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1362

18   (C.D. Cal. 1997) (finding that "a majority of courts have concluded that it is often appropriate"

19   to issue a stay pending a decision from the Panel).

20

21           When considering whether to grant a motion to stay pending a decision from the Panel,

22   courts consider three factors:  (1) judicial economy, *i.e.*, whether judicial resources would be

23   saved by avoiding duplicative litigation and inconsistent rulings; (2) hardship and inequity to

24   the moving party if the action is not stayed; and (3) potential prejudice to the nonmoving party

25   if the case is stayed.  *Rivers*, 980 F. Supp. at 1360; *see also Blalock v. Depuy Orthopedics, Inc.*,

26   No. C-11-04746-SBA, 2011 WL 6217540, at *1 (N.D. Cal. Dec. 14, 2011).    Because

27

28   promoting judicial economy is the principle purpose of the Panel, this factor is particularly

                                              2

important in the stay analysis. *See Good*, 5 F. Supp. 2d at 809. Here, all three factors strongly favor a stay.

## I.   A STAY WILL PROMOTE JUDICIAL ECONOMY BY PREVENTING DUPLICATIVE LITIGATION AND INCONSISTENT RULINGS

Staying this action while Clinton's motion to centralize and transfer is pending will undoubtedly advance the fundamental objective of Section 1407 of conserving judicial resources through the centralization of similar cases pending across different federal judicial districts. *See, e.g., In re Food Lion, Inc.*, 73 F.3d 528, 531-32 (4th Cir. 1996). Allowing an individual action to proceed while the Panel makes a determination on transfer would undermine that objective. *See, e.g., Eggart v. A.L.S. Enterprises, Inc.*, No. CV-09-0107-FVS, 2009 WL 1587904, at *1 (E.D. Wash. June 2, 2009) ("A stay ensures that there is consistent treatment of numerous lawsuits and that judicial resources are not wasted"); *Rivers*, 980 F. Supp. at 1360 (holding that, absent a stay, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge").

By contrast, a short stay here will conserve judicial resources by ensuring that seven similar actions do not proceed separately before seven judges in different federal district courts around the country. *See, e.g., Eggart*, 2009 WL 1587904, at *1 (holding that a stay pending decision by the Panel will "further the policies of judicial economy, efficiency, and consistency"); *Gonzalez v. Merck & Co., Inc.*, No. CV-07-3034-LRS, 2007 WL 2220286, at *2 (E.D. Wash. Aug. 2, 2007) (holding that case is stayed pending a decision from the Panel because of "well settled case law that dictates that a stay should be granted to promote judicial economy"); *Walker v. Merck & Co., Inc.*, No. 05-630, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (granting stay because "it is almost certain that the transferee court will hear and decide many of the same issues Plaintiffs ask this Court to tackle").

1  In addition, granting a stay will avoid the risk of inconsistent rulings on pretrial

2  motions.  *See, e.g.*, *Blalock*, 2011 WL 6217540, at *2 ("A stay is generally granted pending

3  transfer when it would avoid the needless duplication of work and the possibility of

4  inconsistent rulings."); *Mailblocks, Inc. v. Spam Arrest, LLC*, No. CV-03-0077, 2003 WL

5  22319080, at *2 (W.D. Wash. June 9, 2003) ("The interests of consistency and judicial

6  economy favor a stay.").

7

8  As noted above, the core factual issue in this case overlaps with six other pending

9  actions that are subject to Clinton's pending motion before the Panel.  This Court should not be

10  burdened with the duplication of efforts of the eventual transferee court.  Accordingly, a stay

11  will promote judicial economy by avoiding duplicative litigation and inconsistent rulings.

12  **II.    THE BALANCE OF HARDSHIPS ALSO FAVORS A STAY**

13

14  The remaining two factors germane to a stay request also weigh in favor of staying the

15  present action.  If this case were permitted to proceed in this Court pending the Panel's

16  disposition of Clinton's motion, Clinton would be required to litigate the same issues and be

17  subject to the same discovery in this Court as the transferee court. *See, e.g.*, *Blalock*, 2011 WL

18  6217540, at *2 ("[T]he potential burden of engaging in duplicative litigation weighs heavily in

19  favor of staying these proceedings pending MDL transfer); *Fuller v. Amerigas Propane, Inc.*,

20  Nos. 09-2493, 09-2616, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) (finding that stay

21  would not cause any meaningful prejudice to the plaintiff where "both cases for which MDL

22  treatment is sought are in very early procedural stages," but "there is some hardship [on the

23  defendants] associated with the effort required to conduct discovery in multiple cases that may

24  be rendered pointless or redundant by the decision of the MDL panel"); *Emerson v. Lincoln

25  Elec. Holdings, Inc.*, No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1 (W.D. Mo. Mar. 12,

26  2009) ("[T]he potential for duplicative motion practice and discovery proceedings demonstrate

27  that judicial economy and prejudice to the defendants weight heavily in favor of [a] stay.").

28

4

Here, the prejudice to Clinton resulting from not staying this case far outweighs any potential prejudice. Not only would duplicative litigation lead to unnecessary and burdensome costs, it would expose Clinton to potentially inconsistent rulings.

Conversely, H&L would suffer minimal, if any, prejudice form a slight delay in prosecution of its case. *See, e.g.*, *Mailbocks, Inc.*, 2003 WL 22319080, at *3 (holding that "neither party would suffer undue prejudice from a stay" because "[n]one of the pending motions is particularly pressing" and "the delay resulting from the say is unlikely to be unduly lengthy"); *Emerson*, 2009 WL 690181, at *1 ("potential prejudice to Plaintiffs is minimal" where duration of the stay – "until the JPML makes its final determination" – "would be short"); *Lopez v. Tyson Foods, Inc.*, 8:06-CV-459, 2008 WL 4186242, at *2 (D. Neb. Sept. 8, 2008) (granting stay because plaintiffs would not "suffer any prejudice by a brief stay," but defendants, "[i]n contrast," would be prejudiced by "additional discovery or motion practice" that could "create duplicative and potentially inconsistent obligations").

Moreover, the fact that this case has only just begun, and H&L has yet to invest significant time and resources in this proceeding, strongly supports a stay. *See Jones v. Deutsche Bank AG*, No. C 04-5357 JW (RS), 2007 WL 951811, at *1 (N.D. Cal. Mar. 28, 2007) (acknowledging that risk of prejudice to either party as a result of stay in proceedings is low at outset of litigation); *Mathis v. Bristol-Myers Squib Co.*, No. Civ. A. 03-0308, 2003 WL 1193668, at *1 (E.D. La. Mar. 12, 2003) (granting a motion to stay, pending a decision by the Panel, premised on the case having been "newly filed").

Simply stated, the prejudice to Clinton without a stay, coupled with considerations of judicial economy and the risk of inconsistent rulings, far outweighs the possibility of any minimal prejudice to H&L. *See, e.g. Freisthler v. DePuy Orthopaedics, Inc.*, No. CV 11-6580 DSF, 2011 WL 4469532 (C.D. Cal. Sept. 21, 2011) (granting a stay and concluding that "any inconvenience to Plaintiff will be minimal and is outweighed by the greater interest in

5

1  promoting consistency and predictability in the entire litigation should this case be
2  transferred"); *Walker*, 2005 WL 1565839, at *2 ("[W]hile Plaintiffs might be subjected to some
3  delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial
4  economy interests."). For this reason itself, Clinton's motion should be granted. *See*
5
   *Mailblocks, LLC*, 2003 WL 22319080 ("Litigation should be stayed to permit the MDL panel
6
7  to decide a motion to consolidate if the stay would achieve gains in judicial economy and
8  consistency that outweigh the prejudice the parties would suffer from delay.").

9                                  **CONCLUSION**

10        For the foregoing reasons, respectfully requests this Court to temporarily stay further
11  proceedings in this action pending resolution of Clinton's motion before the Panel.

12  Dated:   May 11, 2012                    Respectfully submitted,
13
14                                           GEORGE CLINTON
15                                           By: _____
                                             Appearing *Pro Se*
16
17                                           George Clinton
                                             1300 Hendrix Road
18                                           Tallahassee, Florida 32301-4904
                                             (832) 264-0428
19                                           legal@georgeclinton.com
20
21
22
23
24
25
26
27
28

                                        6

1

2

## CERTIFICATE OF SERVICE

3

        I hereby certify that on May 14, 2012, a copy of the foregoing Clinton's Motion to Stay

4

Proceedings Pending a Decision by the Panel on Multidistrict Litigation or, Alternatively, to

5

Dismiss This Action and Relieve Him from The April 30, 2012 Order for Lack of Service

6

Under Rule 12(b)(4), Rule 12(b)(5), and/or Rule 60(b)(1) as Inadvertence or Surprise was

7

served by regular U.S. mail to the following addresses:

8

Clerk of Court

9

United States District Court for the Western District of Washington

U.S. Courthouse

10

700 Stewart Street, Suite 2310

Seattle, WA  98101

11

12

Katherine Hendricks

Hendricks and Lewis, PLLC

13

901 Fifth Avenue Suite 4100

Seattle, WA 98164

14

Email:  kh@hllaw.com

15

16

                                                    /s/ George Clinton
                                                    George Clinton

17

18

19

20

21

22

23

24

25

26

27

28