1
2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3
4
5
6
7
8
9

HENDRICKS & LEWIS, PLLC,

Plaintiff,

v.

GEORGE CLINTON,

Defendant.

No. 2:12-mc-00076-JPD

The Honorable James P. Donohue

**NOTICE OF FILING OF
DEFENDANT GEORGE
CLINTON'S MOTION FOR
CENTRALIZATION AND
TRANSFER PURSUANT TO 28
U.S.C. 1407**

10
11
12
13
14
15
16

    Defendant George Clinton ("Clinton") gives notice that on May 14, 2012, he filed with

the United States Panel on Multidistrict Litigation a Motion for Centralization and Transfer

Pursuant to 28 U.S.C. 1407.   Copies of Clinton's Motion (Exhibit A), the supporting

Memorandum of Law, Proof of Service (Exhibit C), and Schedule of Actions (with exhibits)

(Exhibit D) are attached.

17
18
19
20

Dated:   May 14, 2012

Respectfully submitted,

GEORGE CLINTON

By: _____

Appearing *Pro Se*

21
22
23

George Clinton
1300 Hendrix Road
Tallahassee, Florida 32301-4904
(832) 264-0428
legal@georgeclinton.com

24
25
26
27
28

1

# EXHIBIT A

BEFORE THE UNITED STATES PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE GEORGE CLINTON JUDGMENT ENFORCEMENT LITIGATION | MDL Docket No. |

**DEFENDANT GEORGE CLINTON'S MOTION FOR CENTRALIZATION AND
TRANSFER PURSUANT TO 28 U.S.C. § 1407**

Defendant George Clinton ("Clinton") respectfully moves this Panel, pursuant to 28 U.S.C. Section 1407 and Rules 6.2 and 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an Order: (1) centralizing the seven judgment enforcement actions instituted against Clinton by Plaintiff Hendricks & Lewis PLLC ("H&L") identified in the contemporaneously filed Schedule of Actions; (2) transferring such actions to the Honorable Otis D. Wright, II of the United States District Court for the Central District of California; and (3) transferring any subsequently filed actions involving common questions of fact ("Tag-Along Actions") to be centralized and transferred in the same manner.

In support of this Motion, Clinton states as follows:

1.      Clinton retained H&L as legal counsel in certain matters between 2005 and 2008.

2.      On March 3, 2009, H&L filed an initial arbitration demand with the American Arbitration Association ("AAA") to recover its unpaid fees and costs from Clinton in connection with the parties' legal services agreement.  On February 4, 2010, the panel issued a Final Award in favor of H&L.

3.       On May 28, 2010, the United States District Court for the Western District of Washington confirmed the Final Award and entered an Amended Judgment in favor of H&L in an amount in excess of $1.6 million (the "Amended Judgment") *Hendricks & Lewis, PLLC v. Clinton*, No. 2:10-cv-00253-JCC, slip op. (W.D. Wash. May 28, 2010), ECF No. 33.

4.      Since then H&L has instituted numerous actions to enforce the Amended Judgment against Clinton, including at least the following pending actions of which Clinton respectfully requests centralization and transfer (collectively, the "Pending Actions"):

      a.      *Hendricks & Lewis, PLLC v. Clinton*, No. 2:10-cv-09921-ODW-PLA (C.D. Cal., filed on August 10, 2010);

  b.  *Hendricks & Lewis, PLLC v. Clinton*, No. 2:10-mc-50923-PDB-MKM (E.D. Mich., filed on August 10, 2010);

  c.  *Hendricks & Lewis, PLLC v. Clinton*, No. 4:10-mc-00055-SPM-CAS (N.D. Fla., filed on August 16, 2010);

  d.  *Hendricks & Lewis, PLLC v. Clinton*, No. 2:11-mc-00027-JLR (W.D. Wash., filed on February 16, 2011);

  e.  *Clinton v. Hendricks & Lewis, PLLC*, No. 2:11-cv-01142-RSL (W.D. Wash., filed on July 7, 2011);

  f.  *Hendricks & Lewis, PLLC v. Clinton*, No. 2:11-mc-00180-MJP (W.D. Wash., filed on November 21, 2011);

  g.  *Hendricks & Lewis, PLLC v. Clinton*, No. 2:12-mc-00076-JPD (W.D. Wash., filed on April 20, 2012); and

  5.  Section 1407 authorizes for centralization and transfer of the actions instituted against Clinton for pretrial purposes when: (1) there are "common questions of fact pending in different districts;" (2) a transfer "will be for the convenience of parties and witnesses;" and (3) a transfer will "promote the just and efficient conduct of such actions." Each of these requirements is met here.

  6.  There are "common questions of fact" between the various Pending Actions in that H&L is attempting to recover its unpaid fees and costs from Clinton in connection with the parties' legal representation agreement through enforcement of the Amended Judgment.

  7.  Centralization and transfer of the Pending Actions will be for the convenience of the parties and witnesses in that discovery will involve substantially identical documents and witnesses given the similarity of the Pending Actions. Further, the Pending Actions are likely to raise similar legal issues during discovery, motion practice, and other proceedings. Without centralization and transfer, the parties will be forced to litigate the same issues and conduct the same discovery repeatedly resulting in a waste of the parties' as well as judicial resources.

8.      Transfer and consolidation of the cases filed against Clinton will promote the just and efficient conduct of the Pending Actions.  It will avoid duplicative discovery, conflicting rulings, and unnecessary use of judicial resources across multiple districts.  Instead, one judge will be able to manage the activities stemming from H&L's enforcement of the Amended Judgment.

9.      Although Clinton acknowledges the Panel's authority to centralize and transfer the Pending Actions to any relevant district court, Clinton respectfully submits that the Honorable Otis D. Wright, II of the United States District Court for the Central District of California is the appropriate transferee court.  Judge Wright has been intimately involved with H&L's judgment enforcement efforts since their inception.

For the reasons stated in this Motion and in the accompanying Memorandum of Law in Support, the centralization and transfer of the seven Pending Actions will promote the just and efficient administration of H&L's enforcement of the Amended Judgment.  Accordingly, Clinton respectfully requests that the Pending Actions listed on the contemporaneously filed Schedule of Actions and any Tag-Along Actions be transferred to the Honorable Otis D. Wright, II of the United States District Court for the Central District of California.

Dated: May 14, 2012                    Respectfully submitted,

                                       GEORGE CLINTON

                                       By:  /s/ Jeffrey P. Thennisch
                                            One of his Attorneys

                                       Jeffrey P. Thennisch (P51499)
                                       DOBRUSIN & THENNISCH PC
                                       29 W. Lawrence Street, Suite 210
                                       Pontiac, Michigan 48342
                                       (248) 292-2920
                                       jeff@patentco.com
                                       *Attorneys for Defendant George Clinton*

# EXHIBIT B

BEFORE THE UNITED STATES PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE GEORGE CLINTON JUDGMENT ENFORCEMENT LITIGATION | MDL Docket No. |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GEORGE CLINTON'S
MOTION FOR CENTRALIZATION AND TRANSFER PURSUANT TO 28 U.S.C. § 1407**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ...................................................................................................... 1

BACKGROUND ........................................................................................................ 2

ARGUMENT ............................................................................................................. 5

I. THE PENDING ACTIONS ARE APPROPRIATE FOR CENTRALIZATION AND TRANSFER PURSUANT TO 28 U.S.C. § 1407 ............................................................ 5

    A. The Pending Actions Involve One or More Common Questions of Fact ............... 5

    B. Centralization and Transfer Will Further the Convenience of the Parties and Witnesses ...................................................................................................... 6

    C. Centralization and Transfer Will Promote the Just and Efficient Conduct of The Pending Actions ............................................................................................. 8

        1. Centralization and Transfer Will Prevent Duplicative Discovery and Conflicting Rulings ................................................................................. 8

        2. The Pending Actions Are Sufficiently Numerous and Complex to Warrant Centralization and Transfer ..................................................................... 9

II. THE HONORABLE OTIS D. WRIGHT, II OF THE CENTRAL DISTRICT OF CALIFORNIA IS THE APPROPRIATE TRANSFEREE COURT ................................ 10

CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Clinton v. Hendricks & Lewis, PLLC*,
No. 2:11-cv-01142-RSL, 2012 WL 1536973, at *1 (W.D. Wash. Apr. 30, 2012)................1

*In Re Chrysler LLC 2.7 Liter V-6 Engine Oil Sludge Prods. Liability Litig.*,
598 F. Supp. 2d 1372 (J.P.M.L. 2009)........................................................................9

*In re Aetna, Inc.*,
609 F. Supp. 2d 1370 (J.P.M.L. 2009)........................................................................9

*In re Air* In re Air West, Inc. Sec. Litig.,
384 F. Supp. 609 (J.P.M.L. 1974)................................................................. 6

*In re Apple iPhone 4 Prods. Liability Litig.*,
746 F. Supp. 2d 1357 (J.P.M.L. 2010)................................................................. 6

*In re "Factor VIII or IX Concentrate Blood Products" Prods. Liability Litig.*,
853 F. Supp. 454 (J.P.M.L. 1993)................................................................. 10

*In re Fleming Cos. Inc. Sec. & Derivative Litig.*,
269 F. Supp. 2d 1374 (J.P.M.L. 2003)................................................................. 8

*In re Food Lion, Inc.*,
73 F.3d 528 (4th Cir. 1996) ................................................................. 5

*In re Guidant Corp. Implantable Defibrillators Prods. Liability Litig.,*
398 F. Supp. 2d 1371 (J.P.M.L. 2005)................................................................. 11

*In re Kugel Mesh Hernia Prods. Liability Litig.*,
493 F. Supp. 2d 1371 (J.P.M.L. 2007)................................................................. 11

*In re MF Global Holdings Ltd. Inv. Litig.*,
MDL No. 2338, ___ F. Supp. 2d. ___, 2012 WL 1415711, at *2 (J.P.M.L. Apr. 23, 2012).... 11

*In re Air Crash Disaster near Collidge, Ariz., on May 6, 1971*,
362 F. Supp. 572 (J.P.M.L. 1973)................................................................. 10

*In re First Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*,
451 F. Supp. 995, 997 (J.P.M.L. 1978)................................................................. 9

*In re Okun*,
609 F. Supp. 2d 1380 (J.P.M.L. 2009)................................................................. 9

*In re Payless ShoeSource, Inc.*,
   609 F. Supp. 2d 1372 (J.P.M.L. 2009) ........................................................................ 9

*In re Regents of Univ. of Cal.*,
   964 F.2d 1128 (Fed. Cir. 1992) ............................................................................... 10

*In re Wheat Farmers Antitrust Class Action Litig.*,
   366 F. Supp. 1087(J.P.M.L. 1973) ......................................................................... 10

*In re Peruvian Road Litg.*,
   380 F. Supp. 796 (J.P.M.L. 1974) ......................................................................... 7, 8

*In re POM Wonderful LLC Mktg. & Sales Practices Litig.*,
   753 F. Supp. 2d 1372 (J.P.M.L. 2010) ..................................................................... 5

*In re Transdata, Inc., Smart Meters Patent Litig.*,
   ___ F. Supp. 2d ___, 2011 WL 6369878 (J.P.M.L. Dec. 13, 2011) .......................... 9

*In re Uranium Indus. Antitrust Litig.*,
   458 F. Supp. 1223 (J.P.M.L. 1978) .......................................................................... 7

*In re Visa/MasterCard Antitrust Litig.*,
   295 F. Supp. 2d 1379 (J.P.M.L. 2003) ..................................................................... 9

*In re Wesson Oil Mktg. & Sales Practices Litig.*,
   818 F. Supp. 2d 1383 (J.P.M.L. 2011) ..................................................................... 5

*In re White Consol. Industries, Inc., Environmental Insurance Coverage Litig.*,
   MDL No. 996, 1994 WL 52568, at *1 (J.P.M.L. Feb. 16, 1994) ............................. 6

*MF Global Holdings Ltd. Investment Litig.*,
   MDL. No. 2338, ___ F. Supp. 2d. ___, 2012 WL 1415711, at *1 (J.P.M.L. Apr. 23, 2012)..... 6

**Statutes**

28 U.S.C. Section 1407 ....................................................................................... 1, 5, 9

**Rules**

Fed. R. Civ. P. 69(a)(1), ............................................................................................ 6

Defendant George Clinton ("Clinton") respectfully submits this Memorandum of Law in Support of Clinton's Motion, pursuant to 28 U.S.C. Section 1407 and Rules 6.2 and 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an Order: (1) centralizing the seven judgment enforcement actions instituted against Clinton by Plaintiff Hendricks & Lewis PLLC ("H&L") identified in the contemporaneously filed Schedule of Actions; (2) transferring such actions to the Honorable Otis D. Wright, II of the United States District Court for the Central District of California; and (3) transferring any subsequently filed actions involving common questions of fact ("Tag-Along Actions") to be centralized and transferred in the same manner.

## **INTRODUCTION**

H&L has instituted seven actions against Clinton across four different federal judicial districts (collectively, the "Pending Actions"). Each of the Pending Actions arises out of H&L's efforts to recover its unpaid legal fees and costs from Clinton through enforcement of a monetary judgment.

Centralization and transfer of the Pending Actions is appropriate under 28 U.S.C. Section 1407. Centralization and transfer will allow multiple actions involving common factual questions to be heard in one court before one judge while avoiding duplicative discovery, repetitive motion practice, and potentially inconsistent rulings. Further, centralization and transfer will be more convenient for the parties and witnesses and will promote the just and efficient adjudication of the Pending Actions. Centralization will also provide a single forum in which future Tag-Along actions may be transferred to streamline subsequent proceedings and promote judicial economy.

The Honorable Otis D. Wright, II of the United States District Court for the Central

District of California is the appropriate transferee court. Judge Wright has been intimately involved with H&L's judgment enforcement efforts since their inception and has already taken steps to streamline the resolution of this matter. Each of the Pending Actions pertains to Clinton arises out of H&L's efforts to recover its unpaid legal fees and costs from Clinton through enforcement of a monetary judgment.

## BACKGROUND

Clinton is a renowned recording artist, composer, and producer. At the age of seventy, Clinton continues to perform both nationally and internationally. H&L is a Washington professional limited liability company based in Seattle, Washington. Clinton retained H&L as legal counsel in certain matters between 2005 and 2008.

On March 3, 2009, H&L filed an initial arbitration demand with the American Arbitration Association ("AAA") to recover its unpaid fees and costs from Clinton in connection with the parties' legal services agreement. On February 4, 2010, the panel issued a Final Award in favor of H&L. Thereafter, on May 28, 2010, the United States District Court for the Western District of Washington confirmed the Final Award and entered an Amended Judgment in favor of H&L in an amount in excess of $1.6 million (the "Amended Judgment"). *Hendricks & Lewis, PLLC v. Clinton*, No. 2:10-cv-00253-JCC (W.D. Wash. May 28, 2010), ECF No. 33. Since then H&L has instituted numerous actions to enforce the Amended Judgment against Clinton, including at least the Pending Actions identified in the contemporaneously filed Schedule of Actions across four different federal judicial districts, namely the United States District Courts for the Central District of California, Eastern District of Michigan, Northern District of Florida, and Western District of Washington.

## The Central District of California Action

On August 10, 2010, H&L registered the Amended Judgment with the United States District Court for the Central District of California (the "California Action"). *Hendricks & Lewis, PLLC v. Clinton*, No. 2:10-cv-09921-ODW-PLA (C.D. Cal. Aug. 10, 2010), ECF No. 1. Thereafter, on December 27, 2010, H&L filed a Motion for Assignment Order, Restraining Order, and Turnover Order pursuant to Federal Rule of Civil Procedure 69 and applicable California state law (the "Turnover Motion"). *Id.*, ECF No. 5 at 20-22. H&L's Turnover Motion requests an order (1) assigning to H&L "rights to payment of royalties due or to become due to" Clinton to the extent necessary to satisfy the Amended Judgment; (2) restraining Clinton from encumbering any such rights to payment; and (3) requiring Clinton to produce documentary evidence of any such rights to payment. *Id.*, ECF No. 5 at 13. On September 27, 2011, the Honorable Otis D. Wright, II denied the Turnover Motion. *Id.*, ECF No. 171. On October 26, 2011, H&L appealed the denial of the Turnover Motion to the Ninth Circuit. *Id.*, ECF No. 193. It has been assigned Appeal No. 11-56892. *Id.*, ECF No. 194. Both the California Action and the appeal of the denial of the Turnover Motion to the Ninth Circuit are still pending.

## The Eastern District of Michigan Action

On August 10, 2010, H&L registered the Amended Judgment with the United States District Court for the Eastern District of Michigan (the "Michigan Action"). *Hendricks & Lewis, PLLC v. Clinton*, No. 2:10-mc-50923-PDB-MKM (E.D. Mich. Aug. 10, 2010), ECF No. 1. The Michigan Action is still pending.

## The Northern District of Florida Action

On August 16, 2010, H&L registered the Amended Judgment with the United States District Court for the Northern District of Florida (the "Florida Action"). *Hendricks & Lewis,*

*PLLC v. Clinton*, No. 4:10-mc-00055-SPM-CAS (N.D. Fla., Aug. 16, 2010), ECF No. 1. Thereafter, on September 24, 2010, H&L filed a Motion for Writ of Garnishment pursuant to Federal Rule of Civil Procedure 64 and applicable Florida state law.  *Id.*, ECF No. 2.  The Florida Action is still pending.  Most recently, on April 2, 2012, the Florida Action was reassigned to Magistrate Judge Charles A. Stampelos. *Id.*, ECF No. 4.

### The Western District of Washington Actions

H&L has instituted at least four actions against Clinton in the Western District of Washington (collectively, the "Washington Actions") that remain pending.

First, on February 16, 2011, H&L filed a Motion for Writ of Garnishment pursuant to applicable Washington state law. *Hendricks & Lewis, PLLC v. Clinton*, No. 2:11-mc-00027-JLR (W.D. Wash. Feb. 16, 2011), ECF No. 1.

Second, on July 7, 2011, Clinton instituted an action against H&L.  *Clinton v. Hendricks & Lewis, PLLC*, No. 2:11-cv-01142-RSL (W.D. Wash. July 7, 2011), ECF No. 1.  On November 21, 2011, H&L asserted counterclaims against Clinton to enforce the Amended Judgment through the assignment and sale of Clinton's copyright interests. *Id.*, ECF No. 33.  The Court has dismissed all of Clinton's claims, leaving only H&L's counterclaims against Clinton for adjudication. *Id.*, ECF No. 49.

Third, on November 21, 2011, H&L applied for a Writ of Execution on Clinton's intangible property pursuant to applicable Washington state law.  *Hendricks & Lewis, PLLC v. Clinton*, No. 2:11-mc-00180-MJP (W.D. Wash.. Nov. 21, 2011), ECF. No. 1.  The court issued the Writ the following day. *Id.*, ECF No. 2.

Finally, and most recently, on April 20, 2012, H&L filed a Motion for Judgment Debtor Exam pursuant to Federal Rule of Civil Procedure 69 and applicable Washington state law.

*Hendricks & Lewis, PLLC v. Clinton*, No. 2:12-mc-00076-JPD (W.D. Wash. Apr. 20, 2012),

ECF No. 1.   The Motion requests an order directing Clinton to testify under oath concerning any

non-exempt property which may be used to satisfy the Amended Judgment.   *Id.*, ECF No. 1 at 1.

On May 1, 2012, the Court granted H&L's Motion.  *Id.*, ECF No. 3.

## ARGUMENT

Cases should be centralized and transferred for pretrial proceedings when:  (1) "common

questions of fact [are] pending in different districts;" (2) consolidation and transfer will serve

"the convenience of parties and witnesses;" and (3) it will "promote the just and efficient

conduct of the cases." 28 U.S.C. § 1407(a).  Each of these requirements is met here.

## I.     THE PENDING ACTIONS ARE APPROPRIATE FOR CENTRALIZATION AND TRANSFER PURSUANT TO 28 U.S.C. § 1407

The fundamental objective of Section 1407 is to conserve judicial resources through the

centralization of similar cases pending across different federal judicial districts.   *See, e.g., In re*

*Food Lion, Inc.*, 73 F.3d 528, 531-32 (4th Cir. 1996).   This purpose would be well-served by

centralization and transfer of the Pending Actions.  Moreover, as exemplified by H&L's recent

filings against Clinton, it is possible that new case filings for this matter are not at an end, further

underscoring the need for centralized management.

### A.     The Pending Actions Involve One or More Common Questions of Fact

Generally, comparable allegations, overlapping parties, or similar claims in at least two

actions are sufficient to satisfy the common factual question requirement of Section 1407.  *See,*

*e.g.*, *In re Wesson Oil Mktg. & Sales Practices Litig.*, 818 F. Supp. 2d 1383, 1383 (J.P.M.L.

2011) (finding centralization appropriate when multiple cases contain "similar allegations"); *In*

*re POM Wonderful LLC Mktg. & Sales Practices Litig.*, 753 F. Supp. 2d 1372, 1372-73

(J.P.M.L. 2010) (holding that multiple actions with the same allegations, overlapping classes,

and "similar claims" supported centralization); *In re Apple iPhone 4 Prods. Liability Litig.*, 746 F. Supp. 2d 1357, 1358 (J.P.M.L. 2010) (determining that centralization requirements were satisfied based on "share[d] allegations" and "similar claims"); *In re White Consol. Industries, Inc., Environmental Insurance Coverage Litig.*, MDL No. 996, 1994 WL 52568, at *1 (J.P.M.L. Feb. 16, 1994) (deciding that two actions should be centralized when such actions "involve[d] the same parties, the same insurance policies, and the same allegations").

In this case, all three of these factors are present. The various Pending Actions have all been instituted against Clinton by H&L stemming from a similar factual core – *i.e.*, H&L's efforts to enforce the Amended Judgment. Indeed, the various Pending Actions are each premised on the same factual allegation that Clinton has failed to satisfy the Amended Judgment. Given the comparable or identical allegations against Clinton, "common factual questions are *presumed*." *In re Air In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974) (holding that when there are "comparable allegations against identical Defendants based upon similar transactions and events, common factual questions are presumed"). Further, the mere presence of disparate legal theories is inapposite when at least two actions still arise from a similar factual core. *Id.*; *see also MF Global Holdings Ltd. Investment Litig.*, MDL. No. 2338, ___ F. Supp. 2d. ___, 2012 WL 1415711, at *1 (J.P.M.L. Apr. 23, 2012) ("Where actions share factual questions, the Panel has long held that the presence of disparate legal theories is no reason to deny transfer").

**B. Centralization and Transfer Will Further the Convenience of the Parties and Witnesses**

The parties and witness will be greatly inconvenienced should the seven Pending Actions proceed separately. For example, under Fed. R. Civ. P. 69(a)(1), a money judgment is enforced by a writ of execution, but the procedure on execution is governed by state law. Here, H&L's

Pending Actions across four separate federal judicial districts in four different states to enforce the Amended Judgment requires Clinton to retain separate legal counsel in each state at great and wholly unnecessary expense to Clinton. Moreover, H&L will likely require depositions of many of the same persons and discovery of the same documents. Without centralization, Clinton and third parties will be subjected to numerous of duplicative discovery demands, and witnesses would face multiple, redundant depositions. Centralization will mitigate these problems by enabling a single judge to manage discovery and minimize witness inconvenience and overall expense.

The savings in time and expense will benefit litigants, affected third parties, and the judiciary itself. *See, e.g.*, *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (centralization would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious."); *In re Peruvian Road Litg.*, 380 F. Supp. 796, 798 (J.P.M.L. 1974) (noting that "the supervision of the discovery and all other pretrial proceedings in this litigation by a single judge will redound to the advantage of both plaintiff and defendants and ensure a just and efficient termination of the pretrial stage, at a considerable savings of judicial time and resources"). Given the similarity of the Pending Actions, it will be decidedly more convenient for the parties and the witnesses to have the Pending Actions centralized in one forum.

C.     **Centralization and Transfer Will Promote the Just and Efficient Conduct of the Pending Actions**

A "transfer of all related actions to a single judge" will: "(1) allow[] pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues; and (2) ensure[] that pretrial proceedings will be conducted in a manner leading ot the just and expeditious resolution of all actions to the overall benefit of the parties." *In re Fleming Cos. Inc. Sec. & Derivative Litig.*, 269 F. Supp. 2d 1374, 1375 (J.P.M.L. 2003).   Here, such a streamlined program promotes the just and efficient conduct of the Pending Actions in several respects.   First, as centralization will prevent duplicative discovery and conflicting pretrial rulings.   Second, both the complexity of the factual issues involved and the possibility of additional substantially identical actions being filed in the near future weight in favor of centralization.

1.     **Centralization and Transfer Will Prevent Duplicative Discovery and Conflicting Rulings**

As discussed, discovery and pretrial motion practice will overlap given the comparable allegations, similar claims, and identical nature of the parties.   H&L is likely to serve similar written discovery to Clinton and third parties regarding non-exempt property that may be utilized to satisfy the Amended Judgment.   H&L is also likely to seek depositions of the same witnesses including individuals that may be thought to be holding Clinton's non-exempt property. Conflicting schedules and conflicting trial court rulings are inevitable and will complicate efforts to bring these cases to a resolution.   Additionally, any of the seven judges assigned to these actions can issue orders and rulings on the same factual and legal issues creating inconsistent decisions.  *See In re Peruvian Road Litig.*, 380 F. Supp. at 798 (transfer necessary to "eliminate the possibility of inconsistent decisions").

The problem of repetitive and uncoordinated discovery and motion practice would be avoided with a coordinated discovery plan and case schedule and centralization of the actions in one district before one judge. *See e.g., In re Transdata, Inc., Smart Meters Patent Litig.*, ___ F. Supp. 2d ___, 2011 WL 6369878, at *1 (J.P.M.L. Dec. 13, 2011) (centralizing actions based on common questions of fact, "overlapping discovery," and ability to avoid "duplication of discovery and pretrial proceedings"); *In re Chrysler LLC 2.7 Liter V-6 Engine Oil Sludge Prods. Liability Litig.*, 598 F. Supp. 2d 1372, 1373 (J.P.M.L. 2009) ("Centralization will enable one judge to streamline proceedings and make consistent rulings on discovery disputes, dispositive motions, and issues relating to experts."). Therefore, centralization and transfer is "necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Visa/MasterCard Antitrust Litig.*, 295 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003).

### 2. The Pending Actions Are Sufficiently Numerous and Complex to Warrant Centralization and Transfer

The Panel has stated that it will not require large numbers of pending cases to grant centralization under Section 1407. Here, the seven Pending Actions here are sufficiently numerous and complex to warrant centralization. On prior occasions, where, as here, the issues involved are sufficiently complex and centralization would prevent the duplication of discovery and pretrial rulings, the Panel has ordered centralization and transfer even if there as few as two cases. *See, e.g., In re First Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (centralization was "necessary, even though only two actions are involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings."); *see also In re Okun*, 609 F. Supp. 2d 1380 (J.P.M.L. 2009) (centralizing two actions); *In re Payless ShoeSource, Inc.*, 609 F. Supp. 2d 1372 (J.P.M.L.

2009) (same); *In re Aetna, Inc.*, 609 F. Supp. 2d 1370 (J.P.M.L. 2009) (same).

Here, the factual intricacy of the Pending Actions is also exacerbated by virtue of the fact that H&L has filed a Notice of Lien in various actions that Clinton has instituted against third parties. *See e.g.*, *Clinton v. Adams*, No. 2:10-cv-09476-ODW-PLA (C.D. Cal. Jan. 4, 2011), ECF No. 9; *Clinton v. Universal Music Group, Inc.*, No. 2:07-cv-00672-PSG-JWJ (C.D. Cal. Sept. 24, 2010), ECF No. 169.

## II. THE HONORABLE OTIS D. WRIGHT, II OF THE CENTRAL DISTRICT OF CALIFORNIA IS THE APPROPRIATE TRANSFEREE COURT

When deciding the appropriate transferee court, the Panel may consider the parties' principal place of business, the location of documents and witnesses, the centrality of the location, the location of the earliest action, and the location of the judge most familiar with the common factual issues. *See, e.g., In re Regents of Univ. of Cal.*, 964 F.2d 1128, 1136 (Fed. Cir. 1992); *In re "Factor VIII or IX Concentrate Blood Products" Prods. Liability Litig.*, 853 F. Supp. 454, 455 (J.P.M.L. 1993); *In re Air Crash Disaster near Collidge, Ariz., on May 6, 1971*, 362 F. Supp. 572, 572-73 (J.P.M.L. 1973); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973). These factors support transferring all of the Pending Actions and any subsequent Tag-Along Actions to the Honorable Otis D. Wright, II of the United States District Court of the Central District of California.

The Central District of California is the logical venue for a centralized action. One of the seven Pending Actions, including the first filed Pending Action, is pending in this district. H&L's Motion for Turnover notes that "most the unpaid fees incurred pertained" to at least "four cases in the Central District of California. *Hendricks & Lewis, PLLC v. Clinton*, No. 2:10-cv-09921-ODW-PLA (C.D. Cal. Dec. 27, 2010), ECF No. 5 at 13. Indeed, in dismissing Clinton's action against H&L based upon the statute of limitations for malpractice claims in California, the

Honorable Robert S. Lasnik noted that "[a]lthough the overall relationship between plaintiff and defendants is centered in Washington, the specific legal work at issue occurred primarily in California...". *Clinton v. Hendricks & Lewis, PLLC*, No. 2:11-cv-01142-RSL, 2012 WL 1536973, at *1 (W.D. Wash. Apr. 30, 2012). To this end, most of the witnesses and documents are likely to be located within the Central District of California because the Amended Judgment H&L seeks to enforce largely stems from actions instituted in the Central District of California. *See In re Kugel Mesh Hernia Prods. Liability Litig.*, 493 F. Supp. 2d 1371, 1371 (J.P.M.L. 2007) (centralizing in the District of Rhode Island because "witnesses and relevant documents will likely be found there"); *In re Guidant Corp. Implantable Defibrillators Prods. Liability Litig.*, 398 F. Supp. 2d 1371, 1372 (J.P.M.L. 2005) ("The District of Minnesota also has a nexus to this docket given the location there of key Guidant facilities involved in the development of the relevant devices."). Therefore, the non-California actions, as well as any future Tag-Along Actions, should be transferred to the Central District of California.

Second, the Honorable Otis D. Wright, II is the appropriate transferee judge. Judge Wright has been intimately involved with H&L's efforts to enforce the Amended Judgment since their inception. Indeed, Judge Wright has held multiple hearings regarding H&L's efforts to enforce the Amended Judgment through its filing of the Motion for Turnover including on January 20, 2011, February 14, 2011, April 4, 2011, June 13, 2011, and August 31, 2011. As the Panel recently noted in centralizing multiple actions before the Honorable Victor Marrero of the Southern District of New York, Judge Wright "is familiar with the merits of this litigation" and "has taken steps to streamline the resolution of this matter." *In re MF Global Holdings Ltd. Inv. Litig.*, MDL No. 2338, ___ F. Supp. 2d. ___, 2012 WL 1415711, at *2 (J.P.M.L. Apr. 23, 2012).

## CONCLUSION

For the foregoing reasons, the centralization and transfer of the seven Pending Actions will promote the just and efficient administration of H&L's enforcement of the Amended Judgment.  Accordingly, Clinton respectfully requests that the Pending Actions listed on the contemporaneously filed Schedule of Actions and any Tag-Along Actions be transferred to the Honorable Otis D. Wright, II of the United States District Court for the Central District of California.

Dated: May 14, 2012          Respectfully submitted,

GEORGE CLINTON

By:  /s/ Jeffrey P. Thennisch       
     One of his Attorneys

Jeffrey P. Thennisch (P51499)
DOBRUSIN & THENNISCH PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan 48342
(248) 292-2920
jeff@patentco.com

*Attorneys for Defendant George Clinton*

# EXHIBIT C

BEFORE THE UNITED STATES PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE GEORGE CLINTON JUDGMENT ENFORCEMENT LITIGATION | MDL Docket No. |

## PROOF OF SERVICE

I hereby certify that on May 14, 2012, a copy of the following documents was served

upon the following persons in the manner indicated.

## Documents Served

1.  Defendant George Clinton's Motion for Centralization and Transfer Pursuant to 28 U.S.C. § 1407;

2.  Memorandum of Law in Support of Defendant George Clinton's Motion for Centralization and Transfer Pursuant to 28 U.S.C. § 1407;

3.  Schedule of Actions (with Exhibits); and

4.  Proof of Service.

## Persons Served by First Class United States Mail

### *United States District Courts*

1.  Clerk of Court
    United States District Court for the Central District of California
    U.S. Courthouse
    312 N. Spring Street, Room G-8
    Los Angeles, California 90012

2.  Clerk of Court
    United States District Court for the Eastern District of Michigan
    Theodore Levin U.S. Courthouse
    231 W. Lafayette Blvd., Room 564
    Detroit, MI 4822

3.  Clerk of Court
    United States District Court for the Northern District of Florida
    U.S. Courthouse
    111 N. Adams Street, Suite 322

Tallahassee, FL 33401-7717

4.      Clerk of Court
        United States District Court for the Western District of Washington
        U.S. Courthouse
        700 Stewart Street, Suite 2310
        Seattle, WA  98101

***Hendricks & Lewis, PLLC v. Clinton***,
**No. 4:10-mc-00055-SPM-CAS (N.D. Fla., filed on August 16, 2010)**

**Garnishee:**  Farmers and Merchants Bank

1.      Farmers and Merchants Bank
        200 E. Washington St.
        Monticello, FL 32344

***Hendricks & Lewis, PLLC v. Clinton***,
**No. 2:11-mc-00027-JLR (W.D. Wash., filed on February 16, 2011)**

**Garnishee:**  Wells Fargo Bank NA

1.      Wells Fargo Bank NA
        Levy Processing
        MAC S3928-021
        PO Box 29779
        Phoenix, Arizona 85038-9779

## **Persons Served Via Electronic Mail**

***Hendricks & Lewis, PLLC v. Clinton***,
**No. 2:10-cv-09921-ODW-PLA (C.D. Cal., filed on August 10, 2010)**

**Intervenor Defendant:**  Allan Law Group, P.C.

1.      Robert J. Allan
        Allan Law Group PC
        22631 Pacific Coast Highway, #388
        Malibu, CA 90265
        Email:  allan@rjallanlaw.com

***All Actions***

**Plaintiff:**  Hendricks & Lewis, PLLC

    1.    Katherine Hendricks
           Hendricks and Lewis, PLLC
           901 Fifth Avenue Suite 4100
           Seattle, WA 98164
           Email:  kh@hllaw.com

Dated: May 14, 2012                Respectfully submitted,

                                       GEORGE CLINTON

                                       By:  /s/ Jeffrey P. Thennisch
                                          One of his Attorneys

                                       Jeffrey P. Thennisch (P51499)
                                       DOBRUSIN & THENNISCH PC
                                       29 W. Lawrence Street, Suite 210
                                       Pontiac, Michigan 48342
                                       (248) 292-2920
                                       jeff@patentco.com

                                       *Attorneys for Defendant George Clinton*

# EXHIBIT D

BEFORE THE UNITED STATES PANEL
ON MULTIDISTRICT LITIGATION

IN RE GEORGE CLINTON JUDGMENT
ENFORCEMENT LITIGATION

MDL Docket No.

## **SCHEDULE OF ACTIONS**

| Exhibit | Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| 1 | *Hendricks & Lewis, PLLC v. Clinton*<br><br>**Plaintiff:** Hendricks & Lewis, PLLC<br><br>**Defendant:** George Clinton<br><br>**Intervenor Defendant:** Allan Law Group, P.C. | C.D. California | 2:10-cv-09921-ODW-PLA | Otis D. Wright, II |
| 2 | *Hendricks & Lewis, PLLC v. Clinton*<br><br>**Plaintiff:** Hendricks & Lewis, PLLC<br><br>**Defendant:** George Clinton | E.D. Michigan | 2:10-mc-50923-PDB-MKM | Paul D. Borman |
| 3 | *Hendricks & Lewis, PLLC v. Clinton*<br><br>**Plaintiff:** Hendricks & Lewis, PLLC<br><br>**Defendant:** George Clinton<br><br>**Garnishee:** Farmers and Merchants Bank | N.D. Florida | 4:10-mc-00055-SPM-CAS | Stephan P. Mickle |
| 4 | *Hendricks & Lewis, PLLC v. Clinton*<br><br>**Plaintiff:** Hendricks & Lewis, PLLC<br><br>**Defendant:** George Clinton<br><br>**Garnishee:** Wells Fargo Bank NA | W.D. Washington | 2:11-mc-00027-JLR | James L. Robart |

| 5 | *Clinton v. Hendricks & Lewis, PLLC*<br><br>**Plaintiff:** George Clinton<br><br>**Defendant:** Hendricks & Lewis, PLLC<br><br>**Counter Claimant:** Hendricks & Lewis, PLLC<br><br>**Counter Defendant:** George Clinton | W.D. Washington | 2:11-cv-01142-RSL | Robert S. Lasnik |
| 6 | **Petitioner:** Hendricks & Lewis, PLLC<br><br>**Respondent:** George Clinton | W.D. Washington | 2:11-mc-00180-MJP | Marsha J. Pechman |
| 7 | *Hendricks & Lewis, PLLC v. Clinton*<br><br>**Plaintiff:** Hendricks & Lewis, PLLC<br><br>**Defendant:** George Clinton | W.D. Washington | 2:12-mc-00076-JPD | James P. Donohue |

2

# EXHIBIT 1

**2:10-cv-09921-ODW -PLA** Hendricks & Lewis PLLC v. George Clinton
Otis D Wright, II, presiding
Paul L. Abrams, referral
**Date filed:** 12/27/2010
**Date of last filing:** 03/22/2012

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed & Entered:* | 08/10/2010 | Certification of Registration of Foreign Judgment (within U.S |
| 2 | *Filed:*<br>*Entered:* | 10/06/2010<br>10/07/2010 | Notice of Deficiency - Writ of Execution (CV-52c) |
| 3 | *Filed:*<br>*Entered:* | 10/26/2010<br>10/28/2010 | Affidavit |
| 4 | *Filed:*<br>*Entered:* | 10/26/2010<br>10/28/2010 | (TERMED) Writ Issued |
| | *Filed & Entered:* | 12/27/2010 | Remark Reopening Miscellaneous Case |
| 5 | *Filed & Entered:*<br>*Terminated:* | 12/27/2010<br>09/27/2011 | Motion for Order |
| 6 | *Filed & Entered:* | 12/27/2010 | Declaration (Motion related) |
| 7 | *Filed & Entered:* | 12/27/2010 | Declaration (Motion related) |
| 8 | *Filed & Entered:* | 12/27/2010 | Declaration (Motion related) |
| 9 | *Filed & Entered:*<br>*Terminated:* | 12/27/2010<br>12/28/2010 | Application to Appear Pro Hac Vice |
| 10 | *Filed & Entered:* | 12/27/2010 | Proof of Service (subsequent documents) |
| 11 | *Filed & Entered:* | 12/28/2010 | Order |
| 12 | *Filed & Entered:* | 12/28/2010 | Order on Application to Appear Pro Hac Vice |
| 13 | *Filed & Entered:*<br>*Terminated:* | 01/04/2011<br>02/25/2011 | Application to Substitute Attorney |
| 14 | *Filed:*<br>*Entered:*<br>*Terminated:* | 01/07/2011<br>01/10/2011<br>01/10/2011 | Ex Parte Application for Temporary Restraining Order |
| 15 | *Filed:*<br>*Entered:* | 01/07/2011<br>01/10/2011 | Declaration (Motion related) |
| 16 | *Filed:*<br>*Entered:* | 01/07/2011<br>01/10/2011 | Notice of Lodging |
| 17 | *Filed & Entered:* | 01/10/2011 | Order on Ex Parte Application for TRO |
| 20 | *Filed:*<br>*Entered:*<br>*Terminated:* | 01/10/2011<br>01/18/2011<br>09/27/2011 | Motion for Preliminary Injunction |
| 18 | *Filed & Entered:* | 01/14/2011 | Proof of Service (subsequent documents) |
| 19 | *Filed & Entered:* | 01/14/2011 | Proof of Service (subsequent documents) |

| 21 | Filed & Entered: 01/19/2011 | Minutes of In Chambers Order/Directive - no proceeding held |
|---|---|---|
| 22 | Filed & Entered: 01/20/2011 | Notice (Other) |
| 23 | Filed & Entered: 01/20/2011 | Proof of Service (subsequent documents) |
| 24 | Filed & Entered: 01/20/2011 | Proof of Service (subsequent documents) |
| 25 | Filed & Entered: 01/20/2011 | Proof of Service (subsequent documents) |
| 26 | Filed & Entered: 01/20/2011 | Notice (Other) |
| 27 | Filed & Entered: 01/20/2011 | Proof of Service (subsequent documents) |
| 28 | Filed & Entered: 01/20/2011 | Affidavit |
| 29 | Filed & Entered: 01/20/2011 | Proof of Service (subsequent documents) |
| 30 | Filed & Entered: 01/21/2011 | Order |
| 31 | Filed & Entered: 01/24/2011 | Objection/Opposition (Motion related) |
| 32 | Filed & Entered: 01/24/2011 | MEMORANDUM in Opposition to Motion |
| 33 | Filed & Entered: 01/31/2011 | Reply (Motion related) |
| 34 | Filed & Entered: 01/31/2011 | Reply (Motion related) |
| 35 | Filed & Entered: 02/01/2011 | Proof of Service (subsequent documents) |
| 36 | Filed & Entered: 02/03/2011 | Errata |
| 37 | Filed & Entered: 02/08/2011 Terminated: 02/15/2011 | Motion to Withdraw |
| 38 | Filed & Entered: 02/09/2011 | Notice of Deficiency in Electronically Filed Documents (G-112) |
| 39 | Filed & Entered: 02/09/2011 | Notice of Clerical Error (G-11) |
| 40 | Filed & Entered: 02/09/2011 | Objection/Opposition (Motion related) |
| 42 | Filed: 02/10/2011 Entered: 02/15/2011 Terminated: 02/11/2011 | Ex Parte Application to Intervene |
| 43 | Filed: 02/10/2011 Entered: 02/15/2011 | Declaration (Motion related) |
| 44 | Filed: 02/10/2011 Entered: 02/15/2011 | Notice of Lodging |
| 45 | Filed: 02/10/2011 Entered: 02/15/2011 | Order on Ex Parte Application to Intervene |
| 41 | Filed: 02/11/2011 Entered: 02/15/2011 | Notice of Document Discrepancies - Granting |
| 47 | Filed: 02/14/2011 Entered: 02/24/2011 | Status Conference |
| 46 | Filed & Entered: 02/15/2011 | Order on Motion to Withdraw |
| 48 | Filed & Entered: 03/08/2011 | Minutes of In Chambers Order/Directive - no proceeding held |
| 49 | Filed & Entered: 03/14/2011 Terminated: 04/04/2011 | Motion to Quash |
| 50 | Filed: 03/18/2011 Entered: 03/21/2011 | Request to Substitute Attorney (G-01) |

| | | | |
|---|---|---|---|
| | *Terminated:* | 03/22/2011 | |
| [56](#) | *Filed:*<br>*Entered:*<br>*Terminated:* | 03/18/2011<br>03/23/2011<br>04/04/2011 | Motion to Quash |
| [55](#) | *Filed:*<br>*Entered:* | 03/21/2011<br>03/23/2011 | Notice of Document Discrepancies - Granting |
| [51](#) | *Filed & Entered:* | 03/22/2011 | Declaration (non-motion) |
| [52](#) | *Filed & Entered:* | 03/22/2011 | Order on Request to Substitute Attorney |
| [53](#) | *Filed & Entered:* | 03/22/2011 | Order |
| [54](#) | *Filed & Entered:* | 03/22/2011 | Minutes of In Chambers Order/Directive - no proceeding held |
| [57](#) | *Filed & Entered:* | 03/28/2011 | Objection/Opposition (Motion related) |
| [58](#) | *Filed:*<br>*Entered:* | 03/28/2011<br>03/29/2011 | MEMORANDUM in Opposition to Motion |
| [59](#) | *Filed & Entered:* | 03/29/2011 | Minutes of In Chambers Order/Directive - no proceeding held |
| [60](#) | *Filed & Entered:* | 04/01/2011 | Supplement(Motion related) |
| [61](#) | *Filed & Entered:*<br>*Terminated:* | 04/01/2011<br>04/04/2011 | Motion to Quash |
| [62](#) | *Filed:*<br>*Entered:* | 04/04/2011<br>04/07/2011 | Order on Motion to Quash |
| [63](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | USM-285 Service of non-complaint documents - Executed |
| [64](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | Proof of Service (subsequent documents) |
| [65](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | USM-285 Service of non-complaint documents - Executed |
| [66](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | USM-285 Service of non-complaint documents - Executed |
| [67](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | USM-285 Service of non-complaint documents - Executed |
| [68](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | USM-285 Service of non-complaint documents - Executed |
| [69](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | Proof of Service (subsequent documents) |
| [70](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | Proof of Service (subsequent documents) |
| [71](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | Proof of Service (subsequent documents) |
| [72](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | Proof of Service (subsequent documents) |
| [73](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | USM-285 Service of non-complaint documents - Executed |
| [74](#) | *Filed:* | 04/15/2011 | Proof of Service (subsequent documents) |

| | | | |
|---|---|---|---|
| | *Entered:* | 04/18/2011 | |
| [75](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| [76](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| [77](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [78](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| [79](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [80](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| [81](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| [82](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [83](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [84](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| [85](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [86](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| [87](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [88](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [89](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [90](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [91](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [92](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [93](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [94](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |
| [95](#) | *Filed:*<br>*Entered:* | 04/15/2011<br>04/18/2011 | 🌐 Proof of Service (subsequent documents) |

| 96 | *Filed:*   04/15/2011<br>*Entered:*   04/18/2011 | Proof of Service (subsequent documents) |
|---|---|---|
| 97 | *Filed:*   04/15/2011<br>*Entered:*   04/18/2011 | Proof of Service (subsequent documents) |
| 98 | *Filed:*   04/15/2011<br>*Entered:*   04/18/2011 | Proof of Service (subsequent documents) |
| 99 | *Filed:*   04/15/2011<br>*Entered:*   04/18/2011 | Proof of Service (subsequent documents) |
| 100 | *Filed:*   04/15/2011<br>*Entered:*   04/19/2011 | Proof of Service (subsequent documents) |
| 101 | *Filed:*   04/27/2011<br>*Entered:*   04/28/2011<br>*Terminated:*   04/28/2011 | Application to Appear Pro Hac Vice |
| 102 | *Filed & Entered:*   04/28/2011 | Order on Application to Appear Pro Hac Vice |
| 103 | *Filed & Entered:*   05/09/2011 | Transcript (CV) |
| 104 | *Filed & Entered:*   05/09/2011 | Notice of Filing Transcript (G-46) |
| 105 | *Filed & Entered:*   06/09/2011 | Notice of Manual Filing (G-92) |
| 106 | *Filed & Entered:*   06/10/2011 | Supplement (non-motion) |
| 107 | *Filed & Entered:*   06/13/2011 | Objections - non-motion |
| 108 | *Filed & Entered:*   06/13/2011 | Notice of Deficiency in Electronically Filed Documents (G-112) |
| 109 | *Filed:*   06/13/2011<br>*Entered:*   06/14/2011 | Telephone Conference |
| 110 | *Filed & Entered:*   06/14/2011<br>*Terminated:*   06/14/2011 | Ex Parte Application for Order |
| 111 | *Filed & Entered:*   06/14/2011 | Order on Ex Parte Application for Order |
| 112 | *Filed:*   06/14/2011<br>*Entered:*   06/17/2011 | Miscellaneous Document |
| 113 | *Filed:*   07/19/2011<br>*Entered:*   07/20/2011 | Notice of Deficiency - Writ of Execution (CV-52c) |
| 114 | *Filed & Entered:*   08/18/2011 | Notice of Deficiency - Writ of Execution (CV-52c) |
| | *Filed:*   08/23/2011<br>*Entered:*   08/24/2011 | (TERMED) Writ Issued |
| 115 | *Filed:*   08/23/2011<br>*Entered:*   08/24/2011 | Affidavit |
| 120 | *Filed:*   08/25/2011<br>*Entered:*   09/16/2011 | USM-285 Service of non-complaint documents - Uneecuted |
| 116 | *Filed & Entered:*   08/26/2011 | Notice of Manual Filing (G-92) |
| 117 | *Filed & Entered:*   08/26/2011 | Notice of Manual Filing (G-92) |
| 118 | *Filed & Entered:*   08/29/2011 | Response in Opposition to Motion |
| 119 | *Filed:*   08/31/2011<br>*Entered:*   09/01/2011 | Status Conference |

| 121 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Uneecuted |
|-----|---------------------|----------------------|-----------------------------------------------------------|
| 122 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Uneecuted |
| 123 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 124 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 125 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 126 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 127 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 128 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 129 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 130 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 131 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 132 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 Proof of Service (subsequent documents) |
| 133 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 Proof of Service (subsequent documents) |
| 134 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 Proof of Service (subsequent documents) |
| 135 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 Proof of Service (subsequent documents) |
| 136 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 Proof of Service (subsequent documents) |
| 137 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Uneecuted |
| 138 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 USM-285 Service of non-complaint documents - Executed |
| 139 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 Proof of Service (subsequent documents) |
| 140 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 Proof of Service (subsequent documents) |
| 141 | *Filed:* *Entered:* | 09/16/2011 09/19/2011 | 🌐 Proof of Service (subsequent documents) |
| 142 | *Filed:* | 09/16/2011 | 🌐 Proof of Service (subsequent documents) |

| | | | |
|---|---|---|---|
| | *Entered:* | 09/19/2011 | |
| [143](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | Proof of Service (subsequent documents) |
| [144](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | Proof of Service (subsequent documents) |
| [145](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | Proof of Service (subsequent documents) |
| [146](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | Proof of Service (subsequent documents) |
| [147](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | Proof of Service (subsequent documents) |
| [148](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | Proof of Service (subsequent documents) |
| [149](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | Proof of Service (subsequent documents) |
| [150](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | Proof of Service (subsequent documents) |
| [151](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | USM-285 Service of non-complaint documents - Executed |
| [152](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | USM-285 Service of non-complaint documents - Executed |
| [153](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | USM-285 Service of non-complaint documents - Executed |
| [154](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | USM-285 Service of non-complaint documents - Executed |
| [155](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | USM-285 Service of non-complaint documents - Executed |
| [156](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | USM-285 Service of non-complaint documents - Executed |
| [157](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | USM-285 Service of non-complaint documents - Executed |
| [158](#) | *Filed:*<br>*Entered:* | 09/16/2011<br>09/19/2011 | USM-285 Service of non-complaint documents - Executed |
| [159](#) | *Filed:*<br>*Entered:* | 09/26/2011<br>09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| [160](#) | *Filed:*<br>*Entered:* | 09/26/2011<br>09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| [161](#) | *Filed:*<br>*Entered:* | 09/26/2011<br>09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| [162](#) | *Filed:*<br>*Entered:* | 09/26/2011<br>09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| [163](#) | *Filed:*<br>*Entered:* | 09/26/2011<br>09/27/2011 | USM-285 Service of non-complaint documents - Executed |

| 164 | *Filed:* 09/26/2011<br>*Entered:* 09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| 165 | *Filed:* 09/26/2011<br>*Entered:* 09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| 167 | *Filed:* 09/26/2011<br>*Entered:* 09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| 168 | *Filed:* 09/26/2011<br>*Entered:* 09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| 169 | *Filed:* 09/26/2011<br>*Entered:* 09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| 166 | *Filed & Entered:* 09/27/2011 | USM-285 Service of non-complaint documents - Executed |
| 170 | *Filed & Entered:* 09/27/2011 | Order on Motion for Preliminary Injunction |
| 171 | *Filed & Entered:* 09/27/2011 | Order on Motion for Order |
| 172 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 173 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 174 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 175 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 176 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 177 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 178 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 179 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 180 | *Filed & Entered:* 10/11/2011 | Request for Hearing |
| 181 | *Filed & Entered:* 10/13/2011 | Notice of Manual Filing (G-92) |
| 196 | *Filed:* 10/13/2011<br>*Entered:* 11/01/2011<br>*Terminated:* 10/17/2011 | Ex Parte Application for Order |
| 201 | *Filed:* 10/13/2011<br>*Entered:* 11/23/2011 | Motion for Order |
| 182 | *Filed & Entered:* 10/14/2011 | Minutes of In Chambers Order/Directive - no proceeding held |
| 184 | *Filed:* 10/17/2011<br>*Entered:* 10/20/2011 | Order |
| 183 | *Filed & Entered:* 10/19/2011 | Minutes of In Chambers Order/Directive - no proceeding held |
| 185 | *Filed:* 10/20/2011<br>*Entered:* 10/21/2011 | USM-285 Service of non-complaint documents - Executed |
| 186 | *Filed:* 10/20/2011<br>*Entered:* 10/21/2011 | USM-285 Service of non-complaint documents - Executed |
| 187 | *Filed:* 10/20/2011<br>*Entered:* 10/21/2011 | USM-285 Service of non-complaint documents - Executed |
| 188 | *Filed:* 10/20/2011<br>*Entered:* 10/21/2011 | USM-285 Service of non-complaint documents - Executed |
| 189 | *Filed:* 10/20/2011 | USM-285 Service of non-complaint documents - Executed |

| | Entered: | 10/21/2011 | |
|---|---|---|---|
| [190](#) | Filed:<br>Entered: | 10/20/2011<br>10/21/2011 | USM-285 Service of non-complaint documents - Executed |
| [191](#) | Filed:<br>Entered: | 10/20/2011<br>10/21/2011 | USM-285 Service of non-complaint documents - Executed |
| [192](#) | Filed:<br>Entered: | 10/20/2011<br>10/21/2011 | USM-285 Service of non-complaint documents - Executed |
| [193](#) | Filed & Entered: | 10/26/2011 | Notice of Appeal to 9th Circuit Court of Appeals |
| [194](#) | Filed & Entered: | 10/27/2011 | 9th CCA Assigned Case Number Notice |
| [195](#) | Filed & Entered: | 10/31/2011 | Memorandum of Points and Authorities in Opposition (non-motion) |
| [197](#) | Filed & Entered: | 11/03/2011 | Minutes of In Chambers Order/Directive - no proceeding held |
| [198](#) | Filed & Entered: | 11/07/2011 | Reply (Motion related) |
| [199](#) | Filed & Entered: | 11/07/2011 | Notice of Manual Filing (G-92) |
| [202](#) | Filed:<br>Entered: | 11/07/2011<br>11/23/2011 | Declaration (non-motion) |
| [200](#) | Filed & Entered: | 11/21/2011 | Transcript Designation and Order Form to the 9th CCA (A-9) |
| [204](#) | Filed:<br>Entered: | 03/14/2012<br>03/16/2012 | USCA Order |
| [203](#) | Filed & Entered: | 03/15/2012 | Transcript Order Form (AO-435) |
| [205](#) | Filed & Entered: | 03/22/2012 | Transcript (CV) |
| [206](#) | Filed & Entered: | 03/22/2012 | Transcript (CV) |
| [207](#) | Filed & Entered: | 03/22/2012 | Transcript (CV) |
| [208](#) | Filed & Entered: | 03/22/2012 | Transcript (CV) |
| [209](#) | Filed & Entered: | 03/22/2012 | Notice of Filing Transcript (G-46) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/11/2012 13:37:38 | | | |
| **PACER Login:** | dt0766 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:10-cv-09921-ODW -PLA |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# United States District Court
## WESTERN DISTRICT OF WASHINGTON

BY
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CA
LOS ANGELES

2010 AUG 10 AM 10:

FILED

Hendricks & Lewis PLLC,
a Washington professional limited
liability company

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

        V.

George Clinton, an individual

Case Number: 2:10-mc-309 ~~CV10-0253-JCC~~

    I, BRUCE RIFKIN, Clerk of this United States District Court certify that the attached amended judgment is a true and correct copy of the original amended judgment entered in this action on May 28, 2010, as it appears in the records of this court, and that no notice of appeal from this judgment has been filed, and no motion of any kind listed in the Rule 4(a) of the Federal Rules of Appellate Procedure has been filed..

    IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on August 3, 2010.

                         BRUCE RIFKIN
*Clerk*

                         *C. Ledesma*
*C. Ledesma, Deputy Clerk*

```
2/10/2012 11:05:14 AM  Receipt #: 171001
          Cashier : Michol S. C. 11
Paid for GUSTAVSON FHL RREG
D: 494:0:460
2010-000000     Filming Misc. Case(1)
A: c: f 1                            $40.00
B: c: f 1
2010-010000    Judicial Services '9429(1)
A:f:f 1                              $25.00
Check Payment : 7236 /              $20.00
Total Tender :                       $0.00
```

1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE
                                    2:10-mc-309
9    HENDRICKS & LEWIS PLLC, a Washington        Case No. ~~C10-0253-JCC~~
     professional limited liability company,
10
                                                 AMENDED JUDGMENT
11                    Petitioner,

12        vs.

13   GEORGE CLINTON, an individual,

14                    Respondent.

15

16        The Final Award dated February 4, 2010, issued in the matter of *Hendricks & Lewis,*

17   *PLLC and George Clinton*, Case Number 75-194-Y-000102-09, before the American Arbitration

18   Association, having been confirmed by Order of this Court on May 27, 2010, IT IS ADJUDGED

19   that Petitioner Hendricks & Lewis, PLLC is awarded JUDGMENT in its favor as follows:

20        1.    Final Judgment in favor of Hendricks & Lewis, PLLC and against Respondent

21   George Clinton in the amount of $1,675,639.82.

22        2.    The amount awarded by this Judgment shall accrue post-judgment interest at .38

23   percent, as provided in 28 U.S.C. § 1961, from the date of entry of this Judgment.

24        3.    Petitioner Hendricks & Lewis, PLLC is awarded taxable costs against Respondent

25   George Clinton.

26   //

27

28

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By *Consuelo O. Ledesma*
                    Deputy Clerk

JUDGMENT -- 1
{89915.DOC}

1    4.    The Clerk shall enter Final Judgment in favor of Hendricks & Lewis, PLLC in

2  accordance herewith.

3    DATED this 28th day of May, 2010.

4

5

6

7

8    John C. Coughenour
     UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT -- 2
{89915.DOC}



COPY

1  KATHERINE HENDRICKS (Pro Hac Vice Pending)
   kh@hllaw.com
2  HENDRICKS & LEWIS PLLC
   901 Fifth Avenue, Suite 4100
3  Seattle, Washington 98164
   Telephone (206) 624-1933
4  Facsimile (206) 583-2716
5
6  DAVIS WRIGHT TREMAINE LLP
   865 S. Figueroa St., Suite 2400
7  Los Angeles, California 90017-2566
8  Telephone (213) 633-6800
   Facsimile (213) 633-6899
9
10 Mary H. Haas (State Bar No. 149770)
   maryhaas@dwt.com
11
12 Attorneys for Plaintiff
   HENDRICKS & LEWIS PLLC
13

14            UNITED STATES DISTRICT COURT

15          CENTRAL DISTRICT OF CALIFORNIA

16                 CV10-09921 ODW(PLAx)

17 HENDRICKS & LEWIS PLLC, a       ) Case No. 2:10-MC-00309
   Washington professional limited )
18 liability company,              ) NOTICE OF MOTION AND
                                    ) MOTION FOR ASSIGNMENT
19            Plaintiff,           ) ORDER, RESTRAINING ORDER,
                                    ) AND TURNOVER ORDER
20      vs.                        )
                                    ) MEMORANDUM OF POINTS AND
21 GEORGE CLINTON, an individual,  ) AUTHORITIES IN SUPPORT AND
                                    ) EXHIBITS A AND B THERETO
22            Defendant.           )
                                    )
23                                  )
                                    )
24                                  ) Date:
                                    ) Time:
25                                  )
                                    )
26 _____     ) Action Filed: August 10, 2010
27
28

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

TO:    DEFENDANT AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on _____ ____, 2010, at _____ a.m., in Courtroom _____, before the Honorable _____, Judge of the United States District Court, at the courthouse located at _____, Plaintiff Hendricks & Lewis PLLC, a Washington professional limited liability company, will and does hereby move this Court for the following relief:

1.    For an order pursuant to California Code of Civil Procedure Section 708.510 assigning to Plaintiff Hendricks & Lewis PLLC to the extent necessary to satisfy Plaintiff's judgment against Defendant George Clinton (including accrued interest through the date of payment), Defendant's interest in all accounts, accounts receivable, rights to payment of royalties, rights to payment of money, contingent rights, contract rights, deposits and deposit accounts, and monies due in favor of and for the benefit of Defendant, an individual, and any business entity owned by Defendant, or any of Defendant's partners, assignees, and other persons or entities acting on his behalf, hereinafter collectively referred to as "Defendant," from the following third parties:

      a.    UNIVERSAL MUSIC GROUP, INC.; UNIVERSAL MUSIC GROUP; and UMG RECORDINGS, INC.

          i.    10 Universal City Plaza, Universal City, California 91608;

          ii.   Royalty Department, 3I – Island Mercury, P.O. Box 3982, North Hollywood, California 91609;

          iii.  2220 Colorado Avenue, Santa Monica, California 90404;

          iv.   1755 Broadway, New York, New York 10019;

          v.    825 Eighth Avenue, New York, New York 10019; and

          vi.   P.O. Box 560519, Charlotte, NC 28256-0519

      b.    CAPITOL RECORDS; CAPITOL RECORDS GROUP; CAPITOL RECORDS, INC.; CAPITOL RECORDS, LLC; and

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

CAPITOL RECORDS NORTH AMERICA

    i.  1750 North Vine Street, Hollywood, California 90028

c.  EMI MUSIC; EMI MUSIC NORTH AMERICA; EMI – STONE DIAMOND MUSIC CORPORATION; EMI MUSIC PUBLISHING; EMI LONGITUDE MUSIC; and EMI GROUP LIMITED

    i.  810 Seventh Avenue, New York, New York 10019;

    ii.  Legal Department, 150 Fifth Avenue, New York, New York 10011;

    iii.  Royalty Services, Harborside Financial Center, Plaza 10, 3 Second Street, 9th Floor, Jersey City, New Jersey 07311;

    iv.  75 Ninth Avenue, 4th Floor, New York, New York 10011; and

    v.  810 Seventh Avenue, 36th, Floor, New York, New York 10019

d.  BMI – BROADCAST MUSIC, INC.

    i.  320 West 57th Street, New York, New York 10019-3790; and

    ii.  10 Music Square East, Nashville, Tennessee 37203

e.  CAFEPRESS.COM

    i.  950 Tower Lane, Suite 600, Foster City, California 98804

f.  EVAN M. GREENSPAN, INC. LICENSE TRUST

    i.  4181 Sunswept Dr., 2nd Floor, Studio City, California 91604

g.  JOBETE MUSIC COMPANY, INC.

    i.  6255 Sunset Boulevard, 18th Floor, Los Angeles, California 90028

h.  AARC, ROYALTY DISTRIBUTION

2

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

i.    700 North Fairfax Street, Suite 601, Alexandria, Virginia
22314

i.    SOUNDEXCHANGE

i.    1121 Fourteenth Street NW, Suite 700, Washington, DC
20005

2.    For an order pursuant to California Code of Civil Procedure
Section 708.510 assigning to Plaintiff Hendricks & Lewis PLLC to the extent
necessary to satisfy Plaintiff's judgment against Defendant George Clinton
(including accrued interest through the date of payment), Defendant's interest in all
accounts, accounts receivable, rights to payment of royalties, rights to payment of
money, contingent rights, contract rights, deposits and deposit accounts, and monies
due from each of the following business entities ("Clinton Entities").

| Entity | State |
|---|---|
| P-Funk, Inc. | California |
| Clijo Productions, Inc. | California |
| Disc and Dat, Inc. I | California |
| Disc and Dat, Inc. II | California |
| What Production Company, Inc. | Florida |
| Tick Free Music Publishing, Inc. | Florida |
| The Dog In Me, Inc. | Florida |
| The C Kunspyruhzy, LLC | Florida |
| PFunk Nation Celebration, Inc. | Florida |
| Egmitt | Michigan |
| A Scoop of Poop Productions | Michigan |
| Exoskeletol Music | trade name |

such that payments due from any of the entities identified in paragraph 1 to any
Clinton Entity identified above may be paid directly to Plaintiff.

---

3

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.     For an order pursuant to California Code of Civil Procedure Section 708.520(a) restraining Defendant, the Clinton Entities, and any officer, director, agent, employee, representative or attorney for Defendant and the Clinton Entities, and any person(s) in active concert and participating with Defendant from selling, encumbering, assigning, disposing or spending the rights to payment of royalties due or to become due, rights to payment of money, and monies sought to be assigned hereby.

4.     For an order pursuant to California Code of Civil Procedure Section 699.040(a) compelling Defendant to turn over any and all documentary evidence of any rights to payment due or to become due to Defendant or Clinton's Entities to the U.S. MARSHAL, CENTRAL DISTRICT OF CALIFORNIA, 255 E. Temple Street, Room 346, Third Floor, Los Angeles, California 90012.

The basis of this motion is that Plaintiff has a money judgment against Defendant, the balance due on which, including accrued interest to December 10, 2010, is $1,632,448.09, plus $16.99 per day thereafter.  Defendant has failed and refused, and continues to fail and refuse, voluntarily to pay Plaintiff in satisfaction of the judgment; that the Defendant has an assignable right to the payments due or to become due described herein; that there is a need to restrain the Defendant from encumbering or assigning the rights to payment due or to become due; and that there is a need to direct Defendant to turn over documentary evidence of the rights to payment due or to become due described herein.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    This motion is based on this Notice of Motion and Motion, the attached

2    declarations of Katherine Hendricks, J. Bowman Neely and O. Yale Lewis, Jr., the

3    attached memorandum of points and authorities, and the complete files and records

4    of this action.

5

6    DATED: December 23, 2010          DAVIS WRIGHT TREMAINE LLP

7                                      MARY H. HAAS

8                                      - and -

9                                      HENDRICKS & LEWIS PLLC

10                                     KATHERINE HENDRICKS

11

12                                     By: _____

13                                              Mary H. Haas

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

I.     INTRODUCTION...................................................................................1

II.    STATEMENT OF FACTS .....................................................................2

     A.    George Clinton Regularly Conducts Business in
           California, and This Proceeding Arises Out of His
           Activities in the Central District ............................................2

     B.    George Clinton Receives Substantial Royalty Income ........8

III.   ARGUMENT .........................................................................................10

     A.    The Court Has Specific and General Personal
           Jurisdiction Over Defendant George Clinton and Therefore
           Over His Property, and Venue in the Central District
           of California is Proper........................................................11

     B.    An Order Should Be Entered Assigning to Plaintiff
           Rights to Payments Due or to Become Due to Defendant
           and the Clinton Entities, and From the Clinton Entities
           to Defendant....................................................................14

           1.    Defendant's Rights to Payment From Record
                  Companies, Music Licensors and Clinton Entities
                  Are Assignable Under Section 708.510 ...................15

           2.    The Four Factors Provided in Section 708.510
                  Support the Entry of An Assignment Order in
                  Favor of Plaintiff ......................................................16

            3.    The Rights to Payments Due Defendant and the
                  Clinton Entities and from the Clinton Entities to
                  Defendant Should Be Assigned to Plaintiff Up to
                  the Full Amount Due on the Judgment ....................20

     C.    An Order Restraining Defendant From Encumbering,
           Assigning or Disposing of His Rights to Payments Due
           or to Become Due From the Royalty Payors is Essential.................21

i

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

D.   Defendant Should be Ordered to Turn Over
Documentary Evidence of Any and All Payments
Due or To Become Due to Him or His Inactive
Business Entities ...............................................................23

IV.   CONCLUSION ...........................................................................24

ii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

# **TABLE OF AUTHORITIES**

2

## CASES

3

4

*Asahi Metal Indus. Co. v. Superior Court,*
   480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) ............................... 12

5

6

*Celious v. C Kunspyruhzy, LLC, et al.,*
   Case No. BC374009 (Cal. Super. Ct.) .............................................. 4

7

8

*Clinton v. Capitol Records, Inc.,*
   CV06-7484 FMC (AJWx) (C.D. Cal.) ........................................... 2, 4

9

10

*Clinton v. Capitol Records, Inc., et al.,*
   CV06-8106 R (SHx) (C.D. Cal.) .................................................. 2, 4

11

12

*Clinton v. Universal Music Group, Inc., et al.,*
   CV07-00672 PSG (JWJx) (C.D. Cal.) ................................. 2, 4-5, 7, 9, 20

13

14

*Duchek v. Jacobi,*
   646 F.2d 415, 416 (9th Cir. 1981) ............................................... 10

15

16

*Garden City Boxing Club, Inc. v. Briano,*
   No. CIV-F-06-1270 AWI (GSA), 2007 WL 4463264, at *1
   (E.D. Cal. Dec. 17, 2007) .......................................................... 15

17

18

*Global Money Mgmt. v. McDonnold,*
   No. 06-CV-34 BTM (WMc), 2009 WL 3352574
   (S.D. Cal. Oct. 15, 2009) ........................................................ 10-11

19

20

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) .......................... 12

21

22

*Legion for Survival of Freedom, Inc. v. Liberty Lobby, Inc.,*
   No. D040996, 2003 WL 22922960, at *4
   (Cal. Ct. App. Dec. 11, 2003) ................................................... 13

23

24

25

*Montes v. Kaplan, Kenegos & Kadin, et al.,*
   CV03-8955 R (C.D. Cal.) ......................................................... 2, 4

26

27

28

iii

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Quaestor Invs., Inc. v. State of Chiapas,*
    No. CV-95-6723 JGD (AJWx), 1997 WL 34618203
    (C.D. Cal. Sept 2, 1997)......................................................................15

*Transp. Mgmt. & Consulting, Inc. v. Black Crystal Co.,*
    No. C 07-80256 MISC-MJJ (MEJ), 2008 WL 205592, at *1
    (N. D. Cal. Jan. 24, 2008) ................................................ 10, 17-18

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797, 802 (9th Cir. 2004)....................................................12

*Szynalski v. Superior Court,*
    172 Cal. App. 4th 1, 6-7, 90 Cal. Rptr. 3d 683 (2009) ..........................11-12

*Sibley v. Superior Court,*
    16 Cal. 3d 442, 445, 128 Cal. Rptr. 34, 546 P.2d 322 (1976) ....................11

*Tuazon v. R.J. Reynolds Tobacco Co.,*
    433 F.3d 1163, 1172 (9th Cir. 2006)................................................14

*UMG Recordings, Inc. v. BCD Music Group, Inc.,*
    No. CV 07-05808 SJO (FFMx), 2009 WL 2213678
    (C.D. Cal. July 9, 2009) ............................. 10, 13, 15-16, 18, 22-23

## STATUTES AND COURT RULES

### Federal

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ..........................................3

FED. R. CIV. P. 69 ........................................................................10

FED. R. CIV. P. 69(a) ....................................................................11

28 U.S.C. § 1391(a)(2) ..................................................................14

## State

Cal. Bus & Prof. Code § 6200, *et seq.*................................................................3

CAL. CODE CIV. PROC. § 410.10 ..........................................................................11

CAL. CODE CIV. PROC. § 699.040 ........................................................................11

CAL. CODE CIV. PROC. § 699.040(a)....................................................................23

CAL. CODE CIV. PROC. § 699.040(b) ...................................................................23

CAL. CIV. PROC. CODE § 703.580(b) ...................................................................17

CAL. CIV. PROC. CODE § 708.510 ..................................................................14, 21

CAL. CIV. PROC. CODE § 708.510(a)...............................................................11, 14

CAL. CIV. PROC. CODE § 708.510(a)(4), (5) .......................................................16

CAL. CIV. PROC. CODE § 708.510(c)....................................................................17

CAL. CODE CIV. PROC. § 708.510(d) ...................................................................11

CAL. CODE CIV. PROC. § 708.520 ..................................................................11, 22

CAL. CORP. CODE §§ 2001, 2004 (California)......................................................21

FLA. STAT. § 607.1405 (Florida) ..........................................................................21

MICH. COMP. LAWS §§ 450.1833, 450.1855a (Michigan)....................................21

N.Y. BUS. CORP. LAW § 1005 (2001) (New York) ...............................................21

WASH. REV. CODE § 23B.14.050 (Washington)...................................................21

v

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Hendricks & Lewis PLLC ("Plaintiff" or "Hendricks & Lewis") is a Washington professional limited liability company and law firm based in Seattle, Washington whose members are all Washington residents.  (Declaration of Katherine Hendricks in Support of Motion for Assignment Order, Restraining Order and Turnover Order ("Hendricks Decl.") ¶ 2.)  George Clinton ("Defendant" or "Mr. Clinton") is a renowned recording artist, composer and producer who, upon information and belief, is a resident of Florida.  (Hendricks Decl. ¶ 3; Declaration of O. Yale Lewis, Jr. in Support of Motion for Assignment Order, Restraining Order and Turnover Order ("Lewis Decl.") ¶¶ 3-4.)

Hendricks & Lewis has a judgment against Mr. Clinton, entered by the United States District Court for the Western District of Washington on May 28, 2010, in the amount of $1,675,639.82, plus costs and attorneys' fees.[1]  (Hendricks Decl. ¶ 14, Exh. 5.)  The judgment was registered pursuant to 28 U.S.C. § 1963 in the United States District Court for the Central District of California on August 10, 2010. (Hendricks Decl. ¶ 17, Exh. 6.)  By execution and levy in Washington, Hendricks & Lewis received a partial satisfaction of judgment on October 13, 2010 in the amount of $39,304.79.  (Hendricks Decl. ¶ 19, Exh. 7.)  By levy and execution in the Northern District of California, Hendricks & Lewis received a partial satisfaction of judgment on about November 24, 2010, of $8,621.00.  (Hendricks Decl. ¶ 20.) Thus, as of December 10, 2010, the unpaid portion of Plaintiff's judgment, including accrued interest, is $1,632,448.09, plus $16.99 per day thereafter.  (Hendricks Decl. ¶ 24 and Exhibit 10 thereto.)

---

[1] The attorneys' fees were awarded in a separate judgment in the amount of $60,786.50 on July 6, 2010.  That judgment has not been registered pursuant to 28 U.S.C. § 1963 in the United States District Court for the Central District of California and is not a subject of this motion.

1

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Mr. Clinton has failed and refused to pay Hendricks & Lewis' judgment. Accordingly, pursuant to California Code of Civil Procedure Section 708.510 (hereinafter all references to code are to the California Code of Civil Procedure unless otherwise specified), Hendricks & Lewis respectfully requests the entry of an order assigning to Hendricks & Lewis rights to payment of royalties due or to become due to Defendant and to Defendant's various inactive business entities from identified third-party payors, and from Defendant's inactive business entities and his active entity, The C Kunspyruhzy, LLC, (collectively, the "Clinton Entities") to Mr. Clinton, to the extent necessary to satisfy the unpaid portion of Plaintiff's judgment against Defendant. Additionally, Plaintiff seeks an order pursuant to Section 708.520 restraining Defendant from assigning, selling or otherwise encumbering any such rights to payment and an order pursuant to Section 699.040 requiring Defendant to turn over any documentary evidence of the rights to payment due or to become due sought to be assigned hereby.

## II.    STATEMENT OF FACTS

### A.    George Clinton Regularly Conducts Business in California, and This Proceeding Arises Out of His Activities in the Central District.

The judgment Hendricks & Lewis seeks to collect is for attorneys' fees and costs that Mr. Clinton failed to pay over the course of three years in a number of transactional and litigation matters, including four cases in the Central District of California: *Montes v. Kaplan, Kenegos & Kadin, et al.*, CV03-8955 R (C.D. Cal.); *Clinton v. Capitol Records, Inc.*, CV06-7484 FMC (AJWx) (C.D. Cal.); *Clinton v. Capitol Records, Inc., et al.*, CV06-8106 R (SHx) (C.D. Cal.); and *Clinton v. Universal Music Group, Inc., et al.*, CV07-00672 PSG (JWJx) (C.D. Cal.). (Lewis Decl. ¶ 5; Hendricks Decl. ¶ 11, Exh. 3.) Although Hendricks & Lewis also provided legal services to Mr. Clinton in connection with cases in Tennessee, Michigan, and Florida, most of the unpaid fees incurred pertain to the California matters. (Hendricks Decl. ¶ 11, Exh. 3.) According to Mr. Clinton in the underlying

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

action in which the judgment was entered in favor of Hendricks & Lewis against Mr. Clinton, "[a]pproximately seventy percent (70%) of legal services performed by [Hendricks & Lewis] on behalf of Mr. Clinton were performed in California[,]" totaling "$1,943,601.50 in fees and $168,956.56 in costs[.]" (Hendricks Decl. ¶ 10, Exh. 2.)[2] While Hendricks & Lewis disagrees that most of the work was actually performed in California—it was largely performed by Hendricks & Lewis at its offices in Washington—Mr. Clinton clearly availed himself of the benefits of conducting business in the forum state of California. Moreover, as reflected by the venue of the cases brought by Mr. Clinton in the Central District of California, California is and for decades has been an important situs of Mr. Clinton's work as a singer, songwriter, bandleader, and music producer.

Since the 1970's, Mr. Clinton—through his "loan out" companies"—has had royalty-producing arrangements with California-based predecessors-in-interest of Universal Music Group ("UMG"). (Lewis Decl. ¶ 15, Exh. 1.) These arrangements included agreements between Mr. Clinton's loan-out company, Thang, Inc., and Casablanca Record and FilmWorks, Inc. ("Casablanca"), and between Casablanca and P-Funk, Inc., another of Mr. Clinton's loan-out companies. (Lewis Decl. ¶ 15.) Under these agreements, Mr. Clinton delivered sound recordings to UMG's predecessors-in-interest, and now UMG pays royalties to Mr. Clinton. (*See* Lewis Decl. ¶¶ 15-20.)

In the early 1980's, Mr. Clinton signed with Capitol Records, Inc. ("Capitol"), under his own name and as P-Funk All-Stars. (Lewis Decl. ¶ 21.) During the next

---

[2] Consequently, the United States District Court for the Western District of Washington determined that, "[g]iven the centrality of California to the work" Mr. Clinton hired Hendricks & Lewis to perform, California law governed the issue of arbitrability under the California Mandatory Fee Arbitration Act, and federal arbitration law preempted that Act. (Hendricks Decl. ¶ 13, Exh. 4; Cal. Bus & Prof. Code § 6200, *et seq.*, Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*) However, on the issue of an award of attorneys' fees, the Court held that Washington law applied. (Hendricks Decl. ¶ 14.)

3

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

several years he delivered sound recordings to Capitol, and Capitol accounted to Mr. Clinton for sales of the sound recordings and paid royalties to Mr. Clinton. (Lewis Decl. ¶ 21 and Exh. 4.) Capitol continues to do so. (Lewis Decl. ¶ 21.)

Disputes arose between Mr. Clinton and Capitol and between Mr. Clinton and UMG, and Mr. Clinton requested that Hendricks & Lewis advise and represent him in actions against these entities. (Lewis Decl. ¶ 22.) Thus, with Hendricks & Lewis as counsel, Mr. Clinton initiated three lawsuits in the United States District Court for the Central District of California. (Lewis Decl. ¶ 23.)

In *Clinton v. Capitol Records, Inc.*, Case No. CV06-7484 FMC (AJWx) (C.D. Cal.) and *Clinton v. Universal Music Group, Inc., et al.*, CV07-00672 PSG (JWJx) (C.D. Cal.), Mr. Clinton alleged that Capitol Records and UMG had underpaid royalties due him arising out of his production and recording agreements with them. (Lewis Decl. ¶¶ 6, 7.) In *Clinton v. Capitol Records, Inc., et al.*, CV06-8106 R (SHx) (C.D. Cal.), Mr. Clinton asserted claims of copyright infringement for the unauthorized release by Capitol Records and Priority Records of master sound recordings owned by Mr. Clinton. (Lewis Decl. ¶ 8.)

Hendricks & Lewis also provided legal services to Mr. Clinton in connection with other litigation in California courts. In *Montes v. Kaplan, Kenegos & Kadin, et al.*, CV03-8955 R (C.D. Cal.), Mr. Clinton was a defendant and cross-claimant in the dispute over ownership of four valuable master sound recordings by Mr. Clinton's group Funkadelic. (Lewis Decl. ¶ 9.) In *Celious v. C Kunspyruhzy, LLC, et al.*, Case No. BC374009 (Cal. Super. Ct.), Mr. Clinton was sued for, among other things, allegedly breaching the contract he entered into with the California-based plaintiff regarding the marketing of one of his albums. (Lewis Decl. ¶ 10.)

To facilitate his financial affairs, Mr. Clinton has organized a number of corporations and limited liability companies—the Clinton Entities—of which he has been the sole shareholder or member, and through which he receives royalties. (Declaration of J. Bowman Neely in Support of Motion for Assignment Order,

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Restraining Order and Turnover Order ("Neely Decl.") ¶¶ 4-35.) Among these are
2  several California corporations (Neely Decl. ¶¶ 8-13), including P-Funk, Inc., which
3  Mr. Clinton used as his loan-out company to enter into his Artist's Production
4  Agreement with Casablanca in California, discussed *supra* at p. 3. (Lewis Decl.
5  ¶¶ 15-20.) Mr. Clinton also executed amendments to his recording agreement with
6  Capitol, discussed *supra* at p. 3, through another one of his California corporations,
7  Clijo Productions, Inc. (Neely Decl. ¶¶ 9-10.) Additionally, Mr. Clinton
8  acknowledged his receipt of royalties through "Disc and Dat," in his August 17,
9  2010 announcement on the "George Clinton & Parliament Funkadelic" blog on
10 MySpace.com that he assigned a 25 percent interest in his songwriter's and
11 publisher's royalties generated through, among other entities, "Disc and Dat."
12 (Lewis Decl. ¶ 32, Exh. 8.) The California Secretary of State website reflects that all
13 of these corporations are currently "suspended." (Neely Decl. ¶¶ 8-13.)
14 Nevertheless, Mr. Clinton continues to collect royalties through his California
15 entities.[3]
16     Mr. Clinton has other sources of income as well. For example, Mr. Clinton
17 regularly licenses his musical works to television and film studios and other
18 licensors based in California. He granted a license to CBS Studios, based in Los
19 Angeles, California, for the use of his master sound recording "(Not Just) Knee
20 Deep" in the television series "Everybody Hates Chris." (Neely Decl. ¶ 42; *see*
21 Lewis Decl. ¶ 27.) Mr. Clinton granted multiple licenses to Home Box Office, based
22 in Santa Monica, California, for use in the television series "The Wire" of his
23 musical compositions and master sound recordings "Thumparella" and "In The

---

24
25     [3] For example, Mr. Clinton continues to collect royalties through P-Funk,
   Inc., the alleged underpayment of which are the basis of his pending lawsuit in
   the United States District Court of the Central District for California, *Clinton v.*
26 *Universal Music Group, Inc., et al.*, CV07-00672 PSG. (Lewis Decl. ¶¶ 15-20.)
   Mr. Clinton directed Capitol Records North America to send payments due to
27 Clijo Productions, Inc. to Hendricks & Lewis in June 2007. (Lewis Decl. ¶ 28,
   Exh. 7.)
28

---

5

1   Cabin of My Uncle Jam." (Neely Decl. ¶ 40.)  Mr. Clinton executed an agreement
2   with Creamwerks, a California partnership with its principal place of business in Los
3   Angeles, under which Creamwerks distributes Mr. Clinton's musical compositions
4   as cell phone ringtones. (Neely Decl. ¶ 41.)  Mr. Clinton has made arrangements
5   with CafePress, an online retailer with headquarters in San Mateo, California, to
6   distribute apparel, accessories and other merchandise bearing his name as well as the
7   names and logos of his musical groups, P-Funk, Funkadelic and Parliament. (Neely
8   Decl. ¶ 39; *see* Lewis Decl. ¶ 27.)

9          Mr. Clinton also receives revenues from touring.  "Mr. Clinton and Parliament
10  Funkadelic tour 200 days out of the year in Europe, Asia, Africa and the US."
11  (Neely Decl. ¶ 44, Exh. 21.)  Over the decades, Mr. Clinton has regularly and
12  repeatedly performed in California as part of his touring. (Neely Decl. ¶ 45, Exh.
13  22.)  For example, tour schedules reflect that in 2007, Mr. Clinton performed in
14  Highland and Los Angeles; in 2008, Mr. Clinton performed in Redway, Chico, Long
15  Beach, Solana Beach and Malibu; and in 2009, Mr. Clinton performed in Los
16  Angeles and San Francisco.  Mr. Clinton also attends music-industry events in
17  California, including the Grammy Awards held annually in Los Angeles. (Neely
18  Decl. ¶ 43.)

19         Mr. Clinton maintains relationships with a number of California attorneys.
20  Robert J. Allan, Esq., and the California-based Allan Law Group represented
21  Mr. Clinton in the action in the Western District of Washington in which Hendricks
22  & Lewis was awarded the judgment it now seeks to collect. (Hendricks Decl. ¶ 12.)
23  Mr. Allan also communicated on Mr. Clinton's behalf with Hendricks & Lewis
24  about the possibility of setting up a payment plan to satisfy Hendricks & Lewis'
25  judgment against Mr. Clinton, although no such plan ever materialized. (Hendricks
26  Decl. ¶ 16.)[4]  Additionally, Larry Haakon Clough, Esq., an attorney based in

27  ――――――――――――――――――

28         [4] Mr. Clinton also has retained California counsel for his California-based
       litigation.  Mr. Clough and another California attorney, Reginald Keith Brown,

                                            6

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Chatsworth, California, participated on Mr. Clinton's behalf in a pre-hearing telephone conference in the Washington arbitration of the fee dispute between Mr. Clinton and Hendricks & Lewis, and is one of two California lawyers now representing Mr. Clinton in the UMG action. (Hendricks Decl. ¶ 7.)

Since the entry of the judgment against him, Mr. Clinton has refused voluntarily to satisfy the judgment or any part thereof. (Hendricks Decl. ¶ 22.) On July 19, 2010, Hendricks & Lewis requested authorization to apply the balance remaining in Mr. Clinton's client trust account. (Hendricks Decl. ¶ 15.) Mr. Clinton never responded. (Hendricks Decl. ¶ 15.) Consequently, Hendricks & Lewis initiated a proceeding to levy upon the balance remaining in the client trust account and, on October 13, 2010, after judgment in the Western District of Washington, received $39,304.79 from the account. (Hendricks Decl. ¶ 19, Exh. 7.) Writs of garnishment have also been issued in the Northern District of Florida, the Northern District of California and the Central District of California. (Hendricks Decl. ¶¶ 20, 21, Exh. 9.) Hendricks & Lewis has received $8,621.00 from the garnishment in the Northern District of California. (Hendricks Decl. ¶ 20.) Mr. Clinton is opposing entry of judgment in the Florida garnishment (Hendricks Decl. ¶ 20, Exh. 8), and even if judgment is entered on the Florida garnishment, the proceeds would represent less than seven percent of the amount Mr. Clinton owes Hendricks & Lewis. The unpaid portion of the judgment, as of December 10, 2010 totals $1,632,448.09. (Hendricks Decl. ¶ 24, Exh. 10.)

---

Esq., represented Mr. Clinton in the appeal to the Ninth Circuit of the order granting summary judgment in favor of UMG in *Clinton v. Universal Music Group, Inc., et al.*, CV07-00672 PSG. (Lewis Decl. ¶ 18.) In *Montes v. Kaplan, Kenegos & Kadin, et al.*, CV03-8955 R (C.D. Cal.), Mr. Clinton's lead counsel was Donald S. Engel, Esq., of Engel & Engel, LLP, in Palo Alto, California. (Lewis Decl. ¶ 9.)

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## B. George Clinton Receives Substantial Royalty Income.

As reflected by the subject matter of Mr. Clinton's California federal court actions and as set forth herein, Mr. Clinton receives regular, significant royalties from various record companies, performing rights organizations and music licensors, including from entities located in California. Mr. Clinton regularly receives royalties from both UMG and Capitol Records (including Capitol Records Group (Los Angeles, California) and Capitol Records North America (Los Angeles, California)), discussed *supra* at pp. 3-4. He also receives payments from California-based licensors including CafePress.com (San Mateo); Evan M. Greenspan, Inc. License Trust (Studio City); Jobete Music Company, Inc. (Los Angeles); and EMI – Stone Diamond Music Corporation (Los Angeles). (Neely Decl. ¶¶ 4-36; Lewis Decl. ¶¶ 27, 29.)

Although some of Mr. Clinton's royalties are paid to him through his Clinton Entities, Mr. Clinton has demonstrated his exclusive control of the money, using it to satisfy his personal obligations. (Lewis Decl. ¶¶ 26-32.) Thus, for purposes of facilitating payment to Hendricks & Lewis during the representation, Mr. Clinton executed a series of letters to payors of royalties and license fees, directing them to send payments to Hendricks & Lewis. (Lewis Decl. ¶¶ 26, 28, Exh. 7.) The checks delivered to Hendricks & Lewis were drawn from accounts of third-party payors previously identified herein as well as SoundExchange, BMI, EMI Music Publishing, CBS Studios, AARC, and Peer Music (UK) Ltd. (Lewis Decl. ¶¶ 27, 29.) The funds were deposited in a client trust account to provide for payment of fees and costs owed to Hendricks & Lewis. (Lewis Decl. ¶ 26.)

In turn, during the course of the representation, Mr. Clinton authorized the application of the funds collected in the trust account to the balance of the fees that he personally owed Hendricks & Lewis, notwithstanding the fact that checks had been payable to various of the Clinton Entities, including Tick Free Music, Inc., The Dog in Me, Inc., The C Kunspyruhzy, LLC; What Production Company, Inc., A

8

Scoop of Poop, Inc., and others. (Lewis Decl. ¶ 30.) Mr. Clinton never, to Hendricks & Lewis' knowledge, required nor sought the permission from any other person or entity before doing so, or for that matter, before directing that the payments be sent to Hendricks & Lewis in the first place. (Lewis Decl. ¶ 30.)

Mr. Clinton has reported personally making other assignments of Clinton Entity royalty streams. For example, on August 17, 2010, Mr. Clinton announced on his "George Clinton & Parliament Funkadelic" blog on Myspace.com the following:

> George also granted 25% interest in his earnings derived as a writer and/or publisher and generated through such entities as, but not limited to BMI and Rubber Band Music, Exoskeletol, Tick Free Music, and Disc and Dat, to The Barack Obama Green Charter High School Foundation[.]

(Lewis Decl. ¶ 32, Exh. 8 (emphasis added).) Mr. Clinton also granted a security interest to US Bank in his royalties from BMI, which includes royalties paid through the Clinton entities. (Neely Decl. ¶ 46, Exh. 23.)

Mr. Clinton expressly and personally claims royalties through P-Funk, Inc. In *Clinton v. Universal Music Group, Inc., et al.*, CV07-00672 PSG (JWJx), UMG challenged Mr. Clinton's standing to bring an action for an accounting of royalties, arguing that UMG's contract was with P-Funk, Inc., not George Clinton. (Lewis Decl. ¶¶ 16-20.) The Court held that Mr. Clinton had standing, noting "that these royalties would have been paid to [Mr. Clinton], whether directly or through P-Funk, if Defendants had honored their obligations under the Agreement." (Lewis Decl. ¶ 17, Exh. 2.)

## III. ARGUMENT

The execution of final judgments is governed by Federal Rule of Civil Procedure 69(a), which provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

9

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    The amended judgment that is the basis for this motion was entered in the
2  United States District Court for the Western District of Washington on
3  May 28, 2010, and registered in the Central District of California on August 10,
4  2010, pursuant to 28 U.S.C. § 1963. (Hendricks Decl. ¶ 14, Exh. 5; ¶ 17, Exh. 6.)
5  "A judgment so registered shall have the same effect as a judgment of the district
6  court of the district where registered and may be enforced in like manner."
7  28 U.S.C. § 1963.

8    "A district court has authority to enforce a money judgment in accordance
9  with the practice and procedure of the state in which it sits." *Transp. Mgmt. &*
10  *Consulting, Inc. v. Black Crystal Co.*, No. C 07-80256 MISC-MJJ (MEJ), 2008 WL
11  205592, at *1 (N. D. Cal. Jan. 24, 2008) (citing FED. R. CIV. P. 69(a)). *Accord,*
12  *Duchek v. Jacobi*, 646 F.2d 415, 416 (9th Cir. 1981).

13    Upon a motion for an assignment order in the context of proceedings in aid of
14  a judgment, "Rule 69 directs the Court to act in accordance with the procedure of the
15  state where it is located, California." *Global Money Mgmt. v. McDonnold*, No. 06-
16  CV-34 BTM (WMc), 2009 WL 3352574 (S.D. Cal. Oct. 15, 2009) (citing FED. R.
17  CIV. P. 69). *See, e.g., UMG Recordings, Inc. v. BCD Music Group, Inc.*, No. CV 07-
18  05808 SJO (FFMx), 2009 WL 2213678 (C.D. Cal. July 9, 2009) (applying
19  California law).

20    Under California law, all property of the judgment debtor is subject to
21  enforcement of a money judgment, including a debtor's right to payments due or to
22  become due. CAL. CIV. PROC. CODE § 708.510(a). "Upon application of the
23  judgment creditor on noticed motion, the court may order the judgment debtor to
24  assign to the judgment creditor . . . all or part of a right to payment due or to become
25  due, whether or not the right is conditional upon future developments." CAL. CODE
26  CIV. PROC. § 708.510(a). "A right to payment may be assigned pursuant to this
27  article only to the extent necessary to satisfy the money judgment." CAL. CODE CIV.
28  PROC. § 708.510(d). Additionally, the Court may order a judgment debtor to refrain

10

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

from assigning, disposing, spending or encumbering any property subject to such an assignment order and to turn over any documentary evidence of debts owed to the judgment debtor. CAL. CODE CIV. PROC. §§ 708.520, 699.040. For the reasons stated below, Plaintiff seeks all of the foregoing relief.

### A. The Court Has Specific and General Personal Jurisdiction Over Defendant George Clinton and Therefore Over His Property, and Venue in the Central District of California is Proper.

California courts may exercise jurisdiction over nonresidents "on any basis not inconsistent with the Constitution of this state or of the United States." CAL. CODE CIV. PROC. § 410.10; *Global Money*, 2009 WL 3352574, at *2-3 (applying California law, pursuant to FED. R. CIV. P. 69(a), in determining whether the court may exercise personal jurisdiction over a judgment debtor upon a motion for assignment under Section 708.510). California Code of Civil Procedure Section 410.10 "'manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations.'" *Szynalski v. Superior Court*, 172 Cal. App. 4th 1, 6-7, 90 Cal. Rptr. 3d 683 (2009) (quoting *Sibley v. Superior Court*, 16 Cal. 3d 442, 445, 128 Cal. Rptr. 34, 546 P.2d 322 (1976)).

"The United States Constitution permits a state to exercise jurisdiction over a nonresident defendant if the defendant has sufficient 'minimum contacts' with the forum such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Szynalski*, 172 Cal. App. at 6-7 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). "The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state." *Szynalski*, 172 Cal. App. at 6-7 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)).

11

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Here, Mr. Clinton has purposely availed himself of the privilege of doing business in California and has more than sufficient contacts with California to establish "minimum contacts." *See, e.g., Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The judgment underlying this motion for assignment order was based in substantial part upon fees owed by Defendant for representation in California cases he brought in the Central District of California. As Defendant declared, the arbitration award—which resulted in the judgment upon which this motion is based—was "based largely on fees [Hendricks & Lewis] billed to Mr. Clinton in the Central District of California Actions," in which Mr. Clinton was the plaintiff. (Hendricks Decl. ¶ 11, Exh. 3.)

Further, as discussed herein, *see supra* pp. 3-6, much of Mr. Clinton's music business is centered in California and is systematic and continuous: He has contracts with California-based record companies, film studios, and other entities under which he collects royalties; he organized several California Clinton Entities through which he conducted his music business, and through which—even though now suspended—he continues to collect royalties; he uses a California-based retailer to distribute apparel and merchandise, and in exchange, receives regular royalties; and he makes repeated and regular appearances at California venues while on tour and for entertainment-industry events. (Neely Decl. ¶¶ 8-13, 39-42, 45; Lewis Decl. ¶¶ 15-32.) He retains California counsel.

Many (although not all) of the rights to payment sought to be assigned by this motion are due or to become due from California-based entities with which Defendant has contracted in the Central District of California.[5] Plaintiff seeks to

---

[5] However, the assignment order requested by Plaintiff need not be limited to payment rights only from California-based entities. In *UMG Recordings*, the judgment debtor argued, "to the extent the Court's Order requires nonresident third persons to assign rights to payment without a demonstration that this Court possesses the requisite personal jurisdiction over them, the Order would be null and void." 2009 WL 2213678, at *4. The Court rejected that argument, noting

12

1   have assigned to it royalties from UMG and Capitol Record based upon Defendant's

2   contracts with those California-based entities. (Lewis Decl. ¶ 14.)  Similarly,

3   Plaintiff seeks the assignment of Defendant's right to payments from his licensors,

4   including San Mateo-based retailer CafePress.com, Los Angeles-based Jobete Music

5   Company, and Studio City-based Evan M. Greenspan, Inc. Licensing Trust.  (Lewis

6   Decl. ¶ 14.)  Plaintiff also seeks assignment of Mr. Clinton's payment rights from

7   suspended California and other Clinton Entities.

8       In light of Mr. Clinton availing himself of the judicial system in California

9   and his ongoing access to and retention of California attorneys, *see supra* p. 6, it can

10  hardly be considered unfair to him for the Court to order an assignment of

11  Mr. Clinton's rights to payment in California. (Lewis Decl. ¶¶ 5-10, 18; Hendricks

12  Decl. ¶¶ 7, 12, 16.)  Mr. Clinton has more than sufficient contacts with California

13  such that the maintenance of this proceeding does not offend traditional notions of

14  fair play and substantial justice.  *See, e.g., Tuazon v. R.J. Reynolds Tobacco Co.*, 433

15  F.3d 1163, 1172 (9th Cir. 2006).  Venue is proper under 28 U.S.C. § 1391(a)(2)

16  because a substantial part of the events or omissions giving rise to Plaintiff's claim

17  occurred in the Central District, and a substantial part of the property that is a subject

18  of this proceeding is located here.

19

20

21  that "the assignment order does not require any third parties to assign rights to

22  payment, but rather requires [the judgment debtor] itself to assign its rights to

23  payment from third parties to [the judgment creditor].  When a court has
    personal jurisdiction over an individual defendant, it also has jurisdiction over

24  the defendant's property."  *Id. See also Legion for Survival of Freedom, Inc. v.*

25  *Liberty Lobby, Inc.*, No. D040996, 2003 WL 22922960, at *4 (Cal. Ct. App.
    Dec. 11, 2003) (upholding lower court's assignment under § 708.510 of out-of-

26  state property, explaining that "it is settled in this state that courts have the

27  power to indirectly affect out-of-state property by means of a decree, based on
    personal jurisdiction over the parties, which determines the parties' personal

28  rights or equities in that property").

13

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.  An Order Should Be Entered Assigning to Plaintiff Rights to Payments Due or to Become Due to Defendant and the Clinton Entities, and From the Clinton Entities to Defendant.**

An assignment order is appropriate under Section 708.510.  Defendant has failed and refused to satisfy the judgment against him, even though he receives— directly and indirectly through various inactive or suspended Clinton Entities— significant royalties from various record companies, performing rights organizations and music licensors.  Under California law, all property of the judgment debtor is subject to enforcement of a money judgment, including a debtor's right to payments due or to become due.  CAL. CIV. PROC. CODE § 708.510(a).

As set forth below, the factors set forth in Section 708.510 weigh heavily in favor of an assignment to Plaintiff of Defendant's rights to royalties directly and through Defendant's various dissolved or suspended business entities.  Accordingly, Plaintiff requests an order assigning to Plaintiff the rights of payment due or to become due from third-party payors to Defendant and Defendant's rights of payment from his various dissolved Clinton Entities, as well as The C Kunspyruhzy, LLC (his only active entity) to the extent necessary to satisfy Plaintiff's judgment.

**1.  Defendant's Rights to Payment From Record Companies, Music Licensors and Clinton Entities Are Assignable Under Section 708.510.**

"[T]he legal standard imposed by § 708.510 does not obligate [the judgment creditor] to provide detailed evidentiary support for its request" of an assignment order. *UMG Recordings*, 2009 WL 2213678 at *3.  "[W]here a judgment creditor can identify a person or entity which is obligated to make payment to the judgment debtor, and where that 'right to payment' is assignable, the right to payment can be assigned from a third party obligor to the judgment creditor." *Garden City Boxing Club, Inc. v. Briano*, No. CIV-F-06-1270 AWI (GSA), 2007 WL 4463264, at *1 (E.D. Cal. Dec. 17, 2007) (quoting *Quaestor Invs., Inc. v. State of Chiapas*, No. CV-95-6723 JGD (AJWx), 1997 WL 34618203 (C.D. Cal. Sept 2, 1997)).

14

By this motion, Plaintiff requests the assignment of rights to payments due or to become due from record companies, performing rights organizations and licensors of Defendant's musical works from which Defendant receives royalties. Specifically, Plaintiff seeks the assignment of payments from the third parties identified in Exhibit A hereto (hereinafter referred to collectively as the "Royalty Payors") to Defendant and the Clinton Entities. Plaintiff also requests the assignment of rights to payments due or to become due Defendant from the Clinton Entities identified in Exhibit B hereto.

Plaintiff believes that Defendant has a right to payment from Royalty Payors (Lewis Decl. ¶ 14-29) and from the Clinton Entities. Mr. Clinton's actions to obtain additional royalties from some of the Royalty Payors are a matter of record. Mr. Clinton's songwriting and status as a BMI artist are matters of public record. In addition, Mr. Clinton promised to assign, and for a time did assign, royalties to Hendricks & Lewis. (Lewis Decl. ¶¶ 5-10, 26-29.) Thus, it is at least highly probable, if not certain, that the Royalty Payors identified herein owe or will owe sums to Defendant.

The payments due to Defendant from the Royalty Payors are of types specifically intended to be assigned under Section 708.510, which expressly includes "[r]oyalties" and "[p]ayments due from a patent or copyright." CAL. CIV. PROC. CODE § 708.510(a)(4), (5). Indeed, an assignment order is a highly appropriate procedure to facilitate the satisfaction of Plaintiff's judgment against Defendant in that an assignment of Defendant's rights to payment from the Royalty Payors and Clinton's Entities would alleviate the burden on Plaintiff and levying officers of having to repeatedly levy on the precise date that Defendant's royalties become due from each of the various third parties from which Defendant receives royalties.

Consequently, payments due or that become due from Royalty Payors and the Clinton Entities should be assigned to Plaintiff to the extent necessary to satisfy the judgment against Defendant. *UMG Recordings*, 2009 WL 2213678 at *3 (issuing an

15

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

assignment order based upon a list of "probable distributors, purchasers and/or customers of the [judgment debtor's] products").

### 2. The Four Factors Provided in Section 708.510 Support the Entry of An Assignment Order in Favor of Plaintiff.

In determining whether to order an assignment or the amount of an assignment pursuant to Section 708.510, the court may take into consideration all relevant factors, including the following:

(1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor;

(2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support;

(3) The amount remaining due on the money judgment; and

(4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

CAL. CIV. PROC. CODE § 708.510(c).

Here, all of the factors weigh heavily in favor of assigning to Plaintiff the Defendant's rights to payment from the Royalty Payors and Clinton Entities. With respect to the first factor, the judgment debtor carries the burden of proving his "reasonable requirements" upon a judgment creditor's motion for an assignment order. *Transp. Mgmt.*, 2008 WL 205592, at *1-2 (citing CAL. CIV. PROC. CODE § 703.580(b)). Additionally, if a judgment debtor claims exemptions for reasonable requirements, then he must also disclose the total revenue sources available to him in meeting such reasonable requirements. *Id.* Otherwise, "the Court [is left] with no indication that [the judgment debtor] is unable, despite his monthly expenses, to satisfy the judgment." *Id.* Accordingly, Mr. Clinton has the burden of establishing whether he has reasonable expenses that should be taken into account in determining the appropriate amount of an assignment order, and disclosing whatever funds he

16

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

has available to satisfy them.[6]

Similarly, Defendant bears the burden of proof as to the second factor, the amount, if any, of payments being made by Defendant or any sums deducted from Defendant's income in satisfaction of any other judgments. *See Transp. Mgmt.*, 2008 WL 205592, at *3. Plaintiff is not aware of any payments being made by Defendant or any sums deducted from Defendant's income in satisfaction of other judgments. (Hendricks Decl. ¶ 25.) Thus, in the absence of a contrary showing by Defendant, this factor should be construed in favor of Plaintiff.

The third and fourth factors—the amount remaining due on the judgment and the amount that may be received by Plaintiff if the Court were to assign the rights to payment at issue—both weigh heavily in favor of the entry of an assignment order because Mr. Clinton has failed or refused voluntarily to satisfy the judgment and more than $1.6 million due on the judgment remains unpaid. *Transp. Mgmt.*, 2008 WL 205592, at *3 (finding that the third and fourth factors weighed in favor of an assignment order because the defendants had made no effort voluntarily to satisfy judgment). *See also UMG Recordings*, 2009 WL 2213678, at *3 (granting plaintiff's motion for an assignment order "in light of [defendant's] blatant disregard for its obligation to satisfy the judgment against it").

An assignment order in favor of Plaintiff is particularly appropriate in light of Defendant's dilatory tactics. For example, although Defendant's counsel stated that Defendant would respond to Plaintiff's settlement offer more than two years ago in

---

[6] Notably, Defendant receives revenue from sources other than those sought to be assigned in the present motion, including income from his performance tours, licensing deals such as those set forth on p. 5, *supra*, and royalties from other entities such as Rubber Band Music. (Lewis Decl. ¶ 32, Exh. 8.) In addition, Defendant claims receipt of Social Security benefits. (Hendricks Decl. ¶ 20, Ex. 8.) However, neither Defendant's touring income nor his royalties from Rubber Band Music nor Social Security income are sought to be assigned by this motion. Thus, in the absence of any assertion by Defendant to the contrary, it should be assumed for purposes of analyzing the factors set forth in Section 708.510(c) that any reasonable requirements of the Defendant may be met by his other sources of revenue.

17

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

August 2008, Defendant never responded. (Lewis Decl. ¶ 12.) In a phone call in August 2010, Mr. Clinton's counsel raised the possibility of a payment plan to satisfy the judgment and agreed to speak in detail about such a plan in late August 2010. (Hendricks Decl. ¶ 16.) However, he did not, and no specific payment plan has been proposed. (Hendricks Decl. ¶ 16.)

Most significantly, Defendant has taken active measures to prevent or delay payment to Plaintiff. For example, although Defendant consented to binding arbitration of any dispute arising from the parties' relationship, Defendant opposed the confirmation of the arbitration award in favor of Plaintiff. As a result, Plaintiff incurred significant additional fees and the entry of a judgment in favor of Plaintiff and payments were delayed even further. (Hendricks Decl. ¶¶ 5, 10-11.)

Additionally, Defendant has prevented Plaintiff from receiving or applying to Defendant's debt certain royalty streams that Defendant previously promised to pay to Plaintiff, revoking his previous arrangement for certain royalties to be deposited in trust for the benefit of Hendricks & Lewis, then to be periodically applied to Mr. Clinton's fees owed to Hendricks & Lewis. (*See* Lewis Decl. ¶ 30.) In 2010, the balance of these funds—i.e., royalties that had been pooled in Defendant's client trust account but not yet applied to Defendant's debt—totaled approximately $39,000. (Hendricks Decl. ¶ 15.) When Plaintiff requested authorization to apply the $39,000 to partially satisfy the judgment, Defendant failed to respond, even though the purpose of the funds was for payment to Plaintiff. (Hendricks Decl. ¶ 15.) Consequently, Plaintiff was required to garnish the account, adding further to the cost of enforcing the judgment and further delaying even a fractional satisfaction of the judgment. (Hendricks Decl. ¶¶ 18-19.) Mr. Clinton is opposing judgment and payment to Hendricks & Lewis under a Florida garnishment, even though judgment on the garnishment would amount to less than seven percent of the total owed Hendricks & Lewis. (Hendricks Decl. ¶ 20.))

Because Defendant has refused voluntarily to satisfy the judgment and has

18

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

taken actions to prevent Plaintiff from being paid, the balance due on the judgment totals $1,632,448.09 as of December 10, 2010, plus $16.99 per day thereafter. (Hendricks Decl. ¶ 24 and Exhibit 10 thereto.)  Therefore, Plaintiff requests that the Court enter an order assigning to Plaintiff all of Defendant's rights to payment from the Royalty Payors and Clinton Entities identified herein to the extent necessary to satisfy the judgment against Defendant.

>   **3.    The Rights to Payments Due from Royalty Payors to Defendant and the Clinton Entities and from the Clinton Entities to Defendant Should Be Assigned to Plaintiff Up to the Full Amount Due on the Judgment.**

To the extent that payments from the Royalty Payors identified herein are due or will become due to Mr. Clinton or his inactive or dissolved and other Clinton Entities or aliases identified in the table attached as Exhibit B hereto and from those Clinton entities to Clinton, the rights to those payments also should be assigned to Plaintiff.

Defendant has been the sole shareholder of all of the Clinton Entities.  (Neely Decl. ¶ 5.)  Defendant has failed to renew the corporations' registrations, even though he has continued to collect royalties through the corporations for years—and, in some cases, decades—following their administrative dissolutions.  (Neely Decl. ¶¶ 7-36.)  None of the Clinton Entities have any known business other than to facilitate Defendant's personal finances and revenue stream, as evidenced by Mr. Clinton's use of royalties from these entities to pay part of his personal legal fees to Hendricks & Lewis, *see supra* p. 8.  (Lewis Decl. ¶ 30; Neely Decl. ¶ 18.)  For example, Defendant caused P-Funk, Inc. to be formed in California, which he used as a loan-out corporation to enter into a recording agreement with Casablanca.  (Neely Decl. ¶¶ 7-8; Lewis Decl. ¶¶ 16-19.)  Although P-Funk, Inc. was the party to the agreement, Defendant's personal "production and recording services [were] the essence of [the] Agreement."  (Lewis Decl. ¶ 17, Exh. 2.)

Significantly, in *George Clinton v. Universal Music Group, Inc.*, litigation

19

arising from the recording agreement between P-Funk and UMG, UMG challenged
Defendant's standing to sue for recovery of royalties due under the agreement,
arguing that he was not a party to the agreement. (Lewis Decl. ¶¶ 16-19.) The
District Court for the Central District of California accepted Defendant's contention
that he was the true beneficiary of the contracts and held that he personally had
standing to bring the accounting action for royalties payable to P-Funk. (Lewis
Decl. ¶ 17, Exh. 2.) On appeal, the Ninth Circuit affirmed the district court's ruling.
(Lewis Decl. ¶ 19, Exh. 3.)

In any event, because all but one of the Clinton Entities have been either
suspended or administratively dissolved for years, some for nearly three decades, the
only business that could be legitimately conducted by these entities would be strictly
limited to the business appropriate to wind up and liquidate their business and
affairs, culminating in the distribution of any remaining property to the shareholder
according to his interests. CAL. CORP. CODE §§ 2001, 2004 (California); WASH.
REV. CODE § 23B.14.050 (Washington); FLA. STAT. § 607.1405 (Florida); MICH.
COMP. LAWS §§ 450.1833, 450.1855a (Michigan); N.Y. BUS. CORP. LAW § 1005
(2001) (New York). As the sole shareholder of the various dissolved entities,
Defendant stands to receive all of these entities' "assets," namely rights to payments
that have historically been paid to Defendant personally.

In light of the foregoing, Defendant should not be allowed to avoid his
personal liabilities simply because certain royalties due or to become due to him are
paid through the Clinton Entities. Defendant has recognized—implicitly at least,
and in the case of P-Funk, expressly—that any moneys of his Clinton Entities are his
own, and he has treated them as his, having used them to satisfy his personal
obligations. Therefore, any rights to payment due or to become due to the Clinton
Entities from the Royalty Payors should also be assigned to Plaintiff to the extent
necessary to satisfy Plaintiff's judgment.

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## C. An Order Restraining Defendant From Encumbering, Assigning or Disposing of His Rights to Payments Due or to Become Due From the Royalty Payors is Essential.

"When an application is made pursuant to § 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned." CAL. CODE CIV. PROC. § 708.520. "Courts have issued restraining orders so that [the assigned rights to payment] might be available for satisfaction of the judgment." *UMG Recordings*, 2009 WL 2213678, at *3.

"The court may issue an order pursuant to this section upon a showing of need for the order." CAL. CODE CIV. PROC. § 708.520. A judgment creditor's need for a restraining order may be shown by providing evidence of the judgment debtor's "conduct in defaulting on the payment program under the [parties'] settlement agreement, and refusing voluntarily to satisfy the judgment against it[.]" *UMG Recordings*, 2009 WL 2213678, at *3.

As set forth herein, *supra* at p. 7, Mr. Clinton has failed voluntarily to satisfy any portion of the judgment. He even refused to authorize the application of the funds remaining in his client trust account to the balance owed to Plaintiff, and has reneged on his promise to apply royalty streams to his substantial debt to Plaintiff.

Defendant already encumbered (at least for a time) his right to royalties from BMI, which is believed to be among his most lucrative sources of revenue. Specifically, Defendant assigned to US Bank a security interest in his right to payments from BMI. US Bank perfected its security interest in the BMI royalties by filing a UCC-1 financing statement with the Florida Secretary of State in 2007, 2008, and 2009. (Neely Decl. ¶ 46, Exh. 23.)

On August 17, 2010, Defendant announced through his "George Clinton and Parliament Funkadelic" MySpace.com blog that he was gifting a 25 percent interest in four of his most well-known sound recordings (Lewis Decl. ¶ 32, Exh. 8.),

21

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

granting to "The Barack Obama Green Charter High School Foundation" a 25

percent interest in his song writer's and publisher's royalties from various of his

Clinton Entities. (Lewis Decl. ¶ 32, Exh. 8.)

Given Defendant's failure voluntarily to satisfy the judgment against him, and

his gifting of assets that may prevent Plaintiff from being paid promptly, it is

irrefutable that Defendant should be restrained from making any further assignments

or encumbrances of his rights to payments. Accordingly, an order restraining

Defendant from assigning or encumbering the rights to payment set forth herein

should be entered so that such rights to payment may be assigned to Plaintiff to the

extent necessary to satisfy the judgment.

### D. Defendant Should be Ordered to Turn Over Documentary Evidence of Any and All Payments Due or To Become Due to Him or His Inactive Business Entities.

If a writ of execution is issued, the judgment creditor may apply to the court

ex parte, or on noticed motion if the court so directs or a court rule so requires, for

an order directing the judgment debtor to transfer to the levying officer either or both

of the following:

(1) Possession of the property sought to be levied upon if the property is

sought to be levied upon by taking it into custody.

(2) Possession of documentary evidence of title to property of or a debt owed

to the judgment debtor that is sought to be levied upon.

CAL. CODE CIV. PROC. § 699.040(a).

"The court may issue an order pursuant to this section upon a showing of need

for the order." CAL. CIV. PROC. CODE § 699.040(b).

Here, a writ of execution was issued by the United States District Court for

the Central District of California on October 26, 2010. Thus, this Court may

properly issue a turnover order pursuant to § 699.040. *UMG Recordings*, 2009 WL

2213678, at *4.

22

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    There is a need for issuance of a turnover order when a judgment debtor
2    "refus[es] to pay any portion of the settlement amount or judgment." *UMG*
3    *Recordings*, 2009 WL 2213678, at *4 (finding that "a turnover order [was]
4    appropriate to help curtail [the judgment debtor's] dilatory tactics and give effect to
5    the assignment order").
6        Here, as described above, Defendant failed voluntarily to satisfy the judgment
7    against him; refused to respond to Plaintiff's proposals for settlement and payment
8    plan; and attempted to prevent Plaintiff from being paid by encumbering his
9    significant royalty streams and by redirecting payment of certain royalties that he
10   had promised to pay to Plaintiff.
11       Consequently, to facilitate the assignment to Plaintiff of Defendant's rights to
12   payment and to give effect to the assignment order sought by Plaintiff, Defendant
13   should be required to fully disclose his and the Clinton Entities' rights to payments
14   due or to become due.  Accordingly, Plaintiff requests that this Court enter an order
15   pursuant to § 699.040 directing Defendant to turn over documentary evidence of
16   rights to payments due or to become due from the Royalty Payors to Mr. Clinton
17   and the Clinton Entities, and from the Clinton Entities to Mr. Clinton.

18              **IV.    CONCLUSION**
19       In spite of the fact that Mr. Clinton receives significant, regular royalties, he
20   has repeatedly failed and consistently refused voluntarily to satisfy Hendricks &
21   Lewis' more than $1.6 million judgment against him.  More specifically,
22   Mr. Clinton has attempted to delay payment to Hendricks & Lewis at every juncture,
23   by unsuccessfully seeking to continue the arbitration hearing of the parties' dispute
24   over the fees owed by Mr. Clinton to Hendricks & Lewis; unsuccessfully opposing
25   the judicial confirmation of the arbitration award against him; refusing to authorize
26   the application of the funds remaining in his client trust account to his debt to
27   Hendricks & Lewis; gifting his royalties to a third party; and opposing the Florida
28

23

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

garnishment of his bank account.[7] Accordingly, Hendricks & Lewis respectfully requests the entry of (i) an order pursuant to Section 708.510 assigning to Hendricks & Lewis rights to payment of royalties due or to become due from Royalty Payors to Defendant and to the Clinton Entities to the extent necessary to satisfy the unpaid portion of Plaintiff's judgment against Defendant; (ii) an order pursuant to Section 708.520 restraining Defendant from assigning, selling or otherwise encumbering any such rights to payment; and (iii) an order pursuant to Section 699.040 requiring Defendant to turn over any documentary evidence of the rights to payment due or to become due sought to be assigned hereby.

DATED:  December 23, 2010

DAVIS WRIGHT TREMAINE LLP
MARY H. HAAS

- and -

HENDRICKS & LEWIS PLLC
KATHERINE HENDRICKS

By: _____
                    Mary H. Haas

Attorneys for Plaintiff
HENDRICKS & LEWIS PLLC

---

[7] In light of the significant expense of enforcing its judgment against Mr. Clinton, Hendricks & Lewis intends to seek recovery of its fees and costs pursuant to Cal. Code Civ. Proc. Section 685.070(b).

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

# ROYALTY PAYORS

1. **UNIVERSAL MUSIC GROUP, INC.; UNIVERSAL MUSIC GROUP; and UMG RECORDINGS, INC.**

    a)    10 Universal City Plaza, Universal City, California 91608;

    b)    Royalty Department, 3I – Island Mercury, P.O. Box 3982, North Hollywood, California 91609;

    c)    2220 Colorado Avenue, Santa Monica, California 90404;

    d)    1755 Broadway, New York, New York 10019;

    e)    825 Eighth Avenue, New York, New York 10019; and

    f)    P.O. Box 560519, Charlotte, NC 28256-0519

2. **CAPITOL RECORDS; CAPITOL RECORDS GROUP; CAPITOL RECORDS, INC.; CAPITOL RECORDS, LLC; and CAPITOL RECORDS NORTH AMERICA**

    a)    1750 North Vine Street, Hollywood, California 90028

3. **EMI MUSIC; EMI MUSIC NORTH AMERICA; EMI – STONE DIAMOND MUSIC CORPORATION; EMI MUSIC PUBLISHING; EMI LONGITUDE MUSIC; and EMI GROUP LIMITED**

    a)    810 Seventh Avenue, New York, New York 10019;

    b)    Legal Department, 150 Fifth Avenue, New York, New York 10011;

    c)    Royalty Services, Harborside Financial Center, Plaza 10, 3 Second Street, 9th Floor, Jersey City, New Jersey 07311;

    d)    75 Ninth Avenue, 4th Floor, New York, New York 10011; and

    e)    810 Seventh Avenue, 36th Floor, New York, New York 10019

4. **BMI – BROADCAST MUSIC, INC.**

    a)    320 West 57th Street, New York, New York 10019-3790; and

    b)    10 Music Square East, Nashville, Tennessee 37203

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5.    CAFEPRESS.COM
      a)    950 Tower Lane, Suite 600, Foster City, California 98804
6.    EVAN M. GREENSPAN, INC. LICENSE TRUST
      a)    4181 Sunswept Dr. 2nd Floor, Studio City, California 91604
7.    JOBETE MUSIC COMPANY, INC.
      a)    6255 Sunset Boulevard, 18th Floor, Los Angeles, California 90028
8.    AARC, ROYALTY DISTRIBUTION
      a)    700 North Fairfax Street, Suite 601, Alexandria, Virginia 22314
9.    SOUNDEXCHANGE
      a)    1121 Fourteenth Street NW, Suite 700, Washington, DC 20005

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT B

# PERTINENT CLINTON ENTITIES

| State | Name | Registration Number | Date of Dissolution / Inactive Status |
|-------|------|---------------------|---------------------------------------|
| California | P-Funk, Inc. | C1026803 | Unknown |
| California | Clijo Productions, Inc. | C1062359 | Unknown |
| California | Disc and Dat, Inc. I | C1137044 | Unknown |
| California | Disc and Date, Inc. II | C1134045 | Unknown |
| Florida | What Production Company, Inc. | 539499476 | 09/14/2007 |
| Florida | Tick Free Music Publishing, Inc. | 582403733 | 09/14/2007 |
| Florida | The Dog In Me, Inc. | 593438224 | 09/14/2007 |
| Florida | The C Kunspyruhzy, LLC | | |
| Florida | PFunk Nation Celebration, Inc. | Unknown | 09/16/2005 |
| Michigan | Egmitt Productions, Inc. | 326209 | 05/15/1988 |
| Michigan | A Scoop of Poop Productions, Inc. | 140477 | 07/15/1998 |
| Unknown | Exoskeletol | Unknown | Unknown |

MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER,
TURNOVER ORDER
DWT 16114865v3 0081687-000003

DAVIS WRIGHT TREMAINE LLP
365 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 2

**2:10-mc-50923-PDB-MKM** Certification of Judgment 10-0253 Western District of Washington et al v. Clinton
Paul D. Borman, presiding
Mona K. Majzoub, referral
**Date filed:** 08/10/2010
**Date of last filing:** 08/10/2010

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed:* 08/10/2010<br>*Entered:* 08/11/2010 | 🌐 Registration of Judgment |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/11/2012 16:45:16 | | |
| **PACER Login:** dt0766 | **Client Code:** | |
| **Description:** History/Documents | **Search Criteria:** | 2:10-mc-50923-PDB-MKM |
| **Billable Pages:** 1 | **Cost:** | 0.10 |

3

# United States District Court

## WESTERN DISTRICT OF WASHINGTON

Hendricks & Lewis PLLC,
a Washington professional limited
liability company

V.

George Clinton, an individual

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN**

Case:2:10-mc-50923
Judge: Borman, Paul D
MJ: Majzoub, Mona K
Filed: 08-10-2010 At 03:27 PM
CERT OF JGM HENDRICKS & LEWIS V GEO
RGE CLINTON (LG)

Case Number: CV10-0253-JCC

I, BRUCE RIFKIN, Clerk of this United States District Court certify that the attached

amended judgment is a true and correct copy of the original amended judgment entered in this

action on May 28, 2010, as it appears in the records of this court, and that no notice of appeal from

this judgment has been filed, and no motion of any kind listed in the Rule 4(a) of the Federal Rules

of Appellate Procedure has been filed..

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on August

3, 2010.

_____
    BRUCE RIFKIN
*Clerk*

_____
*C. Ledesma, Deputy Clerk*

Case 2:13-cv-00851-RSL Document 41 Filed 05/14/12 Page 88 of 133
Case 2:10-cv-00253-RSL-MD Document 15 Filed 05/14/12 Page 4 of 19-32
Case 2:10-cv-00253-JCC   Document 33   Filed 05/28/10   Page 1 of 2

1

2

3

4

5

6

                                  Case:2:10-mc-50923
                                  Judge: Borman, Paul D
                                  MJ: Majzoub, Mona K
                                  Filed: 08-10-2010 At 03:27 PM
                                  CERT OF JGM HENDRICKS & LEWIS V GEO
                                  RGE CLINTON (LG)

7

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

9

10

11

12

13

14

| HENDRICKS & LEWIS PLLC, a Washington professional limited liability company, | Case No. C10-0253-JCC |
|---|---|
| Petitioner, | AMENDED JUDGMENT |
| vs. | |
| GEORGE CLINTON, an individual, | |
| Respondent. | |

15

16

     The Final Award dated February 4, 2010, issued in the matter of *Hendricks & Lewis,*

17

*PLLC and George Clinton*, Case Number 75-194-Y-000102-09, before the American Arbitration

18

Association, having been confirmed by Order of this Court on May 27, 2010, IT IS ADJUDGED

19

that Petitioner Hendricks & Lewis, PLLC is awarded JUDGMENT in its favor as follows:

20

     1.     Final Judgment in favor of Hendricks & Lewis, PLLC and against Respondent

21

George Clinton in the amount of $1,675,639.82.

22

     2.     The amount awarded by this Judgment shall accrue post-judgment interest at .38

23

percent, as provided in 28 U.S.C. § 1961, from the date of entry of this Judgment.

24

     3.     Petitioner Hendricks & Lewis, PLLC is awarded taxable costs against Respondent

25

George Clinton.

26

//

                                   CERTIFIED TRUE COPY
                             ATTEST: BRUCE RIFKIN

27

                             Clerk, U.S. District Court
                 Western District of Washington

28

                             By _Consuelo O. Ledesma_
                                     Deputy Clerk

JUDGMENT -- 1
{89915.DOC}

Case 2:12-cv-00612-RSL   Document 41   Filed 05/24/12   Page 89 of 133
Case 2:10-cv-00253-MJP   Document 15   Filed 05/04/12   Page 5 of 10
Case 2:10-cv-00253-JCC   Document 33   Filed 05/28/10   Page 2 of 2

1      4.     The Clerk shall enter Final Judgment in favor of Hendricks & Lewis, PLLC in

2  accordance herewith.

3      DATED this 28th day of May, 2010.

4

5

6

7

8                                          John C. Coughenour
                                           UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT -- 2
{89915.DOC}

# EXHIBIT 3

CM/ECF - U.S. District Court:flnd-History/Documents Query                    Page 1 of 3

Case 2:12-mc-00841-RSL Document 1-1 Filed 05/14/12 Page 91 of 133
Case MDL No. 2383 Document 14-1 Filed 05/14/12 Page 9 of 11

**4:10-mc-00055-SPM-CAS** HENDRICKS AND LEWIS PLLC v. CLINTON
STEPHAN P MICKLE, presiding
CHARLES A STAMPELOS, referral
**Date filed:** 08/16/2010
**Date of last filing:** 04/02/2012

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* *Entered:* | 08/16/2010 08/18/2010 | Registration of Foreign Judgment |
| 2 | *Filed & Entered:* *Terminated:* | 09/24/2010 10/08/2010 | Motion for Writ of Garnishment |
| | *Filed & Entered:* | 09/27/2010 | Action Required by Magistrate Judge |
| 3 | *Filed & Entered:* | 09/28/2010 | Order |
| | *Filed & Entered:* | 10/07/2010 | Action Required by Magistrate Judge |
| 4 | *Filed & Entered:* *Terminated:* | 10/07/2010 10/08/2010 | Motion for Reconsideration |
| 5 | *Filed & Entered:* | 10/07/2010 | Filing Fee Received |
| 6 | *Filed:* *Entered:* | 10/08/2010 10/12/2010 | Order |
| 7 | *Filed & Entered:* | 10/13/2010 | Writ Issued |
| 8 | *Filed & Entered:* | 10/20/2010 | Acknowledgment of Service |
| 9 | *Filed:* *Entered:* | 10/20/2010 10/22/2010 | Answer to Writ of Garnishment |
| | *Filed & Entered:* | 10/21/2010 | Action Required by Magistrate Judge |
| | *Filed & Entered:* | 10/22/2010 | Action Required by Magistrate Judge |
| 10 | *Filed & Entered:* | 10/27/2010 | Order |
| 11 | *Filed & Entered:* | 10/28/2010 | Docket Annotation |
| 12 | *Filed & Entered:* *Terminated:* | 11/12/2010 11/16/2010 | Motion for Default Judgment |
| 13 | *Filed & Entered:* | 11/16/2010 | Clerk's Entry of Default |
| 14 | *Filed & Entered:* *Terminated:* | 11/18/2010 01/21/2011 | Motion for Miscellaneous Relief |
| | *Filed & Entered:* | 11/19/2010 | Action Required by Magistrate Judge |
| 15 | *Filed:* *Entered:* | 11/22/2010 11/23/2010 | Order |
| 16 | *Filed & Entered:* | 12/06/2010 | Notice of Appearance |
| 17 | *Filed & Entered:* | 12/06/2010 | Answer to Complaint |
| 18 | *Filed & Entered:* *Terminated:* | 12/06/2010 12/10/2010 | Motion for Extension of Time to File Response/Reply |

| 19 | *Filed & Entered:* | 12/08/2010 | 🌐 Response in Opposition to Motion |
|----|----|----|----|
| 20 | *Filed & Entered:* | 12/10/2010 | 🌐 Order |
| 21 | *Filed & Entered:*<br>*Terminated:* | 12/13/2010<br>01/21/2011 | 🌐 Motion to Set Aside Default |
| 22 | *Filed & Entered:* | 12/15/2010 | 🌐 Response to Motion |
| 23 | *Filed:*<br>*Entered:* | 12/15/2010<br>12/16/2010 | 🌐 Order of Recusal |
|    | *Filed & Entered:* | 12/16/2010 | 🌐 Action Required by District Judge |
| 24 | *Filed & Entered:* | 01/21/2011 | 🌐 Order Reassigning Case |
| 25 | *Filed & Entered:* | 01/21/2011 | 🌐 Order |
| 26 | *Filed & Entered:* | 02/01/2011 | 🌐 Reply to Response to Motion |
|    | *Filed & Entered:* | 02/02/2011 | 🌐 Action Required by District Judge |
| 27 | *Filed & Entered:*<br>*Terminated:* | 02/04/2011<br>02/15/2011 | 🌐 Motion to Quash |
|    | *Filed & Entered:* | 02/07/2011 | 🌐 Action Required by Magistrate Judge |
| 28 | *Filed & Entered:* | 02/08/2011 | 🌐 Order on Motion to Quash |
|    | *Filed & Entered:* | 02/09/2011 | 🌐 Set Deadlines/Hearings: |
| 29 | *Filed & Entered:* | 02/09/2011 | 🌐 Application for Writ |
|    | *Filed & Entered:* | 02/11/2011 | 🌐 Action Required by District Judge |
| 31 | *Filed & Entered:* | 02/11/2011 | 🌐 Response/Reply |
| 32 | *Filed & Entered:* | 02/14/2011 | 🌐 Response to Motion |
| 33 | *Filed & Entered:* | 02/14/2011 | 🌐 Amended Document |
|    | *Filed & Entered:* | 02/15/2011 | 🌐 Action Required by Magistrate Judge |
|    | *Filed & Entered:* | 02/15/2011 | 🌐 Action Required by District Judge |
| 34 | *Filed & Entered:* | 02/15/2011 | 🌐 Order on Motion to Quash |
| 35 | *Filed & Entered:*<br>*Terminated:* | 02/18/2011<br>08/03/2011 | 🌐 Motion to Stay |
|    | *Filed & Entered:* | 02/23/2011 | 🌐 Set Deadlines/Hearings: |
|    | *Filed & Entered:* | 02/25/2011 | 🌐 Action Required by District Judge |
| 36 | *Filed & Entered:* | 02/25/2011 | 🌐 Response in Opposition to Motion |
| 37 | *Filed & Entered:* | 03/02/2011 | 🌐 Response in Opposition to Motion |
|    | *Filed & Entered:* | 03/03/2011 | 🌐 Action Required by District Judge |
| 38 | *Filed & Entered:* | 03/03/2011 | 🌐 Docket Annotation |
| 39 | *Filed & Entered:* | 04/22/2011 | 🌐 Notice of Appearance |
|    | *Filed & Entered:* | 08/03/2011 | 🌐 Action Required by Magistrate Judge |
| 40 | *Filed & Entered:* | 08/03/2011 | 🌐 Order |
| 41 | *Filed:*<br>*Entered:*<br>*Terminated:* | 08/09/2011<br>08/10/2011<br>10/13/2011 | 🌐 Report and Recommendation |

|     | Filed & Entered: | 09/09/2011 | 🌐 Action Required by District Judge |
|-----|------------------|------------|-------------------------------------|
| [42](#) | Filed:<br>Entered: | 10/12/2011<br>10/13/2011 | 🌐 Order Adopting Report and Recommendation |
|     | Filed & Entered: | 10/13/2011 | 🌐 Action Required by Magistrate Judge |
| [43](#) | Filed & Entered: | 10/13/2011 | 🌐 Clerk's Judgment |
| 44  | Filed & Entered: | 10/13/2011 | 🌐 Writ Issued |
| 45  | Filed & Entered: | 11/03/2011 | 🌐 Writ Issued |
| [46](#) | Filed:<br>Entered: | 04/02/2012<br>04/03/2012 | 🌐 Order Reassigning Case |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/11/2012 15:47:50 | | | |
| **PACER Login:** | dt0766 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 4:10-mc-00055-SPM-CAS |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |



# HENDRICKS & LEWIS PLLC

901 Fifth Avenue  Suite 4100  Seattle, Washington 98164
TEL: (206) 624-1933  FAX: (206) 583-2716  WEB: www.hllaw.com

August 12, 2010                4:10mc55-RH/WCS

United States District Court
Northern District of Florida
Clerk's Office
111 N. Adams Street
Tallahassee, FL 32301-7730

**Re:  Registration of Out-of-District Judgment**

Dear Clerk:

Please find herein enclosed: **1)** an original form AO 451 Certification of Judgment for Registration in Another District with USDC Clerk's signature and stamp from the United States District Court for the Western District of Washington, dated August 3, 2010, plus two copies of the same; **2)** a certified copy with USDC Clerk's signature and stamp of the Amended Judgment in *Hendricks & Lewis PLLC v. George Clinton*, Case No. C10-0253-JCC, dated May 28, 2010, plus two copies of same; **3)** a check for the miscellaneous filing fee for registration of judgment from another district in the amount of $39.00; and **4)** an addressed postage-prepaid envelope for the return copies from the USDC-FLND.

If there are any questions about this filing request, I would very much appreciate if you would call my direct line at (206) 315-9158 or the law firm main line at (206) 624-1933.

Thank you!

Sincerely,

HENDRICKS & LEWIS

Mark Washburn
Paralegal

Enclosures

Filed 0817'10UsDcFlnd4PM1248

{92289.DOC}

# United States District Court

### WESTERN DISTRICT OF WASHINGTON

Hendricks & Lewis PLLC,
a Washington professional limited
liability company

V.

George Clinton, an individual

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

4:10mc55-RH/WCS

Case Number: CV10-0253-JCC

      I, BRUCE RIFKIN, Clerk of this United States District Court certify that the attached

amended judgment is a true and correct copy of the original amended judgment entered in this

action on May 28, 2010, as it appears in the records of this court, and that no notice of appeal from

this judgment has been filed, and no motion of any kind listed in the Rule 4(a) of the Federal Rules

of Appellate Procedure has been filed..

      IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on August

3, 2010.

                        BRUCE RIFKIN
*Clerk*

                                                        
*C. Ledesma, Deputy Clerk*

Filed 08/17 10 USDC Fln 4PM 12:48

4:10mc55-RH/wcs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICKS & LEWIS PLLC, a Washington professional limited liability company,

           Petitioner,

    vs.

GEORGE CLINTON, an individual,

           Respondent.

Case No. C10-0253-JCC

AMENDED JUDGMENT

     The Final Award dated February 4, 2010, issued in the matter of *Hendricks & Lewis, PLLC and George Clinton*, Case Number 75-194-Y-000102-09, before the American Arbitration Association, having been confirmed by Order of this Court on May 27, 2010, IT IS ADJUDGED that Petitioner Hendricks & Lewis, PLLC is awarded JUDGMENT in its favor as follows:

     1.     Final Judgment in favor of Hendricks & Lewis, PLLC and against Respondent George Clinton in the amount of $1,675,639.82.

     2.     The amount awarded by this Judgment shall accrue post-judgment interest at .38 percent, as provided in 28 U.S.C. § 1961, from the date of entry of this Judgment.

     3.     Petitioner Hendricks & Lewis, PLLC is awarded taxable costs against Respondent George Clinton.

//

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington

By _Consuelo O. Ledesma_
                 Deputy Clerk

JUDGMENT -- 1
{89915.DOC}

1    4.    The Clerk shall enter Final Judgment in favor of Hendricks & Lewis, PLLC in

2  accordance herewith.

3       DATED this 28th day of May, 2010.

4

5

6

7

8       John C. Coughenour
        UNITED STATES DISTRICT JUDGE
9

JUDGMENT -- 2
{89915.DOC}

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HENDRICKS AND LEWIS PLLC,
a Washington Professional Limited
Liability Company,

       Plaintiff,                             CASE NO. 4:10-mc-00055-RH-WCS

vs.

GEORGE CLINTON, an individual,

       Defendant.

_____/

## MOTION FOR ISSUANCE OF WRIT OF GARNISHMENT
## AND MEMORANDUM OF LAW
### (After Judgment)

Plaintiff, HENDRICKS AND LEWIS PLLC ("Hendricks"), by and through its undersigned attorneys, files this Motion for Writ of Garnishment pursuant to Federal Rule of Civil Procedure 64 and Florida Statutes § 77.01 *et esq.* , and states:

1.     On or about February 4, 2010, Hendricks obtained a Final Judgment, including a money judgment against the Defendant, George Clinton, in the above-styled Court, for the sum of $1,675,639.82, plus interest since February 4, 2010, at the applicable federal judgment rate (the "Judgment"). A true and correct copy of the Judgment is attached as Exhibit A.

2.     The sum of $1,675,639.82, plus interest since February 4, 2010, still remains due and unpaid on the Judgment.

3.     Plaintiff expects to recover $1,675,639.82, plus interest, in this suit of garnishment.

4.     Plaintiff does not believe that the Defendant has in his possession visible property upon which a levy can be made sufficient to satisfy the Judgment.

{TL258051;1}

5.      Plaintiff has reason to believe that Garnishee, FARMERS & MERCHANTS BANK, has money or tangible or intangible personal property of the Defendant to satisfy this Judgment.

6.      Pursuant to Federal Rule of Civil Procedure 64, ". . . all remedies providing for seizure of . . . property for the purpose of securing satisfaction of the judgment . . . are available under the circumstances and in the manner provided by the law of the state in which the district court is held . . . ." Fed. R. Civ. P. 64.

7.      Florida Statute § 77.01 provides in pertinent part as follows:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person.

8.      In order to garnish funds of a defendant, a plaintiff must first procure leave of court to issue a writ of garnishment. Alejandre v. The Republic of Cuba, 64 F. Supp. 2d 1245, 1247 (S.D. Fla. 1999).

9.      Accordingly, in compliance with Federal Rule of Civil Procedure 64 and Florida Statutes § 77.01, et seq., the Receiver requests that this Court direct the Clerk of Court to issue the Writ of Garnishment attached hereto as Exhibit B.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter its proposed order granting Hendrick's motion, attached hereto as Exhibit C, directing the Clerk of this Court to issue Writ of Garnishment as to Defendant/Judgment Debtor, as follows:

1.      Directed to Garnishee, FARMERS & MERCHANTS BANK, 3490 North Monroe Street, Tallahassee, FL 32303.

DATED this 24th day of September, 2010.

Respectfully submitted,

**AKERMAN SENTERFITT**
Attorneys for Plaintiff
106 E. College Avenue
Suite 1200
Tallahassee, FL 32301
Phone: (850) 224-9634
Fax: (850) 222-0103

By: _____
J. MARTIN HAYES
Florida Bar No. 971766
Email: martin.hayes@akerman.com

# EXHIBIT 4

**2:11-mc-00027-JLR** Hendricks & Lewis PLLC v. Clinton et al
James L. Robart, presiding
**Date filed:** 02/16/2011
**Date of last filing:** 02/28/2011

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* | 02/16/2011 | ⬤ Application for Writ of Garnishment |
|   | *Entered:* | 02/17/2011 | |
| 2 | *Filed & Entered:* | 02/17/2011 | ⬤ Writ Issued |
| 3 | *Filed:* | 02/23/2011 | ⬤ Certificate of Service |
|   | *Entered:* | 02/25/2011 | |
| 4 | *Filed:* | 02/28/2011 | ⬤ Answer to Writ of Garnishment |
|   | *Entered:* | 03/02/2011 | |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/11/2012 13:50:58 | | |
| **PACER Login:** | dt0766 | **Client Code:** |
| **Description:** | History/Documents | **Search Criteria:** | 2:11-mc-00027-JLR |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICKS & LEWIS PLLC, a Washington
professional limited liability company,

        Plaintiff, Judgment
        Creditor

vs.

GEORGE CLINTON, an individual,

        Defendant, Judgment
        Debtor,

vs.

WELLS FARGO BANK, N.A., a national
banking corporation,

        Garnishee.

Case No.

APPLICATION FOR WRIT OF
EXECUTION/GARNISHMENT

The undersigned states:

Submitted herewith is the fee of $39.00, payable to the clerk of the above-entitled court.

As the attorney for Plaintiff Hendricks & Lewis, PLLC, I am making this application for a Writ of Garnishment on Plaintiff's behalf.

1.    Plaintiff obtained a final Amended Judgment on May 28, 2010, including a money judgment against the Defendant, George Clinton, in U.S. District Court for the Western District of Washington, for the sum of $1,675,639.82, plus interest since May 28, 2010, at the

APPLICATION FOR WRIT OF EXECUTION/GARNISHMENT - 1
{96145.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

applicable federal judgment rate (the "Judgment"). (*See* Exh. A attached hereto.) An award of costs of $940.00 was made on June 28, 2010. (*See* Exh. B attached hereto.)

    2.    The sum of $1,633,218.68 remains due and unpaid on the Judgment, which amount includes interest through February 15, 2011, and Court awarded and other costs permitted by statute (interest to be calculated at $16.99 per diem after February 15, 2011) (*See* Exh. C attached hereto regarding calculations detail.) The amount alleged to be due and still owing is summarized as follows:

Unpaid balance of Judgment

Unpaid Judgment (plus interest and
previous statutory costs)         $1,633,218.68

Estimated Wells Fargo Garnishment Costs

| | | |
|---|---|---|
| Filing Fee | $ | 39.00 |
| Service and affidavit fees | | 60.00 |
| Postage and Costs of Certified Mail | | 7.00 |
| Answer Fee | | 20.00 |
| Garnishment attorney fee | | 250.00 |
| Total Wells Fargo Garnishment Costs | | $376.00 |

**Total Amount Owed**         **$1,633,594.68**

    3.    Plaintiff has reason to believe, and does believe, that the above-named garnishee, Wells Fargo Bank, N.A. ("Wells Fargo"), has in its possession or under its control money, accounts, deposits, personal property or effects belonging to Judgment Debtor which are not exempt from garnishment by any state or federal law, including funds or money of the Judgment Debtor held in accounts, deposits, or otherwise.

    4.    Wells Fargo is a national bank with branches located within Washington State. Wells Fargo - Seattle Main Branch, located at 999 3rd Avenue, Seattle, Washington 98104 is a place for service of process on the financial institution pertaining to accounts nationwide. Plaintiff has reason to believe, and does believe, that George Clinton has at least one checking or savings accounts at Wells Fargo.

APPLICATION FOR WRIT OF EXECUTION/GARNISHMENT - 2
{96145.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

1    5.    The garnishment applied for herewith is not sued out to injure either the

2    Defendant or the garnishee.

3    6.    Plaintiff has reason to believe, and does believe, that Wells Fargo is not the

4    employer of the Judgment Debtor.  The Judgment Debtor is an individual and renowned

5    musician whose last known address is 1300 Hendrix Road, Tallahassee, Florida 32301.

6    7.    The Judgment Debtor holds accounts at Wells Fargo including at least the

7    following: Acct. No. XXXXXX3309.

8    8.    The Judgment Debtor's social security number is XXX-XX-8412.

9    DATED at Seattle, Washington, this _15th_ day of February, 2011.

10                                    Hendricks & Lewis, PLLC

11

12

13

14    Katherine Hendricks
       Attorney for Plaintiff
15    901 Fifth Avenue, Suite 4100
       Seattle, Washington  98164
16    (206) 624-1933
       kh@hllaw.com

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR WRIT OF EXECUTION/GARNISHMENT - 3
{96145.DOC}

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICKS & LEWIS PLLC, a Washington professional limited liability company,

               Petitioner,

vs.

GEORGE CLINTON, an individual,

               Respondent.

Case No. C10-0253-JCC

AMENDED JUDGMENT

     The Final Award dated February 4, 2010, issued in the matter of *Hendricks & Lewis, PLLC and George Clinton*, Case Number 75-194-Y-000102-09, before the American Arbitration Association, having been confirmed by Order of this Court on May 27, 2010, IT IS ADJUDGED that Petitioner Hendricks & Lewis, PLLC is awarded JUDGMENT in its favor as follows:

     1.     Final Judgment in favor of Hendricks & Lewis, PLLC and against Respondent George Clinton in the amount of $1,675,639.82.

     2.     The amount awarded by this Judgment shall accrue post-judgment interest at .38 percent, as provided in 28 U.S.C. § 1961, from the date of entry of this Judgment.

     3.     Petitioner Hendricks & Lewis, PLLC is awarded taxable costs against Respondent George Clinton.

//

JUDGMENT -- 1
{89915.DOC}

4.      The Clerk shall enter Final Judgment in favor of Hendricks & Lewis, PLLC in accordance herewith.

DATED this 28th day of May, 2010.


John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT  B

1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

5

6

HENDRICKS & LEWIS PLLC,

7

Petitioner,

8

v.

Case No. C10-253JCC

9

GEORGE CLINTON,

TAXATION OF COSTS

10

Respondent.

11

12    Costs in the above-entitled action are hereby taxed against RESPONDENT GEORGE

13  CLINTON and on behalf of PETITIONER in the amount of $940.00.

14    Dated this ____28th____ day of JUNE, 2010 .

15

16

17

18  Bruce Rifkin

19  Clerk, U.S. District Court

20

21

22

23

24

25

26  TAXATION OF COSTS -- 1

# EXHIBIT  C

Page 000009

**Clinton Accounting - Current Judgment Amounts**

**Client/Matter No. 888.153**

| | | | |
|---|---|---|---|
| Fees | $ | 1,511,629.65 | Awarded by AAA on 2/4/2010 |
| Costs | $ | 8,083.09 | Awarded by AAA on 2/4/2010 |
| | $ | 1,519,712.74 | |
| | | | |
| Fees | $ | 81,000.00 | Awarded by AAA on 2/4/2010 |
| Costs | $ | 74,927.08 | Awarded by AAA on 2/4/2010 |
| | $ | 155,927.08 | |
| | | | |
| Total AAA Award | $ | 1,675,639.82 | Amended Judgment USDC, WDWA 05/28/2010 at .38 percent interest ($17.45/day) |
| | $ | 940.00 | Taxation of Costs 6/28/2010 (no %) |
| Interest thru 7/23/2010 | $ | 977.20 | Writ of Garnishment (based on interest of $17.45 per day) |
| Interest thru 9/2/2010 | $ | 787.80 | Default Judgment and Order to Pay 09/02/2010 (based on interest of $17.45 per day) |
| Adjustment | $ | (54.90) | Adjust to correct previous calculations 11/3/2010 |
| Garnishment Costs | $ | 130.63 | Default Judgment and Order to Pay 09/02/2010 |
| Garnishment Fees | $ | 250.00 | Default Judgment and Order to Pay 09/02/2010 |
| Interest 09/03-10/14/2010 | $ | 732.90 | Based on interest of $17.45 per day |
| | | | |
| Payment 10/15/2010 | $ | (39,304.79) | Garnishment; USDC, Western District of Washington |
| Interest 10/15-11/23/2010 | $ | 681.60 | Based on interest of $17.04 per day |
| Subtotal | $ | 1,640,780.26 | |
| | | | |
| Payment 11/24/2010 | $ | (8,621.00) | Garnishment; USDC, Northern District of California |
| | | | |
| Interest 11/24-12/10/2010 | $ | 288.83 | Based on interest of $16.99 per day |
| Subtotal | $ | 1,632,448.09 | |
| | | | |
| Interest 12/11/2010-01/04/2011 | $ | 424.75 | Based on interest of $16.99 per day |
| Subtotal | $ | 1,632,872.84 | |
| | | | |
| Payment 01/06/2011 | $ | (367.74) | Garnishment; USDC, Middle District of Tennessee |
| | | | |
| Interest 01/05/2011-02/15/2011 | $ | 713.58 | Based on interest of $16.99 per day |
| Subtotal | $ | 1,633,218.68 | |

93372.xls

Page 000010

# EXHIBIT 5

WAWD CM/ECF Version 4.2-History/Documents Query                    Page 1 of 3

Case 2:12-mc-00041-RSL  Document 4-1  Filed 05/14/12  Page 114 of 133
Case MDL No. 2358   Document 1-1   Filed 05/14/12   Page 2 of 11

**2:11-cv-01142-RSL** Clinton v. Hendricks & Lewis PLLC et al
Robert S. Lasnik, presiding
**Date filed:** 07/11/2011
**Date of last filing:** 05/10/2012

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed & Entered:* | 07/11/2011 | Complaint |
| | *Filed & Entered:* | 07/12/2011 | Add and Terminate Judges |
| | *Filed & Entered:* | 07/12/2011 | Notice of Deficiency |
| 2 | *Filed & Entered:* | 07/12/2011 | Summons Issued |
| 3 | *Filed & Entered:* | 07/12/2011 | Civil Cover Sheet |
| 4 | *Filed & Entered:* | 07/14/2011 | Order to Show Cause |
| 5 | *Filed & Entered:*<br>*Terminated:* | 07/14/2011<br>08/01/2011 | Motion Calendar |
| 6 | *Filed & Entered:* | 07/20/2011 | Amended Complaint |
| 7 | *Filed & Entered:* | 07/20/2011 | Certificate of Service |
| 8 | *Filed:*<br>*Entered:* | 07/21/2011<br>07/22/2011 | Summons Returned Executed |
| 11 | *Filed:*<br>*Entered:* | 07/25/2011<br>07/27/2011 | Summons Returned Executed |
| 12 | *Filed:*<br>*Entered:* | 07/25/2011<br>07/27/2011 | Summons Returned Executed |
| 9 | *Filed & Entered:* | 07/26/2011 | Notice of Appearance |
| 10 | *Filed & Entered:* | 07/26/2011 | Notice of Appearance |
| 13 | *Filed & Entered:* | 07/27/2011 | Response to Motion |
| 14 | *Filed & Entered:* | 08/01/2011 | Order Vacating Order to Show Cause |
| 15 | *Filed & Entered:*<br>*Terminated:* | 08/02/2011<br>08/02/2011 | Application for Leave to Appear Pro Hac Vice |
| 16 | *Filed & Entered:* | 08/02/2011 | Order on Application for Leave to Appear Pro Hac Vice |
| 17 | *Filed & Entered:* | 08/04/2011 | Joint Status Report Order |
| 18 | *Filed & Entered:* | 08/05/2011 | Stipulation |
| 19 | *Filed:*<br>*Entered:* | 08/10/2011<br>08/11/2011 | Stipulation and Order |
| 20 | *Filed & Entered:*<br>*Terminated:* | 08/18/2011<br>11/07/2011 | Motion to Dismiss |
| 21 | *Filed & Entered:* | 08/18/2011 | Declaration |
| 22 | *Filed & Entered:* | 08/24/2011 | Order to Show Cause |
| 23 | *Filed & Entered:* | 08/25/2011 | Response to Order to Show Cause |

| 24 | *Filed & Entered:* | 08/26/2011 | Order |
|----|---|---|---|
| 25 | *Filed & Entered:* | 09/07/2011 | Stipulation |
| 26 | *Filed & Entered:* | 09/09/2011 | Order to Re-Note Motion |
| 27 | *Filed & Entered:* | 09/19/2011 | Response to Motion |
| 28 | *Filed & Entered:* | 09/21/2011 | Joint Status Report |
| 29 | *Filed & Entered:* | 09/22/2011 | Minute Order Setting Trial Date and Related Dates |
| 30 | *Filed & Entered:* | 09/30/2011 | Reply to Response to Motion |
| 31 | *Filed & Entered:* | 11/07/2011 | Order on Motion to Dismiss |
| 32 | *Filed & Entered:* | 11/21/2011 | Answer to Amended Complaint |
| 33 | *Filed & Entered:* | 12/09/2011 | Amended Document |
| 34 | *Filed & Entered:*<br>*Terminated:* | 01/03/2012<br>02/27/2012 | Motion to Dismiss |
| 35 | *Filed & Entered:* | 01/23/2012 | Response to Motion |
| 36 | *Filed & Entered:*<br>*Terminated:* | 02/16/2012<br>04/30/2012 | Motion for Summary Judgment |
| 37 | *Filed & Entered:* | 02/16/2012 | Declaration |
| 38 | *Filed & Entered:* | 02/27/2012 | Order on Motion to Dismiss |
| 39 | *Filed & Entered:* | 03/05/2012 | Declaration |
| 40 | *Filed & Entered:* | 03/05/2012 | Response to Motion |
| 41 | *Filed & Entered:* | 03/09/2012 | Reply to Response to Motion |
| 42 | *Filed & Entered:*<br>*Terminated:* | 04/12/2012<br>05/02/2012 | Motion to Withdraw as Attorney |
| 43 | *Filed & Entered:* | 04/12/2012 | Answer to Counterclaim |
| 44 | *Filed & Entered:* | 04/30/2012 | Order on Motion for Summary Judgment |
| 45 | *Filed & Entered:* | 04/30/2012 | Judgment by Court |
| 46 | *Filed:*<br>*Entered:* | 05/02/2012<br>05/03/2012 | Order on Motion to Withdraw as Attorney |
| 47 | *Filed & Entered:* | 05/04/2012 | Motion to Amend |
| 48 | *Filed & Entered:* | 05/04/2012 | Declaration |
| 49 | *Filed & Entered:* | 05/07/2012 | Order Reopening Case |
| 50 | *Filed:*<br>*Entered:* | 05/10/2012<br>05/11/2012 | Order to Show Cause |

**PACER Service Center**

**Transaction Receipt**

05/11/2012 13:53:39

| **PACER Login:** | dt0766 | **Client Code:** | |
|---|---|---|---|
| **Description:** | History/Documents | **Search Criteria:** | 2:11-cv-01142-RSL |

| Billable Pages: | 2 | Cost: | 0.20 |
|---|---|---|---|

1                                           HONORABLE ROBERT S. LASNIK

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

GEORGE CLINTON, an individual resident of      No. 2:11-CV-01142-RSL
9 the State of Florida,

                                         DEFENDANTS' FIRST AMENDED
10                 Plaintiff,                      COUNTERCLAIMS

11       vs.

12 HENDRICKS & LEWIS, PLLC, a Washington
professional limited liability company, and
13 OSCAR YALE LEWIS, JR., an individual
resident of the State of Washington,
14
               Defendants.
15

16                    **FIRST AMENDED COUNTERCLAIMS**

17         1.         Counterclaim-Plaintiff Hendricks & Lewis, PLLC ("Counterclaim-Plaintiff"

18 or "Hendricks & Lewis") is a Washington professional limited liability company with offices

in Seattle, Washington. The owners/members of Hendricks & Lewis are residents of Seattle
19
and citizens of Washington.
20
        2.         Counterclaim-Defendant George Clinton ("Counterclaim-Defendant" or
21 "Clinton") is a resident of the State of Florida.

22

23

DEFENDANTS' FIRST AMENDED COUNTERCLAIMS – PAGE 1            **FORSBERG & UMLAUF, P.S.**
CAUSE NO. 2:11-CV-01142-RSL                               ATTORNEYS AT LAW
                                                       901 FIFTH AVENUE • SUITE 1400
                                                     SEATTLE, WASHINGTON 98164
600117 / 234.0026                                          (206) 689-8500 • (206) 689-8501 FAX

3.      The Court has diversity jurisdiction under 28 U.S.C. § 1332.  There is complete diversity of citizenship between Counterclaim-Plaintiff and Counterclaim-Defendant and the amount in controversy exceeds $75,000.

4.      Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the counterclaims are based occurred in the Western District of Washington in that the judgments that are a subject of the counterclaims were entered in this district, Counterclaim-Defendant has asserted claims here and Counterclaim-Plaintiff asserts permissive counterclaims.

5.      On May 28, 2010, in *Hendricks & Lewis, PLLC v. George Clinton*, Civil Action No. C10-0253-JCC (W.D. Wash.), the Court entered an Amended Judgment in favor of Hendricks & Lewis and against Clinton in the amount of $1,675,639.82.  A true copy of the Amended Judgment is attached hereto as **Exhibit N**.

6.      On June 28, 2010, in *Hendricks & Lewis, PLLC v. George Clinton*, Civil Action No. C10-0253-JCC (W.D. Wash.), the Court taxed costs in favor of Hendricks & Lewis and against Clinton in the amount of $940.  A true copy of the Taxation of Costs is attached hereto as **Exhibit O**.

7.      On July 19, 2010, in *Hendricks & Lewis, PLLC v. George Clinton*, Civil Action No. C10-0253-JCC (W.D. Wash.), the Court granted Hendricks & Lewis's motion for an award of attorneys' fees and entered judgment with respect to those fees in the amount of $60,786.50.  A true copy of the attorneys' fees judgment is attached hereto as **Exhibit P**.

8.      In connection with its order and judgment for attorneys' fees, the Court concluded that as the non-prevailing party in the related judicial enforcement proceedings, Clinton was responsible for paying the reasonable fees and costs incurred by Hendricks & Lewis.  A true copy of the Court's Order with respect to attorneys' fees dated July 6, 2010 is attached hereto as **Exhibit Q**.

DEFENDANTS' FIRST AMENDED COUNTERCLAIMS – PAGE 2
CAUSE NO. 2:11-CV-01142-RSL

600117 / 234.0026

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

9.      Clinton has not voluntarily paid any amounts due and owing on the Amended Judgment or the attorneys' fees judgment. All amounts received with respect to the Amended Judgment have been as a consequence of related judicial enforcement proceedings.

10.     Since entry of the foregoing judgments and taxation of costs, Hendricks & Lewis has diligently pursued collection of the judgments and costs.

11.     Under 28 U.S.C. § 1963, Hendricks & Lewis has registered its judgment in the United States District Courts for the Northern District of California, the Central District of California, the Middle District of Tennessee and the Northern District of Florida, all districts where Clinton was believed to have assets subject to levy and execution.

12.     Hendricks & Lewis has levied against known accounts of judgment debtor and Counterclaim-Defendant Clinton in California, Tennessee, Florida and Washington.

13.     In December 2010, Hendricks & Lewis moved for an order of assignment of Clinton's royalties under CAL. CODE CIV. PRO. § 708.510 in the United States District Court for the Central District of California. The motion was denied on September 27, 2011, and Hendricks & Lewis has appealed. Clinton has moved to dismiss the appeal on the ground that the United States Court of Appeals for the Ninth Circuit does not have jurisdiction to hear the appeal. In light of the appeal, the United States District Court for the Central District of California has taken the hearings on levies against royalty payors and Clinton's claims of objection with respect thereto off calendar.

14.     Hendricks & Lewis has filed liens in two suits, each pending in the United States District Court for the Central District of California, in which Clinton is the plaintiff and claims damages: (1) *George Clinton v. Universal Music Group, Inc., et al.*, Case No 2:07-cv-00672-PSG-JWJ (C.D. Cal.); (2) *George Clinton v. Will Adams, et al.*, Case No. 2:10-cv-09476-ODW-PLA (C.D.Cal.). The amount of proceeds from those actions and the amounts that may be available to satisfy Hendricks & Lewis's judgments are uncertain. Other

DEFENDANTS' FIRST AMENDED COUNTERCLAIMS – PAGE 3
CAUSE NO. 2:11-CV-01142-RSL

600117 / 234.0026

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

attorneys who have represented Clinton have also asserted interests in or claims to the proceeds from these lawsuits.

15.     To date, Hendricks & Lewis has recovered and applied to payment of the May 28, 2010, Amended Judgment $283,501.80, leaving a balance due on the judgment of $1,402,517.15 as of November 18, 2011.  A computation of the balance due as of November 18, 2011, is attached hereto as **Exhibit R**.  Nothing has been recovered or paid on the judgment for attorneys' fees of $60,786.50.

16.     Hendricks & Lewis lacks knowledge and information sufficient to identify other assets available to satisfy and possible avenues of collection to satisfy the judgment debt Clinton owes it.

17.     Hendricks & Lewis continues to search for assets and possible avenues of collection.

18.     To date Hendricks & Lewis has incurred attorneys' fees from other law firms acting on its behalf to collect from Clinton in California, Tennessee and Florida in the amount of $159,889.62.  In addition, Hendricks & Lewis attorneys have provided services to it in efforts to collect from Clinton.  Hendricks & Lewis anticipates incurring additional fees and costs as it attempts to collect on and enforce its judgments against Clinton.

19.     Concurrent with the filing of these counterclaims, Hendricks & Lewis applied under RCW 6.17.160(7) for a writ of execution to levy upon intangible personal property of Clinton, and seeks execution by judicial order on such levies as may be made prior to trial in this matter as are not otherwise executed by the United States Marshal.

20.     In particular, Hendricks & Lewis obtained and caused to be served on Clinton a writ of execution on intangible property of Clinton consisting of copyrights in sound recordings in four albums, titled "Hard Core Jollies," "One Nation under a Groove," "Uncle Jam Wants You," and "Electric Spanking War Babies," Clinton's ownership of which was confirmed by Order and Judgment entered June 20, 2005 in *Montes v. Kaplan*, CV03-8955-R

DEFENDANTS' FIRST AMENDED COUNTERCLAIMS – PAGE 4
CAUSE NO. 2:11-CV-01142-RSL

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

600117 / 234.0026

(C.D. Cal.); said Order and Judgment was thereafter recorded with the United States Copyright Office, document numbers: V3539D214 (complete document at number V3539 D214 P1-6) and V3542D883 (complete document at number V3542 D883 P1-11).

21.     The writ of execution with the return of the United States Marshal is attached hereto as **Exhibit S**.

22.     Hendricks & Lewis has acted to perfect its levy and claim of lien under RCW 6.17.160(7).

## FIRST COUNTERCLAIM FOR RELIEF

### Creditor's Bill in Equity

23.     Hendricks & Lewis realleges and incorporates by reference the allegations of paragraphs 1 through 22 as if fully set forth herein.

24.     All of Clinton's assets, including without limitation his copyright interests, are subject to payment of his judgment debt to Hendricks & Lewis.

25.     The Court has general equitable authority to assist a judgment creditor to reach and apply any and all nonexempt assets of a judgment debtor to the payment of the judgment debt and to order the assignment and sale of Clinton's copyright interests for the payment of the judgment debt to Hendricks & Lewis.

26.     By creditor's bill in equity, Hendricks & Lewis seeks equitable execution directing assignment and sale of Clinton's interests in his copyright interests to the extent necessary to satisfy Hendricks & Lewis's judgment against him.

## SECOND COUNTERCLAIM FOR RELIEF

### Foreclosure of Liens in Clinton's Interests in Copyrights
### and Order of Sale

27.     Hendricks & Lewis realleges and incorporates by reference the allegations of paragraphs 1 through 26 as if fully set forth herein.

28.     Hendricks & Lewis claims a lien in Clinton's copyright interests.

---

DEFENDANTS' FIRST AMENDED COUNTERCLAIMS – PAGE 5
CAUSE NO. 2:11-CV-01142-RSL

600117 / 234.0026

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

29.     A lien in Clinton's copyright interests should be foreclosed to the extent necessary to satisfy in full his judgment debt to Hendricks & Lewis.

## PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Hendricks & Lewis prays for the following relief:

30.     An order, pursuant to RCW 6.32.010 *et seq.*, directing Clinton to appear for a debtor's examination to identify assets, including without limitation any and all copyrights in which he holds an interest including any reversionary rights and any renewal rights.

31.     Foreclosure of Hendricks & Lewis's lien on Clinton's copyright interests.

32.     An order of the Court directing assignment and sale of Clinton's copyright interests in the titles "Hard Core Jollies," "One Nation under a Groove," "Uncle Jam Wants You," and "Electric Spanking War Babies," to the extent necessary to satisfy his judgment debt to Hendricks & Lewis.

33.     A creditor's bill and equitable execution directing assignment and sale of Clinton's interests in copyrights as alleged herein to the extent necessary to satisfy his judgment debt to Hendricks & Lewis.

34.     A judgment for Hendricks & Lewis's fees incurred in enforcing the arbitration award and judgments obtained, all as alleged herein.

35.     Such other and further relief as the Court deems just and equitable.

DATED this 9th day of December, 2011.

Respectfully submitted,

FORSBERG & UMLAUF, P.S.

By: _____
    Roy A. Umlauf, WSBA #15437
    Jeffrey T. Kestle, WSBA #29648
    901 Fifth Avenue, Suite 1400
    Seattle, Washington 98164-2050
    Telephone: (206) 689-8500
    Email: rumlauf@forsberg-umlauf.com
    Email: jkestle@forsberg-umlauf.com
    Attorneys for Defendants

DEFENDANTS' FIRST AMENDED COUNTERCLAIMS – PAGE 6
CAUSE NO. 2:11-CV-01142-RSL

600117 / 234.0026

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

**CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing DEFENDANTS' FIRST AMENDED COUNTERCLAIMS on the following individuals in the manner indicated:

Lory R. Lybeck
Katherine L. Felton
Lybeck v Murphy, LLP
Fifth Floor Chase Bank Building
7900 Southeast 28th Street
Mercer Island, WA 98040
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via ECF

Jeffrey P. Thennisch
Dobrusin & Thennisch, PC
29 W. Lawrence Street, Ste. 210
Pontiac, MI 48342
( ) Via U.S. Mail
( ) Via Facsimile
( ) Via Hand Delivery
(X) Via ECF

SIGNED this 9th day of December, 2011, at Seattle, Washington.

Shawn G. Menning

DEFENDANTS' FIRST AMENDED COUNTERCLAIMS – PAGE 7
CAUSE NO. 2:11-CV-01142-RSL

600117 / 234.0026

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

# EXHIBIT 6

Case MDL No. 2385   Document 4-9   Filed 05/14/12   Page 125 of 133

**2:11-mc-00180-MJP** Hendricks & Lewis PLLC v. Clinton
Marsha J. Pechman, presiding
**Date filed:** 11/21/2011
**Date of last filing:** 12/06/2011

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:*<br>*Entered:* | 11/21/2011<br>11/22/2011 | Application for Writ of Garnishment |
| | *Filed & Entered:* | 11/22/2011 | Notice of Deficiency |
| | *Filed & Entered:* | 11/22/2011 | Filing Fee Received |
| 2 | *Filed & Entered:* | 11/22/2011 | Writ Issued |
| 3 | *Filed & Entered:* | 11/22/2011 | Notice-Other |
| 4 | *Filed:*<br>*Entered:* | 12/01/2011<br>12/02/2011 | Return of Service by USMO |
| 5 | *Filed & Entered:* | 12/06/2011 | Return of Service by USMO |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/11/2012 13:57:09 | | |
| **PACER Login:** | dt0766 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:11-mc-00180-MJP |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICKS & LEWIS PLLC, a Washington
professional limited liability company,

                    Petitioner, Judgment
                    Creditor

    v.

GEORGE CLINTON, an individual,

                    Respondent, Judgment
                    Debtor,

Case No.

APPLICATION FOR
WRIT OF EXECUTION FOR
LEVY ON INTANGIBLE
PERSONAL PROPERTY,
NAMELY, COPYRIGHTS

Judgment creditor Hendricks & Lewis hereby applies for a writ of execution for levy on

intangible personal property of the judgment creditor George Clinton under RCW 6.17.160. This

application is supported by the Affidavit of Katherine Hendricks filed herewith ("Hendricks

Aff.").

Submitted herewith is the fee of $46.00, payable to the clerk of the above-entitled court.

1.      Petitioner obtained a final Amended Judgment on May 28, 2010, for a money

judgment against the Respondent, George Clinton, in U.S. District Court for the Western District

of Washington, for the sum of $1,675,639.82, plus interest since May 28, 2010, at the applicable

federal judgment rate (the "Judgment"). (*See* Exh. A to Hendricks Aff.) An award of costs of

$940.00 was made on June 28, 2010. (*See* Exh. B to Hendricks Aff.) A judgment for attorneys'

fees in the amount of $60,786.50 was entered on July 19, 2010. (*See* Exh. C to Hendricks Aff.)

APPLICATION FOR WRIT OF EXECUTION - 1
(Case No. _____)
{99301.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

Clinton did not appeal the amended judgment or the judgment for attorneys' fees.

2.       The sum of **$1,402,517.15**, remains due and unpaid on the May 28, 2010

Amended Judgment, which amount includes interest through November 18, 2011, and costs

awarded (interest to be calculated at $14.60 per diem after November 18, 2011) (*See* Exh. D to

Hendricks Aff. regarding calculations detail.)  The judgment of **$60,786.50** for attorneys' fees

remains wholly unpaid.  The unpaid balance of Petitioner's Judgments is summarized as follows:

Unpaid balance of Judgments

| | | |
|---|---|---|
| 1. | Principal and accrued interest through 11/18/11 | $1,402,517.15 |
| 2. | Judgment for attorneys' fees | 60,786.50 |
| 3. | Per diem Interest (at applicable federal judgment rate) from 11/18/11: $14.60 per day | |
| 4. | Costs of execution to be determined | _____ |

**$1,463,303.65**

**plus execution costs**
**plus per diem interest**

3.       Respondent has nonexempt, intangible personal property in the form of music

copyrights (*See* Exh. E attached to Hendricks Aff. for description of copyright interests of

judgment debtor).  By levy of said properties, Petitioner seeks an execution lien on such property

and to perfect such lien by recording in the United States Copyright Office.  Petitioner does not

request sale by the United States Marshal but rather concurrently requests sale by judicial order

in counterclaims filed in *Clinton v. Hendricks & Lewis*, Case No. CV11-01142-RSL.

4.       A judicial lien may be used to encumber a copyright if state law permits.  *In re*

*Peregrine Entm't, Ltd.*, 116 B.R. 194, 203 (C.D. Cal. 1990) (looking to California law which

permits a writ to be levied on "general intangibles").  *See also In re Franchise Pictures LLC*, 389

B.R. 131 (C.D. Cal. 2008).

5.       In Washington, all non-exempt property of the judgment debtor is liable to

execution.  RCW 6.17.090.  Washington law permits levies on all intangible property of the

APPLICATION FOR WRIT OF EXECUTION - 2
(Case No. _____)
{99301.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

judgment debtor.  RCW 6.17.160(7) provides that "intangible personal property may be levied on by serving a copy of the writ on, or mailing it to, the judgment debtor in the manner as required by RCW 6.17.130, together with a description of the property."  Copyrights are intangible personal property.

     6.     Because the property subject to execution is intangible property, Petitioner requests that no indemnification bond for the U.S. Marshal be required.

     DATED at Seattle, Washington, this 21st day of November, 2011.

Hendricks & Lewis, PLLC

     s/ Katherine Hendricks

Katherine Hendricks, WSBA No. 14040
 Attorney for Plaintiff
901 Fifth Avenue, Suite 4100
Seattle, Washington  98164
(206) 624-1933
kh@hllaw.com

APPLICATION FOR WRIT OF EXECUTION - 3
(Case No. _____)
{99301.DOC}

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

# EXHIBIT 7

WAWD CM/ECF Version 4.2-History/Documents Query                       Page 1 of 1

Case 2:12-mc-00841-RSL Document 1-10 Filed 05/14/12 Page 130 of 133
Case MDL No. 2383 Document 1-10 Filed 05/14/12 Page 2 of 5

**2:12-mc-00076-JPD** Hendricks & Lewis PLLC v. Clinton
James P. Donohue, presiding
**Date filed:** 04/20/2012
**Date of last filing:** 04/30/2012

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* *Entered:* *Terminated:* | 04/20/2012 04/23/2012 05/01/2012 | Motion for Judgment Debtor Exam |
| | *Filed & Entered:* | 04/23/2012 | Filing Fee Received |
| 2 | *Filed & Entered:* | 04/23/2012 | Notice-Other |
| 3 | *Filed:* *Entered:* | 04/30/2012 05/01/2012 | Order |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/11/2012 13:59:42 | | | |
| **PACER Login:** | dt0766 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 2:12-mc-00076-JPD |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

The Honorable _____

1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
8                     AT SEATTLE

9

10   HENDRICKS & LEWIS PLLC, a Washington
     professional limited liability company,        No.
11
                              Plaintiff,            MOTION FOR ORDER FOR
12                                                  JUDGMENT DEBTOR
                                                    EXAMINATION (SUPPLEMENTAL
13        v.                                        PROCEEDINGS)

14   GEORGE CLINTON, an individual,                 **Noted For: Ex Parte (same day)**

15                            Defendant.

16

17

18   **I.      RELIEF REQUESTED.**

19          Plaintiff Hendricks & Lewis, PLLC ("H&L") moves the Court for an order directing the

20   judgment debtor, Defendant George Clinton, to appear for supplemental proceedings and to

21   testify under oath concerning his non-exempt property, which may be used to satisfy the

22   outstanding judgment in this action.  H&L requests that the Court set the date for examination

23   for approximately one month from now, at a date and time convenient for the Court or its

24   referee.

25   **II.     STATEMENT OF FACTS.**

26          On February 10, 2010, Plaintiff filed an action in this Court against George Clinton

27   ("Clinton") to confirm an arbitration award in an arbitration held in Seattle and for entry of

28   judgment thereon.  Affidavit of Katherine Hendricks in Support of Motion for Examination of

MOTION FOR ORDER FOR
JUDGMENT DEBTOR EXAMINATION - 1
{134713.DOC }

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

Judgment Debtor (Supplemental Proceedings) ("Hendricks Aff."), ¶ 2.

On May 28, 2010, in *Hendricks & Lewis, PLLC v. George Clinton*, Civil Action No C10-0253-JCC (W.D. Wash.), the United States District Court of the Western District of Washington, The Honorable John C. Coughenour presiding, entered judgment against Clinton and in favor of Hendricks & Lewis PLLC in the amount of $1,675,639.82 (the "Principal Judgment") together with interest on the unpaid balance of .38 percent per annum.

On June 28, 2010, in *Hendricks & Lewis, PLLC v. George Clinton*, Civil Action No C10-0253-JCC (W.D. Wash.), the Court taxed costs in favor of Hendricks & Lewis and against Clinton in the amount of $940. Hendricks Aff., ¶ 4.

On June 19, 2010, in *Hendricks & Lewis, PLLC v. George Clinton*, Civil Action No C10-0253-JCC (W.D. Wash.), the Court granted Hendricks & Lewis's motion for an award of attorneys' fees and entered a judgment for fees in the amount of $60,786.50 ("Attorneys' Fees Judgment). Hendricks Aff., ¶ 5.

Clinton has not voluntarily paid any amounts due and owing on the Principal Judgment, costs or the Attorneys' Fees Judgment. Hendricks Aff., ¶ 6. Through proceedings in the Western District of Washington, the Northern District of California, the Central District of California, the Middle District of Tennessee and the Northern District of Florida, Hendricks & Lewis has received a total of $283,501.80 in payment of costs and partial satisfaction of the Principal Judgment. Hendricks Aff., ¶ 7. The outstanding balance on the Principal Judgment as of April 17, 2012, including accrued interest through that date, after application of receipts to the Principal Judgment and costs, is $1,404,721.75. *Id.* Interest continues to accrue from April 17, 2012 at .38 percent per annum. The attorneys' fees judgment remains wholly unsatisfied, and the outstanding balance is $60,786.50. *Id.*

## III. STATEMENT OF THE ISSUE.

Whether judgment debtor George Clinton should be required to appear to appear at a specified time and place before the Court, or a referee appointed by the Court, to answer concerning the extent and whereabouts of his nonexempt property that may be applied to his judgment debts.

MOTION FOR ORDER FOR
JUDGMENT DEBTOR EXAMINATION - 2
{134713.DOC }

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933

1    ## IV.   EVIDENCE RELIED UPON.

2          This motion is based on the records and files of *Hendricks & Lewis, PLLC v. George*

3    *Clinton*, Civil Action No C10-0253-JCC (W.D. Wash.) and attached Affidavit of Katherine

4    Hendricks in Support of Order for Judgment Debtor Examination (Supplemental Proceedings).

5    ## V.    LEGAL AUTHORITY.

6          This motion is made pursuant to Rule 69, Fed. R. Civ. Pro. and RCW 6.32.010, *et seq.*.

7          Rule 69(a) provides in pertinent part:

8               (1) A money judgment is enforced by a writ of execution, unless the court directs
9               otherwise.  The procedure on execution –and in proceedings supplementary to and
                in aid of judgment or execution—must accord with the procedure of the state
10              where the court is located, but a federal statute governs to the extent it applies.

11              (2) In aid of the judgment or execution, the judgment creditor . . . may obtain
12              discovery from any person—including the judgment debtor—as provided in these
                rules or by the procedure of the state where the court is located.

13         RCW 6.32.010 provides in relevant part:

14              At any time within ten years after entry of a judgment for the sum of twenty-five
15              dollars or over, . . . upon application by the judgment creditor such court or judge
                may, by an order, require the judgment debtor to appear at a specified time and
16              place before the judgment granting the order, or a referee appointed by the judge,
17              to answer concerning the same.

18   ## VI.   PROPOSED ORDER.

          A proposed order granting the relief requested accompanies this motion.
19

20         DATED this 20ᵗʰ day of April, 2012.

21

22                                           HENDRICKS & LEWIS PLLC

23
                                             By:    *Kate Hendricks*
24                                                  Katherine Hendricks, WSBA No. 14040
                                                    901 Fifth Avenue, Suite 4100
25                                                  Seattle, Washington 98164
                                                    Telephone:  (206) 624-1933
26                                                  Facsimile:  (206) 583-2716
                                                    Email:  kh@hllaw.com
27

28

MOTION FOR ORDER FOR
JUDGMENT DEBTOR EXAMINATION - 3
{134713.DOC }

HENDRICKS & LEWIS PLLC
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
TEL: (206) 624-1933