FILED
LODGED
RECEIVED

**MAIL**

JUN 0 4 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENDRICKS & LEWIS, PLLC, | No. C12-00841-MJP |
| Plaintiff, | The Honorable Marsha J. Pechman |
| v. | **CLINTON'S REPLY IN SUPPORT** |
| GEORGE CLINTON, | **OF HIS MOTION TO STAY** |
| Defendant. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|| ||||| ||||| ||||| ||||| ||||| ||||| ||||| |||| |||
| |||||| ||| ||||||| ||||| ||||| || ||||| |||

12-CV-00841-RPLY

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    PRELIMINARY STATEMENT

Defendant George Clinton ("Clinton") moved the Court to temporarily stay further proceedings in this action pending disposition of Clinton's motion before the United States Judicial Panel on Multidistrict Litigation (the "Panel") seeking establishment of a multidistrict litigation ("MDL") proceeding. Contrary to Plaintiff Hendricks & Lewis's ("H&L") baseless claims about Clinton's motivations in filing this motion, Clinton brought this motion for the straightforward reason that a short stay of proceedings in this case is necessary and appropriate to achieve the judicial economies that underlie Section 1407.

H&L relies on three misguided arguments in opposition of Clinton's Motion to Stay. First, H&L argues that it will suffer "severe" prejudice in the event of a temporary stay. Pl. Opp'n. 6, ECF No. 8. Second, Clinton will not suffer "any hardship" absent a stay. *Id.* at 6. Third, a stay will not conserve "significant" judicial resources. *Id.* at 8. None of H&L's arguments are supported by the law or facts.  Accordingly, the Court should grant Clinton's Motion to Stay, especially where this action was not filed until April 20, 2012.

## II.    ARGUMENT

As both parties acknowledge, courts consider three factors in determining whether to issue a stay pending a decision from the Panel:  (1) judicial economy, *i.e.*, whether judicial resources would be saved by avoiding duplicative litigation and inconsistent rulings; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the nonmoving party if the case is stayed. Def. Mot. 2; Pl. Opp'n. 4. Here, contrary to H&L's arguments, all three factors favor a stay.

### A.    A Stay Will Promote Judicial Economy

Contrary to H&L's misguided argument, a stay need not conserve "significant" judicial resources. Pl. Opp'n. 8. Rather, a stay should be issued if the stay achieves gains in judicial economy that outweigh the balance of hardships the parties would suffer from the delay.  *See Mailblocks, Inc. v. Spam Arrest, LLC*, No. 03-0077, 2003 WL 22319080, at *2 (W.D. Wash. June 9, 2003).  A short stay here sufficiently promotes judicial economy by avoiding duplicative litigation and inconsistent rulings.

1    H&L entirely ignores that while Clinton's motion is pending before the Panel, *any* time
2  and resources expended by the Court on this action may be wasted. *See, e.g., U.S. Bank, Nat'l*
3  *Ass'n v. Royal Indem. Co.*, No. 02-0853, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002)
4  (noting that "[i]f the MDL Motion is granted, all of the Court's time, energy, and acquired
5  knowledge regarding this action and its pretrial procedures will be wasted"); *Rivers v. The Walt*
6  *Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (noting that "any efforts on behalf of this
7  Court concerning case management will most likely have to be replicated by the judge that is
8  assigned to handle the consolidated litigation"). Indeed, a short stay here would further judicial
9  economy by obviating the need for multiple courts to deal with the same or similar issues.[1] *See,*
10 *e.g.*, Def. Mot. 3; *Lyman v. Asbestos Defendants*, No. 07-4240, 2007 WL 297296, at *3 (N.D.
11 Cal. Oct. 10, 2007) (granting motion to stay to prevent potential duplication of proceedings); *Am.*
12 *Seafood, Inc. v. Magnolia Processing, Inc.*, No. 92-1030, 1992 WL 102762, at *2 (E.D. Pa. May
13 7, 1992) ("[D]uplicative motion practice and discovery proceedings demonstrate that judicial
14 economy and prejudice to the defendants weighs heavily in favor of a stay.").

15    Here, H&L will have the opportunity to inquire into Clinton's non-exempt property,
16 under oath, in a deposition or through other discovery mechanisms, in the MDL proceeding.
17 Thus, if Clinton's motion before the panel is granted, *any* time and resources expended by this
18 Court in conducting a creditor's examination will be rendered superfluous.

19    H&L incorrectly argues that the risk of inconsistent rulings is "illusory." H&L
20 disingenuously ignores that the Court has discretion to order a debtor, upon examination, to pay
21 money or deliver property to satisfy the judgment. *See* RCW 6.31.010 *et seq.* At no time has
22 H&L represented to the Court that it is not seeking an examination of Clinton as to the issues in
23 any of its various other pending judgment enforcement actions. For example, H&L has not
24 represented that it is not seeking an examination as to Clinton's royalties at issue in the United
25 States District Court for the Central District of California. Likewise, H&L has not declared that
26

---

[1] The parties' dispute as to what constitutes a "pending" action is irrelevant as the parties are in concurrence that
more than one action is pending across more than one judicial district. Moreover, H&L's argument that Clinton's
failure to stay other proceedings is a red herring. Because this action had the most urgent deadline forthcoming,
Clinton, with his admittedly limited resources, filed a motion to stay in this action first.

1  it is not seeking an examination as to Clinton's copyrights at issue in this district. Finally, H&L
2  provides no explanation as to how or why it has delayed asking for any type of "examination" in
3  these other actions that H&L itself filed – including the California action which H&L filed on
4  December 27, 2010 – nearly 18 months ago. Thus, the risk of inconsistent rulings is real and the
5  prospect of some type of forum shopping is apparent[2]. Indeed, H&L's initial motion upon which
6  the Court entered its Order requiring Clinton to originally appear on May 30, 2012 does not
7  specifically mention H&L's various other pending actions.   To the extent, H&L is truly merely
8  seeking to have Clinton testify as to its non-exempt property with no ruling from this Court, this,
9  itself, is a waste of judicial resources.

10         Finally, H&L claims that Clinton's motion before the panel is "unlikely to succeed." As
11  an initial matter, the chance of success is not a driving factor considered by courts in the stay
12  analysis. *See, e.g., Mailbocks*, 2003 WL 22319080, at *2 ("Litigation should be stayed to permit
13  the MDL Panel to decide a motion to consolidate if the stay would achieve gains in judicial
14  economy and consistency that outweigh the prejudice the parties would suffer from the delay");
15  *Fuller v. Amerigas Propane, Inc.*, Nos. 09-2493, 09-2616, 2009 WL 2390358, at *2 (N.D. Cal.
16  Aug. 3, 2009) (staying case pending Panel ruling "primarily" on the basis of "judicial economy"
17  because there was "simply no reason for [the] Court to expend its time and energy on these cases
18  until the pending motion before the MDL panel is resolved").   Moreover, H&L ignores
19  numerous MDL opinions confirming that the pendency of merely two actions is sufficient to
20  warrant transfer and centralization under 28 U.S.C. § 1407.  Pl. Mot. 1-2.

21         An MDL proceeding will permit one judge to resolve efficiently all issues surrounding
22  H&L's judgment enforcement actions. This is especially relevant where Fed.R.Civ.P. 69(a)
23  allows a creditor to pursue relief under state law and H&L is actively pursuing such measures
24  under the laws of California, Florida, and now Washington. Accordingly, a temporary stay here
25  sufficiently promotes judicial economy and some fundamental fairness.

26

27  [2] This action was filed in Washington on April 20, 2012, yet none of H&L pleadings in this
    action explain its own failure and delay to seek such an examination in any of the other and
28  earlier filed actions against Clinton, which are all based upon the same judgment.

**B.     H&L Will Not Be Prejudiced By A Stay**

  H&L does not dispute that it will suffer minimal, if any, prejudice from a slight delay in *this proceeding*. Nor does H&L dispute that it has yet to invest significant time and resources in *this proceeding*. Instead, H&L states that it will suffer "severe" prejudice if a stay is issued based upon the undisputed fact that judgment against Clinton was entered "almost two years ago." However, H&L itself did not file this action – which is what is sought to be stayed – until April 20, 2012. H&L ignores that itself, not Clinton, controls the timing in which this action was brought. H&L also offers no authority for the proposition that a court should look outside the context of this action in determining the prejudice a party will suffer from issuance of a stay.

  Moreover, H&L's misguided contention is not supported by its own actions. First, in the two years since receiving a judgment in its favor, despite its various judgment enforcement actions, H&L has never bothered to take Clinton's deposition or schedule a creditor's exam in such actions. Second, just last month, in a judgment enforcement action that H&L has appealed to the Ninth Circuit, H&L requested and received a fourteen day extension to file its opening brief. Third, despite receiving a November 22, 2011 writ of execution on Clinton's copyright interests from this Court in a separate judgment enforcement action, H&L did not serve Clinton with the United State Copyright Office Certificate of Recordation until April 11, 2012. This is an important point, why the delay in such service if H&L was experiencing such harm? Fourth, despite being well aware of Clinton's residential address, H&L elected to wait more than two weeks to effectuate proper service on Clinton of this Court's Order requiring Clinton to appear on May 30, 2012. The foregoing are merely some of the examples in which H&L's own conduct demonstrates that it cannot legitimately maintain that it will be "significant[ly] harm[ed]" or "severe[ly]" prejudiced by a brief delay while the Panel decides Clinton's motion. Indeed, the next hearing in which the Panel may decide Clinton's motion is on July 26, 2012 – courts have routinely noted that such a slight delay is insufficient prejudice. *See, e.g., Brandt v. BP, P.L.C.*, No. 10-04160, 2010 WL 2802495, at *2 (D.S.C. July 14, 2010) (explaining that "[a] delay of a few months … is … slight when compared to the hardship to the defendants and the interests of judicial economy").

C.    **Clinton Will Suffer Hardship Absent A Stay**

Despite acknowledging a three-factor test in determining whether to issue a stay pending disposition of a decision by the Panel, H&L argues that Clinton is "required" to make out a clear case of hardship if there is any chance that H&L will be injured. Pl. Opp'n. 4-5 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). H&L's reliance on *Landis* is misplaced. In *Landis*, a defendant in two separate actions brought by *different* plaintiffs, moved to stay one action pending resolution of the other. *Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both"); *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1998) (holding that "[t]he considerations counseling moderation in *Landis* do not apply in this case where the stay is to await arbitration and the party objecting to the stay is also a party to the arbitration"); *SanDisk Corp. v. Phison Electronics Corp.*, 538 F. Supp. 2d 1060, 1065-66 (W.D. Wis. 2008) (concluding that "when a parallel proceeding serves as the basis for a stay and the only potential 'damage worked' is to parties to both proceedings, there is no need for a party requesting a stay to make a special showing of hardship under *Landis*").

Here, H&L and Clinton are parties to this action as well as the MDL proceeding. H&L is not being forced to "stand aside" while other litigants settle a rule of law that affects its rights. Accordingly, in this context, Clinton is not required to demonstrate a special showing of hardship under *Landis*.

Even if this Court decides the special hardship requirement of *Landis* is applicable in this context, Clinton has adequately shown that he will suffer hardship and inequity absent a stay. Indeed, for the same reasons that a stay promotes judicial economy, if this case were permitted to proceed, Clinton would be required to litigate the same issues and be subject to the same discovery in this Court as the transferee court. Not only would duplicative litigation lead to unnecessary and burdensome costs, it would expose Clinton to potentially inconsistent rulings. Moreover, requiring Clinton to appear in this Court on such short notice from the time of proper effectuation of service in a forum across the country from his residential address is especially prejudicial.

1         In the alternative, Clinton asks for a brief extension of this Court's Order requiring

2    Clinton to appear on June 12, 2012 to allow him to find required local counsel under the rules of

3    the U.S. District Court for the Western District of Washington so that he may have legal

4    representation at any creditor's examination for purposes of due process. In this regard, Clinton

5    states that he is in contact with pro bono personnel of the King County Bar Association and other

6    potential pro bono resources in the Seattle, Washington area to determine if he would qualify

7    under any existing programs.

8    **III.    CONCLUSION**

9         For the reasons stated in Clinton's Motion to Stay and in this Reply, Clinton respectfully

10   requests the Court to temporarily stay further proceedings in this action pending disposition of

11   Clinton's motion before the Panel.

12

13   Dated:   May 31, 2012                    Respectfully submitted,

14                                      GEORGE CLINTON

15                                      By:

16                                      Appearing *Pro Se*

17                                      George Clinton

18                                      1300 Hendrix Road

19                                      Tallahassee, Florida 32301-4904

                                   (832) 264-0428

20                                      legal@georgeclinton.com

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2012, a copy of the foregoing CLINTON'S REPLY IN SUPPORT OF HIS MOTION TO STAY was filed with the Clerk of the Court by regular U.S. mail. Notice of this filing will be served by regular U.S. mail to all parties.

George Clinton

8

George Clinton
C Kunspyfuhzy LLC
1300 Hendrix Rd.
Tallahassee, FL. 32301