UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICKS & LEWIS, PLLC,

    Plaintiff,

    v.

GEORGE CLINTON,

    Defendant.

Case No. C12-0841RSL

ORDER DENYING DEFENDANT'S MOTION TO STRIKE, DISMISS, AND/OR TRANSFER

This matter comes before the Court on plaintiff's "Motion to Strike H&L's Consolidated Pleading for Judgment Enforcement Relief, to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue to the Central District of California." Dkt. # 43. Having reviewed the memoranda, declaration, and exhibits submitted by the parties,[1] the Court finds as follows:

**(1) Motion to Strike Consolidated Pleading**

On August 30, 2012, the Court severed the counterclaims in C11-1142RSL, consolidated them with two other actions, and directed Hendricks & Lewis to file and serve

---

[1] Despite requesting oral argument, defendant declined to file a reply memorandum in support of the relief requested. This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER DENYING DEFENDANT'S MOTION
TO STRIKE, DISMISS, AND/OR TRANSFER - 1

a consolidated pleading in this matter. <u>Clinton v. Hendricks & Lewis</u>, C11-1142RSL, Dkt. # 39.  A consolidated pleading would, of necessity, amend the initial filing.  The purpose of this amendment was to ensure that there was a single operative pleading governing the consolidated action.  The fact that defendant must respond to the amended pleading is a function of the Federal Rules of Civil Procedure, not a nefarious plot on Hendricks & Lewis' part.

      **(2) Motion to Dismiss for Improper Venue**

Plaintiff's claim for assignment and judicial sale of four copyrights owned by Clinton to pay judgments previously entered in this district was originally filed as a counterclaim in a legal malpractice action initiated by Clinton in this district. <u>Clinton v. Hendricks & Lewis</u>, C11-1142RSL, Dkt. # 32.  In that case, Clinton twice objected to venue in this district on the ground that Hendricks & Lewis should not be permitted to seek the same relief in two different courts (C11-1142RSL, Dkt. # 34 and Dkt. # 61), but he failed to show that venue in a district he chose (and where the underlying judgments were entered) was improper (C11-1142RSL, Dkt. # 38).  Under the law of the case doctrine, the Court will not revisit the issue of venue.  In addition, any objection based on 28 U.S.C. § 1400 was waived when Clinton failed to raise the issue in his previous motions to dismiss in C11-1142RSL and in this consolidated action, despite the fact that all relevant substantive facts and applicable law were known to the parties. Fed. R. Civ. P. 12(g)(2) and 12(h)(1).[2]

---

[2] Even if the Court were to consider Clinton's venue argument on the merits, he has failed to show that an action to execute on a judgment arises "under any Act of Congress relating to copyrights." 28 U.S.C. § 1400(a).

ORDER DENYING DEFENDANT'S MOTION
TO STRIKE, DISMISS, AND/OR TRANSFER - 2

**(3) Motion to Transfer Venue**

In the alternative, Clinton requests that the Court transfer this consolidated action to the Central District of California. This requests must be denied under the law of the case doctrine and on its merits: Clinton has not shown that venue in this district is improper or that the convenience of the parties or the interests of justice support, much less require, a transfer.

**(4) Sanctions**

Clinton's repeated motions to dismiss and/or transfer lack merit and appear to be nothing more than a frivolous attempt to delay execution on the judgments entered by the Honorable John C. Coughenour in 2010. At least one of the motions to dismiss was necessitated by plaintiff's initiation of multiple actions, however. The Court finds that sanctions are not appropriate at this time. The filing of additional motions raising issues that have already been decided or arguments that have clearly been waived may, however, result in the imposition of sanctions in the future, including an award of costs and fees.

For all of the foregoing reasons, defendant's motion to strike, dismiss, and/or transfer (Dkt. # 43) is DENIED.

Dated this 27th day of November, 2012.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
TO STRIKE, DISMISS, AND/OR TRANSFER - 3