UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENDRICKS & LEWIS, PLLC,<br><br>   Plaintiff,<br><br>  v.<br><br>GEORGE CLINTON,<br><br>   Defendant. | Case No. C12-0841RSL<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR AN ORDER OF CIVIL CONTEMPT |

This matter comes before the Court on Hendricks & Lewis' "Motion for an Order of Contempt of Court" (Dkt. # 44) and Clinton's "Motion to Strike H&L's Motion for an Order of Contempt or Court or, in the Alternative, to Enlarge/Extend Clinton's Response Deadline" (Dkt. #52). Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

Judgment debtor George Clinton has failed to produce documents as ordered by the Court, apparently in the vain hope that the Court would find his third venue challenge meritorious. The filing of a motion or other request for relief – no matter how well-argued or well-supported – does not automatically continue pending deadlines or alter orders of the Court. In the circumstances of this case, Clinton could have no reasonable expectation that a motion that had already been decided against him would suddenly be

ORDER REGARDING PLAINTIFF'S MOTION
FOR AN ORDER OF CIVIL CONTEMPT- 1

granted or that he was somehow relieved from the disclosure obligations set forth in the June 12, 2012, "Order Directing Defendant George Clinton to Produce Documents and Things." Dkt. # 22.  The failure to make timely disclosures is inexcusable.

The question is what to do now.  Defendant does not seem to understand that he is indebted to Hendricks & Lewis for over $1.3 million dollars, a debt that has been judicially confirmed and is subject to execution.  Strategic maneuvering and delay tactics will not erase the judgments against him.  Clinton's only hope of having a say in the manner in which the outstanding sum is collected and the assets that are liquidated to pay the debt is to fully and completely cooperate in this proceeding by (a) revealing all of his assets, their estimated value, and their location and (b) working with Hendricks & Lewis to ensure that assets are sold in a responsible manner so that he retains as much residual value as possible.  Clinton's current litigation strategy of delay and obstruction is unnecessarily increasing the costs of execution and puts him at risk of having to pay additional attorney's fees and/or sanctions in this matter.

The Court finds that Clinton has failed to comply with the Court's June 12, 2012, order, and in particular, has failed to produce any documentation relating to the following:

Touring proceeds for 2011 and 2012;

Royalties earned and/or accrued in 2011 and 2012 from UMG;

Royalties earned and/or accrued in 2011 and 2012 from Capitol;

Royalties earned and/or accrued in 2012 from EMI;

Royalties accrued in 2011 from SoundExchange;

Royalties accrued in the second half of 2011 and in 2012 from BMI;

Tax returns;

ORDER REGARDING PLAINTIFF'S MOTION
FOR AN ORDER OF CIVIL CONTEMPT- 2

Copyright termination notices; and

Clinton's percentage of ownership of the more than 15 companies in which Clinton has an ownership interest (*e.g.*, The C Kunspyruhzy, LLC, Duudu, LLC, Mother's Hip Connection Education Foundation, Inc., George Clinton Enterprises, Egmitt Productions, A Scoop of Poop Productions, Inc., P-Funk, Inc., Thang, Inc., Clijo Productions, Inc., Disc and Dat, Inc. I and II, Rubber Band Music, Inc., What Production Company, Inc., Tick Free Music Publishing).

In addition, Clinton failed to produce any evidence of his receipt of payments from Fuas Music. Clinton has had ample time to produce the information he was ordered to produce.

Clinton is hereby ORDERED to produce the above-described information by 3:00 pm on December 11, 2012. Failure to comply with this Order by that date and time will result in the imposition of $100 per day penalties against Clinton payable to Hendricks & Lewis PLLC for each day in which the failure continues.

Dated this 27th day of November, 2012.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER REGARDING PLAINTIFF'S MOTION
FOR AN ORDER OF CIVIL CONTEMPT- 3